**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

United States District Court
Southern District of Texas
FILED

MAY 1 5 2002

Michael N Milby Clerk

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; and KATRINA WOODS; | § § § § § § § § § § § | |
| **Plaintiffs** | § § | C.A. No. **M-02-173** |
| vs. | § § § | (Removed from the 93RD Judicial District Court of Hidalgo County, Texas) |
| WARNER LAMBERT COMPANY; PARKE-DAVIS DIVISION OF WARNER LAMBERT COMPANY; PFIZER, INCORPORATED; GERARDO BUESO, M.D.; GLOVER JOHNSON, M.D.; ERIC ORZEK, M.D.; AYAPRAKASH REDDY, M.D.; RAUL RIVERA, M.D.; SHELDON RUBENFIELD, M.D.; SANDRA SCURRIA, M.D.; DARRELL N. STEELE, M.D.; JEANINE H. THOMAS, M.D.; JORGE TREVINO, M.D.; | § § § § § § § § § § § § § § § § | Jury Demanded |
| **Defendants.** | § | |

**DEFENDANTS WARNER LAMBERT COMPANY AND
PFIZER INC.'S NOTICE OF REMOVAL**

Defendants WARNER-LAMBERT COMPANY (on its own and on behalf of its

unincorporated Parke-Davis division) ("Warner-Lambert") and PFIZER INC. ("Pfizer") remove this

action to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§1332, 1441 & 1446, respectfully showing:

**INTRODUCTION**

This is one of at least seven Rezulin pharmaceutical product liability cases that have recently been filed across Texas by the Littlepage & Associates law firm using a "form" state court petition. In this case, thirteen apparently unrelated Texas plaintiffs have asserted causes of action against Warner-Lambert and Pfizer, two diverse pharmaceutical "Manufacturing Defendants." Most (but not all) of the plaintiffs have also sued their prescribing physician under breach of warranty theories.

The Littlepage firm has a history of fraudulently joining non-diverse defendants and employing other manipulative pleading practices in an effort to avoid federal court. This case is no different. For the reasons discussed herein, the non-diverse physician defendants have been fraudulently joined – and Warner-Lambert and Pfizer are removing this case because there is complete diversity between all properly joined parties, and because the plaintiffs' prayer for "$10,000,000 under each cause of action" and for "punitive damages in the amount of $1 Billion each" easily surpasses the federal amount in controversy threshold.

**BACKGROUND**

**The Lawsuit**

1.      This is a pharmaceutical product liability/personal injury case. In their original petition, thirteen plaintiffs contend that they have suffered bodily injuries as a result of using Rezulin, a prescription drug which was manufactured by Warner-Lambert for the treatment of adult

onset (type 2) diabetes. Ten plaintiffs allege that they were prescribed Rezulin by non-diverse physicians who have been named as defendants (collectively the "Physician Defendants").[1]

2.      Plaintiffs have alleged strict product liability, negligence, negligence per se and gross negligence, breach of express and implied warranty, fraudulent concealment and suppression, fraud, negligent misrepresentation, battery, and intentional infliction of emotional distress causes of action against Warner-Lambert and Pfizer (the "Manufacturing Defendants"). *See generally* PLAINTIFFS' FIRST AM. PET. (Exhibit D(2)) at pp. 13-23, ¶¶37-76. Plaintiffs have also asserted breach of express and implied warranty claims against ten prescribing physicians (the "Physician Defendants"), who are all alleged to be Texas residents doing business in Texas. *Id.* at pp. 2-5, ¶¶1-10.

3.      Plaintiffs claim that they have "suffered serious physical injuries which include, but are not limited to, liver damage including death, liver transplantation, elevated liver enzymes, liver enlargement, hepatitis, cirrhosis, jaundice, ascites, portal hypertension [and] hepatic encephalopathy" as a result of their use of Rezulin. *Id.* at p. 23 ("General Damages" section). They are seeking damages for medical costs (past and future), physical pain and suffering (past and future), mental pain and anguish (past and future), and physical impairment. *Id.* at pp. 23-24 ("General Damages" section). They specifically pray for "maximum compensatory damages in the amount of $10,000,000 under each cause of action," and for " punitive damages in the amount of $1 Billion each." *Id.* at p. 24.

---

[1]      Plaintiffs' First Amended Petition names 10 Physician Defendants, but Plaintiffs' have non-suited Dr. Fernando Bueso, Dr. Glover Johnson and Dr. Sheldon Rubenfield, M.D.. See Exhibits D(3), D(14) and D (15). Dr. Gerardo Bueso has been named in place of Dr. Fernando Bueso. Thus, there are currently eight (8) Physician Defendants.

4.     This action was originally filed in state district court in Hidalgo County, Texas, on or about March 14, 2002.  The case has been numbered and styled Cause No. C-521-02-B; *John Allison, et al. vs. Warner-Lambert Company, et al.*; In the 93rd Judicial District Court of Hidalgo County, Texas.  Warner-Lambert and Pfizer were served with a copy of the petition through their registered agent for service in Texas, CT Corporation, on April 15, 2002.

## The Parties

5.     Plaintiffs' petition in this case identifies thirteen separately named plaintiffs. Although they have failed to specifically allege their state of residency or citizenship, upon information and belief all of the named plaintiffs are, and were at the time this action was commenced, residents and citizens of Texas.[2]

6.     Defendant Warner-Lambert Company is, and was at the time this action was commenced, a Delaware corporation which maintains its principal place of business in New Jersey. Parke-Davis, which was named as a separate defendant in this lawsuit, is an unincorporated division of Warner-Lambert, and is not a separate corporation or other legal entity.

7.     Defendant Pfizer Inc. is, and was at the time this action was commenced, a Delaware corporation which maintains its principal place of business in New York.

---

[2]     Contrary to customary pleading practices in Texas, the petition does not specifically allege the residency or citizenship of any plaintiff.  Rather, Plaintiffs' sole mention concerning their residency is that "[v]enue is proper in Harris County, Texas, because part or all of the cause of action accrued in Harris County, Texas or one or more Plaintiffs are residents of Harris County, Texas." *Id.* at p. 4, ¶10.  However, the petition suggests that all Plaintiffs are Texas residents and citizens by alleging that Warner-Lambert and Pfizer "sold, delivered, and/or distributed Rezulin (Troglitazone) for ultimate sale and/or use in the State of Texas by diabetic patients including Plaintiffs." *Id.* at p. 6, ¶15.  Moreover, Plaintiffs assert that each of the Physician Defendants who allegedly prescribed Rezulin to them is a resident citizen doing business in Texas. *See id.* at pp. 2-3, ¶¶1-5.

8.      The Physician Defendants (Gerardo Bueso, M.D., Eric Orzek, M.D., Ayaprakash Reddy, M.D., Raul Rivera, M.D., Sandra Scurria, M.D., Darrell M. Steele, M.D., Jeanine H. Thomas, M.D., and Jorge Trevino, M.D.)[3] all are, and were at the time the action was commenced, resident citizens of Texas who maintained their respective places of business in Texas. *Id.* at pp. 2-5, ¶¶ 1-10.

## BASIS FOR REMOVAL

### Diversity Jurisdiction

9.      This action could have originally been brought in federal court on the basis of diversity of citizenship among the parties because:

(a)      upon information and belief, as discussed above, Plaintiffs all are and were at the time suit was filed residents and citizens of Texas;

(b)      all properly joined defendants are corporations or entities organized under the laws of states other than Texas which maintain their principal offices in states other than Texas; and

(c)      the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

*See* 28 U.S.C. §1332(a).

10.     Removal is proper under federal law since this is a civil action brought in state court over which the federal court has original jurisdiction based on diversity of citizenship.  28 U.S.C. §1441.

---

[3]      As stated above, Dr. Fernando Bueso, Dr. Glover Johnson and Dr. Sheldon Rubenfield have been non-suited.  They, too, were allegedly Texas citizens.

11.     Removal is timely because the case has been removed within 30 days of the date that Warner-Lambert and Pfizer were first served with a copy of Plaintiffs' Original Petition.  28 U.S.C. §1446(a).

12.     The United States District Court for the Southern District of Texas embraces the county in which the state court action is now pending and, thus, this Court is a proper venue for this action pursuant to 28 U.S.C. §124(b).

### FRAUDULENT JOINDER OF THE PHYSICIAN DEFENDANTS

13.     Consistent with its practices in other Rezulin cases, the Littlepage firm has fraudulently joined non-diverse defendants in an attempt to defeat federal diversity jurisdiction.  The non-diverse Physician Defendants in this case have been fraudulently joined on three separate and independent legal grounds.

### Fundamentally Irreconcilable Pleadings

14.     In their petition, Plaintiffs repeatedly allege that the "Manufacturing Defendants," Warner-Lambert and Pfizer, willfully deceived and failed to disclose risks associated with the use of Rezulin – to Plaintiffs, to the federal Food and Drug Administration (FDA), to Plaintiffs' own physicians, to pharmacists, and to the general public.  Among other things, they specifically allege that:

> •       **"Prescribing physicians were purposefully misinformed as to [Rezulin's] safety, efficacy, and potentially serious side effects"** by the Manufacturing Defendants.  *Id.* at p. 10, ¶24.

- "**Manufacturing Defendants falsely and fraudulently kept relevant information from potential [Rezulin] users, and minimized user and prescriber concern regarding the safety of the product.**" *Id.* at p.11, ¶29.

- "**Manufacturing Defendants' strategy has been to aggressively market and sell [Rezulin] by misleading consumers, pharmacists and physicians about Rezulin and/or purposefully downplay and understate the dangers and potential dangers of [Rezulin] to the physicians, the public, and the FDA.**" *Id.* at p. 11-12, ¶30.

- "**Manufacturing Defendants informed physicians, <u>including but not limited to Plaintiffs' prescribing physicians</u>, that Rezulin was a safe and effective product . . . when in reality these representations were false and misleading.**" *Id.* at p. 12, ¶32.

- The Manufacturing Defendants "**deceived users and potential users . . . and minimized user and prescriber concerns regarding the safety of Rezulin . . .**". *Id.* at p. 12, ¶33.

- The Manufacturing Defendants "**[f]ailed to adequately warn users, consumers and physicians about the severity, scope, and likelihood of liver damage and related dangerous conditions to individuals taking Rezulin**" and "**[r]epresented to physicians, <u>including but not limited to Plaintiffs' prescribing physicians</u>, that this drug was safe and effective for use.**" *Id.* at p. 15, ¶40(h), (i).

- "**[D]eceptive marketing representations were made to the FDA, physicians, pharmacists and the public**" by the Manufacturing Defendants. *Id.* at p. 18, ¶51(b).

- The Manufacturing Defendants "**intentionally and deliberately withheld and delayed providing [ ] additional warnings and information from the consuming public and the Plaintiffs concerning Rezulin's toxic effect on the liver. <u>This conduct amounted to fraudulent concealment or suppression of important and pertinent information that was needed by the prescribing physicians to make an informed and appropriate decision about the use of Rezulin and the warnings to pass on to their patients.</u>**" *Id.* at p. 20, ¶60.

(Emphasis added.) The petition is rife with other, similar allegations.

---

16.     Despite these repeated allegations that the "Manufacturer Defendants" willfully deceived and misled Plaintiffs, the FDA, Plaintiffs' doctors, pharmacies, and the public about the risks of Rezulin – indeed, completely contrary to all of their other allegations – Plaintiffs assert that the Physician Defendants "warranted to Plaintiffs that Rezulin was safe and effective when they knew that substantial questions existed with respect to the safety and efficacy of these products." *Id.* at p. 18-19, ¶53.

17.     Plaintiffs' assertions as to the alleged conduct of manufacturing defendants on the one hand and the alleged liability of the treating physicians on the other are not "alternative" theories of liability – they are fundamentally irreconcilable theories of liability that cannot co-exist. Specifically, it is impossible that Plaintiffs' physicians "knew" of potential harmful side effects of an FDA-approved drug if their repeated assertions that the Manufacturing Defendants willfully deceived Rezulin patients, the FDA, treating physicians, pharmacies, and the general public about the risks associated with Rezulin use are taken as true.

18.     Federal courts have recently ruled in the context of a pharmaceutical product liability cases that such inconsistent pleading practices are tantamount to fraudulent joinder. Judge Kaplan, the presiding judge in the consolidated Rezulin Multidistrict proceedings, addressed this issue in *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272 (S.D.N.Y. 2001) ("*Rezulin I*"):

> Plaintiffs . . . allege that the defendant manufacturers and sales representatives "sought to minimize the growing awareness of the drug's harmful effects, by representing to the plaintiff, general public, physicians, and others authorized to dispense said drug, that Rezulin was safe . . ." and that the defendant manufacturers and sales representatives "falsely and fraudulently represented to . . . pharmacists . . . that despite reports from various sources that the Rezulin drug was unreasonably dangerous to its users, the drug was in fact safe . . .". **Thus, the theory underlying the complaints is that the manufacturer defendants hid the dangers of Rezulin**

> **from plaintiffs, the public, physicians, distributors, and pharmacists – indeed,
> from everyone. Plaintiffs' allegations that pharmacists knew and failed to warn
> of the dangers therefore are purely tendentious.**

*Id.* at 290 (italics and footnotes omitted) (bold added).   Similarly, in *Louis v. Wyeth-Ayerst*

*Pharmaceuticals*, No. 5:00CV102LN (W.D.Miss. Sept. 25, 2000), the court found that several

nondiverse pharmacies had been fraudulently joined as defendants in light of the plaintiffs' "specific

allegations of concerted, unabated fraud and concealment by the manufacturer defendants from

virtually everyone":

> [T]he complaint, the major theme of which is the manufacturers' intentional
> concealment of the true risks of the drug(s), coupled with dissemination through
> various media of false and misleading information of the safety of the drug(s) at
> issue, belies any suggestion of knowledge, or reason to know by these resident
> defendants. According to the lengthy and extremely detailed factual allegations of
> the complaint, the product manufacturers had knowledge from numerous sources that
> the drug(s) at issue was unsafe, yet they, in the face of this knowledge, not only
> concealed this information, but affirmatively misrepresented to the FDA, to the
> public, to consumers, to the plaintiffs, to pharmacists, to dispensing entities . . . that
> the product was safe. **In the face of plaintiffs' specific allegations of concerted,
> unabated fraud and concealment by the manufacturer defendants from
> virtually everyone, including pharmacists, no factual basis can be drawn from
> plaintiffs' complaint for their entirely general and conclusory charge that these
> "defendants knew or had reason to know of the risks." Even assuming, then,
> for the sake of argument, that under Mississippi law, there exists the possibility
> that a viable cause of action could be maintained against a pharmacist who had
> knowledge of risks associated with a particular drug or drugs which he failed
> to disclose to his customer, the plaintiffs herein have failed to properly plead
> such a claim.** Accordingly, the court concludes that the pharmacy defendants have
> indeed been fraudulently joined.

*Louis*, slip op. at pp. 5-9 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000))

(emphasis added).  (A copy of the slip opinion in *Louis* is attached as Exhibit A.)

19.    The Hon. Lynn Hughes has recently refused to remand three Rezulin actions that Warner-Lambert removed to the Southern District of Texas' Houston Division on the very same grounds as this case. *Connie Gibson v. Jeffery Rochen, M.D. et al.*, C.A. No. 01-CV-4243 (S.D.Tex. Jan. 8, 2002) (denying remand); *Guadalupe Abrigo v. Warner-Lambert Company et al.*; C.A. No. 02-CV-790 (S.D.Tex. March 18, 2002) (staying case pending final transfer to the Rezulin MDL); *Mitchell Martin v. Warner-Lambert Company et al.*; C.A. No. 02-CV-791 (S.D.Tex. March 18, 2002) (same). (These three cases have been and/or are presently being transferred to the Rezulin MDL proceedings.)

20.    This case presents fraudulent joinder issues virtually identical to the issues that were presented to Judge Hughes in *C. Gibson, Abrigo* and *Martin*, and were addressed by the courts in the *Rezulin I* and *Louis* opinions. For the reasons discussed in those opinions, the nondiverse Physician Defendants have been fraudulently joined in this case.

## No Breach of Warranty Cause of Action

21.    There is an alternative dispositive reason why there is "no reasonable basis to predict [that the Plaintiffs] can establish liability" against the non-diverse Physician Defendants on their breach of warranty claims. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 3993 (5th Cir. 2000) (stating fraudulent joinder standard). Even if Plaintiffs made <u>no</u> allegations against Warner-Lambert and Pfizer, Texas law does not recognize a breach of warranty cause of action against a prescribing physician under these circumstances. The Texas Supreme Court has held that a physician can be liable for express warranty only where the physician specifically warrants a particular result. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 242-43 (Tex. 1994). Plaintiffs' allegations fall far short of the

"guaranteed results" standard required to maintain an express warranty action against the Physician Defendants.  Plaintiffs have no legally viable express warranty claim against the Physician Defendants, and the joinder is therefore fraudulent.

22.     Plaintiffs' implied warranty claim also fails under Texas law.  There is no implied warranty cause of action against a physician relating to a product prescribed or provided by the physician in connection with his or her medical services, unless the plaintiff establishes that the physician was marketing the product apart from his or her rendition of professional services. *Walden v. Jeffery*, 907 S.W.2d 446, 448 (Tex. 1995).  Plaintiffs have not alleged that the Physician Defendants were separately marketing Rezulin apart from their ordinary provision of professional services.  Absent such independent marketing efforts, a claim against a physician relating to a product prescribed or provided in connection with medical services sounds, if at all, in negligence. *Id.*  Yet, Plaintiffs have carefully and deliberately *avoided* pleading a negligence claim against the Physician Defendants under the Texas Medical Liability and Insurance Improvement Act. (TEX. REV. CIV. STAT. ANN. art. 4590i). *See* PLAINTIFFS' ORIG. PET. at p. 6, §III.  Plaintiffs have no legally viable implied warranty claim against the Physician Defendants, and the joinder is therefore fraudulent.

## Sham Joinder; Manipulative Pleading

23.     Finally, Warner-Lambert and Pfizer will show that the Littlepage law firm has a history of engaging in sham joinders, fraudulent and improper joinders, and other manipulative pleading practices and conduct – in this case and other Rezulin cases – that were designed solely to "thwart removal of this case" and deny Warner-Lambert and Pfizer of their legitimate right to a

federal forum. *Martineau v. ARCO Chem. Co.*, 25 F.Supp.2d 762, 765 n.2 (S.D.Tex. 1998), *aff'd* 203 F.3d 904 (5th Cir. 2000) (denying remand).

24.     Among other things, the Littlepage firm's pleading practices are evident on the face of the petition in this case.  For example, they have bundled thirteen apparently unrelated plaintiffs into one lawsuit filed in Hidalgo County – not alleging the residency or citizenship of any plaintiff, but instead baldly asserting that "[v]enue of this case is proper in Hidalgo County, Texas, because . . . one or more plaintiffs are residents of Hidalgo County." *Id.* at p. 6, ¶15.  Yet, the addresses provided for service of citation on the ten Physician Defendants suggests that most of the plaintiffs and the physician defendants have no connection to Hidalgo County (or to each other).[4] *See id.* at pp. 2-5, ¶¶1-10 (identifying physician addresses in Houston, Terrell, Pasadena, Hurst, Ft. Worth and McAllen).

25.     The Littlepage firm also has a history of fraudulently joining non-diverse defendants or otherwise improperly misjoining parties to try to defeat federal diversity jurisdiction in other Rezulin cases.  For example, during a three-week period in August and September 2001, the firm filed seven Rezulin lawsuits, each involving between 40 and 53 Texas plaintiffs, *one* physician defendant who had allegedly prescribed Rezulin for *one* of the dozens of plaintiffs, and a non-diverse pharmacy that was not connected to any plaintiff.[5]  Each of these cases was removed to federal court.

---

[4]     Hurst and Terrell are near Dallas in North Central Texas.

[5]     *Albright et al. v. Warner-Lambert Co. et al.*, C.A. No. 1:01-CV-691 (E.D.Tex.); *Alvarado-Umanzor et al. v. Warner-Lambert Co. et al.*, C.A. No. 1:01-CV-689 (E.D.Tex.); *Askew et al. v. Warner-Lambert Co. et al.*, C.A. No. 1:01-CV-688 (E.D.Tex.); *Barnes et al. v. Warner-Lambert Co. et al.*, C.A. No. 1:01-CV-690 (E.D.Tex.); *Adams et al. v. Warner-Lambert Co. et al.*, C.A. No. 3-01CV1980-M (N.D.Tex.);*Abudei et al. v. Warner-Lambert Co. et al.*, C.A. No. G-01-604 (S.D.Tex.); *D. Baker et al. v. Warner-Lambert Co. et al.*, C.A. No. M-01-246 (S.D.Tex.).

---

At least one federal district judge referred to the Littlepage firm's pleading tactics as "egregious misjoinder." *See* Exhibit L at p. 38 (excerpts from transcript of oral hearing in *Adams et al. v. Warner-Lambert Co. et al.*, C.A. No. 3-01CV1980-M (N.D.Tex.)).

26.     The Littlepage firm has engaged in other practices that evidence forum manipulation. For example, they non-suited non-diverse physician defendants on the eve of trial in two Rezulin cases that have gone to trial in state courts.[6]

27.     In short, Plaintiffs' counsel have consistently demonstrated that they have no intention of pursuing their clients' alleged claims against putative non-diverse defendants to judgment in the Rezulin cases, but instead that their allegations against non-diverse defendants have been made solely for the purpose of thwarting Warner-Lambert and Pfizer's legitimate right to a federal forum.

### Fraudulent Misjoinder of Plaintiffs

28.     In addition to their fraudulent joinder of the Physician Defendants, Plaintiffs have improperly joined (or misjoined) five Plaintiffs. Plaintiffs Benjamin Hathoot, Donald Lavrinc and Lonnie Robinson have been improperly joined since this suit was filed, and Plaintiffs Georgianna Bonner and Katrina Wood are improperly joined as a result of non-suiting Dr. Glover Johnson and Dr. Sheldon Rubenfield. Plaintiffs are not connected to any of the Physician Defendants; thus, they have been improperly joined in a transparent effort to defeat federal diversity jurisdiction as to them.

---

[6]     In an Oklahoma Rezulin case, the plaintiffs moved to non-suit the physician defendant on the eve of trial. *Wakefield et al. v. Warner-Lambert Company*, Case No. CJ-2000-04654; In the District Court in and for Tulsa County, Oklahoma. (See Exhibit J.) In a Missouri Rezulin case, the plaintiffs did not oppose a motion for summary judgment that had been filed by the physician defendant shortly before trial. *Griggs et al. v. Warner-Lambert Company*, Case No. CV100-3957CC; In the Circuit Court of Clay County, Missouri. (See Exhibit K).

The doctrine of improper joinder (or misjoinder) prevents plaintiffs from joining non-diverse defendants in an action where only some of the plaintiffs are asserting claims against those non-diverse defendants. Under FED. R. CIV. P. 20, all plaintiffs must assert at least one claim "that arises out of the same transaction of occurrence or series of transactions or occurrences as the claims of her co-plaintiffs." *In Re Rezulin Prods. Liab. Litig.*, 168 F.Supp.2d 136, 145 (S.D.N.Y. 2001). "Joinder 'of several plaintiffs who have no connection to each other in no way promotes trial convenience or expedites the adjudication of asserted claims.'" *Id.* at 146 (citations omitted). Plaintiffs who assert claims against non-diverse defendants must be severed from plaintiffs who do not assert claims against non-diverse defendants, "so as to preserve the defendant's right to removal in the remaining actions." *Id.* at 148.

## Amount in Controversy

29.     Plaintiffs request "maximum compensatory damages in the amount of $10,000,000 under each cause of action" and "for punitive damages in the amount of $1 Billion each." PLAINTIFFS' FIRST AM. PET. at p. 24. The case exceeds the federal amount in controversy threshold on the face of the petition.

## OTHER MATTERS

## Consent and State Court Notification

30.     Warner-Lambert (including its unincorporated Parke-Davis division) and Pfizer both consent to and join in this removal. The consent of the fraudulently joined Physician

Defendants is not required for removal. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (stating that it is "nonsensical" to require consent from improperly joined parties).

31.     Pursuant to 28 U.S.C. §1446(d), a copy of this notice is being served on all counsel of record, and with the clerk of the Brazoria County district court. (A copy of the state court notification of removal is attached as Exhibit B.)

### Notice of Pendency of MDL Proceedings

32.     On June 9, 2000, the federal Judicial Panel on Multi-District Litigation (the "Panel") issued an order establishing a Multi-District Litigation ("MDL") for all Rezulin lawsuits pending in the federal courts, and transferring all such cases to the United States District Court for the Southern District of New York. (A copy of the order is attached as Exhibit I.) Warner-Lambert and Pfizer intend to notify the Panel that this action is a "tag-along" case that should be transferred to the MDL court.

### Local Rules

33.     Pursuant to Local Rule 81, the following documents are hereby being provided to the Clerk for filing:

        (a)     all executed process in the case (Exhibit C);

        (b)     all pleadings asserting causes of action, *e.g.* petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings (Exhibit D);

        (c)     all orders signed by the state judge (Exhibit E);

Defendants is not required for removal. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (stating that it is "nonsensical" to require consent from improperly joined parties).

31.     Pursuant to 28 U.S.C. §1446(d), a copy of this notice is being served on all counsel of record, and with the clerk of the Brazoria County district court. (A copy of the state court notification of removal is attached as Exhibit B.)

### Notice of Pendency of MDL Proceedings

32.     On June 9, 2000, the federal Judicial Panel on Multi-District Litigation (the "Panel") issued an order establishing a Multi-District Litigation ("MDL") for all Rezulin lawsuits pending in the federal courts, and transferring all such cases to the United States District Court for the Southern District of New York. (A copy of the order is attached as Exhibit I.) Warner-Lambert and Pfizer intend to notify the Panel that this action is a "tag-along" case that should be transferred to the MDL court.

### Local Rules

33.     Pursuant to Local Rule 81, the following documents are hereby being provided to the Clerk for filing:

      (a)     all executed process in the case (Exhibit C);

      (b)     all pleadings asserting causes of action, *e.g.* petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings (Exhibit D);

      (c)     all orders signed by the state judge (Exhibit E);

(d)     the state court docket sheet (Exhibit F);

(e)     an index of matters being filed (Exhibit G); and

(f)     a list of all counsel of record, including addresses,
        telephone numbers, and parties represented (Exhibit H).

### CONCLUSION AND PRAYER

Defendants Warner-Lambert Company and Pfizer Inc. hereby remove this case to federal

court.  Warner-Lambert and Pfizer pray for any and all other relief to which they are entitled.

Respectfully submitted,

By: _____
        Jack E. Urquhart          by perm. M.Gawtois
        Texas Bar No. 20415600
        Federal I.D. 2082

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEYS-IN-CHARGE FOR
DEFENDANTS WARNER-LAMBERT
COMPANY AND PFIZER INC.**

**Of Counsel:**

David C. Garza
State Bar No. 07731400
Federal I.D. 3778
**GARZA & GARZA, L.L.P.**
680 East St. Charles, Suite 300
Brownsville, Texas 78522
Telephone: (956) 541-4914
Facsimile: (956) 542-7403

### CERTIFICATE OF SERVICE

I hereby certify that this notice of removal was served via certified mail, return receipt requested, on all known counsel of record on May 15, 2002.

Zoe B. Littlepage
Chetna Gosain
Joshua H. Brockman
Brett Slobin
LITTLEPAGE & ASSOCIATES, P.C.
408 Westheimer
Houston, Texas 77006

Jose L. Gamez
MEREDITH, DONNELL & ABERNATHY
Water Tower Centre
612 Nolana, Suite 560
McAllen, Texas 78504

Michael L. Hurst
Frank Alvarez
HERMES SARGENT BATES L.L.P.
1717 Main Street, Suite 3200
Dallas, Texas 75201

Ann P. Watson
Raymond A. Neuer
James W.K. Wilde
SHEEHY, SERPE & WARE
2500 Two Houston Center
909 Fannin
Houston, Texas 77010-1003

_Maria Jorit Courtois_
Maria Jorit Courtois

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JOHN ALLISON, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | **C.A. No. _____** |
| | § | |
| **vs.** | § | **(Removed from the 93rd Judicial District** |
| | § | **Court of Hidalgo County, Texas)** |
| **WARNER LAMBERT COMPANY et al.,** | § | |
| | § | **Jury Demanded** |
| **Defendants.** | § | |

## INDEX OF MATTERS BEING FILED

*Louis v. Wyeth-Ayerst Pharmaceuticals*, No. 5:00CV102LN
(W.D.Miss. Sept. 25, 2000) ........................................... Exhibit A

State Court Notification of Removal ........................................ Exhibit B

All Executed Process on File .............................................. Exhibit C

Pleadings Asserting Causes of Action and All Answers to Such Pleadings .......... Exhibit D

All Orders Signed by the State Judge ...................................... Exhibit E

State Court Docket Sheet ................................................. Exhibit F

Index of Matters Being Filed .............................................. Exhibit G

List of All Counsel of Record ............................................. Exhibit H

Order Establishing the Judicial Panel on Multidistrict Litigation (MDL 1348) ....... Exhibit I

Dismissal filed in *Wakefield v. Warner Lambert Company,* Case No. CJ-2000-04654;
In the District Court in and for Tulsa County, Oklahoma ....................... Exhibit J

Excerpt from Plaintiff's Response to Defendant Michelle Orr's Motion for
Summary Judgment filed  in, *Griggs et al. v. Warner-Lambert Company*,
Case No. CV100-3957CC; In the Circuit Court of Clay County, Missouri .......... Exhibit K

Excerpt from Oral Hearing in *Adams et al. v. Warner-Lambert Company*,
C.A. No. 3-01CV1980-M (N.D.Tex.) ...................................... Exhibit L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FILED

SEP 2 5 2000

MARGIE LOUIS, PEARLIE COX, MARY
DOTTOREY, OTIS ABRON, GLORIA LOTT,
EARL PIGG, MARION WEATHERS AND KATHY
ROBERTS                                              PLAINTIFFS

VS.                                 CIVIL ACTION NO. 5:00CV102LN

WYETH-AYERST PHARMACEUTICALS. INC. F/K/A
WYETH-AYERST LABORATORIES, A DIVISION OF
AMERICAN HOME PRODUCTS, INC.; WYETH
LABORATORIES. INC.. A.H. ROBBINS COMPANY,
INC., AMERICAN HOME PRODUCTS. INC.
POLK'S DISCOUNT DRUGS, INC.; ECONOMY DRUG
STORE. INC.; BRANDON DISCOUNT DRUGS, INC.;
KING'S DISCOUNT DRUGS, INC.; FORREST BRATLEY,
JR.; SUSAN BODNE; CHRIS L. LUCKETT; LESTER A.
LALA; CHARLES CARTER, JR.; GINA SABBATINI;
SCOTT M. BOONE; VICTOR E. RUSSELL; JIMMY ROBINSON,
JR.; JEWELL E. NORMAN; MCR PHARMACEUTICALS INC.,
A/K/A AMERICAN PHARMACEUTICALS. INC. A/K/A
MCR/AMERICAN PHARMACEUTICALS, INC.; JONES
MEDICAL INDUSTRIES, A/K/A ABANA PHARMACEUTICALS,
INC.; QUALITEST PRODUCTS, INC.; SEATRACE
PHARMACEUTICALS, INC.; EON LABS MANUFACTURING,
INC.; FISONS CORPORATION; GATE PHARMACEUTICALS;
INTERNEURON PHARMACEUTICALS, INC.; MEDEVA
PHARMACEUTICALS, INC.; RUGBY LABORATORIES,
INC.; SMITHKLINE BEECHAM CORPORATION;
AND ECKERD CORPORATION                               DEFENDANTS

ORDER

This cause is before the court on the motion of plaintiffs to
remand this case to the Circuit Court of Claiborne County,
Mississippi. Defendants have responded in opposition to the motion
and the court, having considered the memoranda of authorities
submitted by the parties in the light of plaintiffs' complaint in
this cause, concludes for reasons to follow that plaintiffs' motion
should be denied.

Plaintiffs. like many others throughout this country, brought
this action to recover damages for injuries they claim to have

AO 72A
(Rev. 8/82)

suffered as a result of their taking the diet drugs Pondimin, Redux
(also known by fenfluramine and dexfenfluramine, respectively)
and/or Phentermine.  The plaintiffs herein, Mississippi residents,
filed their suit in Mississippi state court, and in addition to
suing the manufacturers of these drugs, all of which are of diverse
citizenship from plaintiffs, and another diverse company, Eckerd
Corporation, which is alleged to have distributed, marketed and
promoted these drugs, plaintiffs sued a number of Mississippi
pharmacies (Polk's Discount Drugs, Inc., Economy Drugs of
Greenwood, Inc., Liberty Drug Store, Brandon Discount Drugs, Inc.
and King's Discount Drugs) and a multitude of other Mississippi
residents (Forest Bratley, Jr., Susan Bodne, Chris L. Luckett,
Lester A. Lala, Charles Charter, Jr., Gina Savatini, Scott M.
Boone, Victor E. Russell, Jimmy L. Robinson, Jr. and Jewell E.
Norman) who were employed as sales representatives for one or
another of the defendant drug companies.  Defendants, contending
that all of the Mississippi defendants were fraudulently joined,
removed the case to this court on the basis of diversity of
citizenship, following which plaintiffs filed their present motion
to remand.

     The standard for evaluating claims of fraudulent joinder is,
of course, well known by all of the parties, as well as by the
court; and the court, having given due consideration to that
standard on the basis of the complaint filed by plaintiffs in this
cause, concludes that plaintiffs have no possibility of recovery
against any of the nondiverse defendants.

2

AO 72A
(Rev.8/82)

The complaint filed by plaintiffs in this cause includes, so far as the court can tell, ten counts, numbered and headed as follows:

Count I:   Strict Product Liability
Count II:  Failure to Warn
Count IV:  Negligence
Count I:   Strict Product Liability (Defective Design) Against the AHP Defendants
Count II:  Strict Product Liability (Failure to Warn) Against All Defendants
Count III: Negligence Against All Defendants
Count IV:  Fraud and Misrepresentation Against All Defendants
Count V:   Wantoness
Count VI:  Fraud, Misrepresentation and Suppression
Count VI:  Conspiracy[1]

A premise of each count that can reasonably be construed as having been asserted against the resident pharmacy defendants[2] is knowledge on the part of these defendants of the dangers posed by

---

[1]   It appears that plaintiffs may have taken two complaints from other cases and attempted to combine them into a single complaint, amending the content as needed for this case.  That would explain why they have asserted their causes of action in this duplicate fashion, and why the complaint begins on page one, continues through page 19 (skipping page 18), and then picks up on a new and different page 2 and continues on through page 64, and contains two sections (each somewhat different) for each of the headings, "Parties", "Jurisdiction" and "General Allegations"/"Factual Allegations."

[2]   Plaintiffs' claims of wantoness and conspiracy, while nominally asserted against "defendants", is clearly not directed toward the pharmacy defendants, as the substance of these counts utterly belies any conclusion that these defendants are a target of these counts.  See Badon v. RJR Nabisco Inc., No. 98-30942, 2000 WL 115424, at *7 (5th Cir. Aug. 16, 2000) (noting that "[w]hile the amended complaint does often use the word `defendants,' frequently it is evident that such usage could not be referring to the "Tobacco Wholesalers.'").

3

the subject drugs.[3]  Yet, and notwithstanding the fact that the

complaint in places may allege or allude generally to knowledge

possessed by the "defendants,"[4] it is plain that the complaint on

the whole cannot reasonably and legitimately be construed as

alleging any factual basis for the conclusion that any of the

---

[3]    Generally speaking, under Mississippi's Products
Liability Act, Miss. Code Ann. § 11-1-63, liability of a product
seller may be based on a theory of defective design or inadequacy
of warning/failure to warn.  Either theory requires proof of
knowledge on the part of the seller.  See Miss. Code Ann. § 11-1-
63(f) ("In any action alleging that a product is defective because
of its design . . ., the manufacturer or product seller shall not be
liable if the claimant does not prove by the preponderance of the
evidence that at the time the product left the control of the
manufacturer or seller; (i) [t]he manufacturer or seller knew, or
in light of reasonably available knowledge or in the exercise of
reasonable care should have known, about the danger for which
recovery is sought. . . ."); Miss. Code Ann. § 11-1-63(c)(i) ("In
any action alleging that a product is defective because it failed
to contain adequate warnings or instructions . . . the manufacturer
or seller shall not be liable if the claimant does not prove by a
preponderance of the evidence that at the time the product left the
control of the manufacturer or seller, the manufacturer or seller
knew or in light of reasonably available knowledge should have
known about the danger that caused the damage for which recovery is
sought. . . .").  Thus, even if the "learned intermediary"
doctrine, which is incorporated into the statute, see Miss. Code
Ann. § 11-1-63(c)(ii), were not an impediment to recovery, the
absence of an allegation that a defendant knew, or had reason to
know, of the product defect dooms any claim for defective design or
lack of adequate warning.  Likewise, knowledge, or a reason to
know, is also a necessary requisite for any claim of failure to
warn or negligence that a plaintiff might undertake to assert
extraneous to a claim under the Products Liability Act itself
(assuming solely for the sake of argument that such a claim could
exist).  An essential element of a claim of fraud is knowledge of
the falsity of the representation; and regarding any claim of
omission of facts, a person obviously cannot disclose what he does
not and cannot know.

[4]    They allege, for example, that the drugs "were marketed
to be used in combination which was known to the Defendants to
cause harmful side effects which outweighed any potential utility."

4

pharmacy defendants had any knowledge or reason to know of any of
the dangers associated with the product(s) of which plaintiffs
contend they were unaware.  Quite to the contrary, the complaint,
the major theme of which is the manufacturers' intentional
concealment of the true risks of the drug(s), coupled with
dissemination through various media of false and misleading
information of the safety of the drug(s) at issue, belies any
suggestion of knowledge, or reason to know by these resident
defendants.  According to the lengthy and extremely detailed
factual allegations of the complaint, the product manufacturers had
knowledge from numerous sources that the drug(s) at issue was
unsafe, yet they, in the face of this knowledge, not only concealed
this information, but affirmatively misrepresented to the FDA, to
the public, to consumers, to the plaintiffs, to pharmacists, to
dispensing entities, and even to AHP's own business partner, that
the product(s) was safe.[5]  In the face of plaintiffs'

_____

[5]    By way of example only, plaintiffs allege variously that:
"Plaintiffs and/or their prescribing physicians and other
dispensing entities justifiably relied on and/or were
induced by the misrepresentations and/or active
concealment of Defendants to her detriment."

"These defendants, having undertaken the manufacturing,
marketing, prescription dispensing, distributing and
promotion of the diet drugs described herein owe a duty
to provide the Plaintiffs, and physicians, regulators and
others upon whom it was known by Defendants that the
plaintiffs would rely, accurate and complete information
regarding its products."

"AHP was put on notice . . . that the . . . labeling was
probably inadequate and needed to be revised. . . .
[D]espite this warning. . . no changes were made to the
labeling between 1990 and mid-1996. . . . [AHP was

5

motivated] to conceal the safety hazards of [its products]. . . . [A]lthough an FDA official warned that there were too many adverse reaction reports . . . and that he wanted AHP DEFENDANTS to discourage combination use, the Defendants did not actively discourage the use of Fen-Phen.

[AHP knew as early as 1991 that the warning on the Pondimin labeling from 1987 through 1996] was false and misleading . . [y]et . . . AHP did nothing to strengthen the warning language about PPH. . . . AHP deliberately chose not to make any change to the labeling in the summer or Fall of 1994, but chose to provide false and misleading information in its product labeling for Pondimin.

By [February of 1995], APH was already concerned the FDA might require to have a black box warning about PPH in the Redux labeling and it had conducted market research which showed that with a black box warning, Redux sales could only be a fraction of what AHP hoped for. [AHP] was fully aware that its warning about PPH in the Pondimin labeling was inadequate.

AHP DEFENDANTS believed it was in their best interest to have consumers uninformed about the deadly risk of PPH. . . . The PHENTERMINE DEFENDANTS also sought to keep consumers and prescribing physicians uninformed about the true risk of PPH. . . . Although [the risks of PPH] were known to phentermine manufacturers around the world, these manufacturers actively concealed this fact from prescribing physicians and consumers, including the Plaintiffs and their prescribing physicians, and misrepresented the risk of PPH by failing to place any such warning in the package insert. . . . [B]y failing to disclose [the facts], the package insert for fenfluramine implicitly and falsely stated to the Plaintiffs' prescribing physicians that it could be prescribed in combination with phentermine.

[From 1993 through 1995] [the] AHP defendants received further information [about risks of valvular heart disease] - yet chose to ignore it. . . . [T]he PHENTERMINE DEFENDANTS [also] began to receive reports [of] VHD. Defendants failed to obtain any more information about these reports. . . . AHP DEFENDANTS did not even report many of these cases to FDA. AHP DEFENDANTS should have regarded the 1994-1995 reports of VHD as an early warning signal of what was likely to

6

happen in the U.S.  However, because of its desire to conceal safety problems and not derail the exponential growth of Pondimin or the pending approval of Redux . . . AHP DEFENDANTS chose . . . not to report the VHD problem [to FDA]. . . .   AHP DEFENDANTS mischaracterized many of the reports as "non-serious" and did not report them to FDA, to the Plaintiffs, or to the Plaintiffs' prescribing physicians.
AHP DEFENDANTS did not change the Pondimin labeling regarding PPH because to do so would have threatened its diet drug business.

[AHP marketing programs] contained false and misleading information and/or material omissions about the true risks . . .and the supposed benefits. . . .   The text of one AHP document . . . falsely states "Redux is a safe and effective product." [AHP, through its sales force] fed false and misleading information and/or material omissions about the true risks . . . [to doctor advocates, whose job it was to promote AHP's products to other physicians].

The "best case" for the company's sales was if consumers were unaware of the risk of PPH and physicians chose not to enlighten them.

AHP DEFENDANTS [knew of problems] but decided to say nothing of those problems to physicians, patients or the FDA. . . .  AHP DEFENDANTS withheld critical information from the FDA Advisory Committee, the Plaintiffs, and the Plaintiffs' physicians, about the risks of VHD.

AHP DEFENDANTS, knowing that its market research demonstrated that [a black box] warning would destroy sales, adamantly resisted the black box warning requested by FDA and any other restrictions on the use of Redux.

[An internal memo authored by an AHP executive stated] "[E]very attempt will be made to ensure that no 'Black Box' warnings, restrictions of use or negative statements find their way into the Redux labeling."
[After a leading researcher in the field of PPH appeared on the Today show expressing concerns, he was threatened by AHP's medical director and] never again spoke to the media about his concerns about the safety of Redux.

AHP made matters worse by having its paid consultants write an editorial minimizing the risk of PPH with diet drugs which was published in the New England Journal of

7

Medicine without the authors disclosing that they were paid consultants for the company.   In addition, AHP DEFENDANTS sent out a misleading press release regarding the IPPES study, which also tended to downplay the risk of PPH.

AHP did everything in its power to obscure the true scope of the problem from the Mayo Clinic, Interneuron, FDA and the public as long as it could.
. . .   [R]ather than coming clean about the knowledge in its possession for about two years, AHP continued to withhold that information and feigned total surprise [when a Mayo Clinic physician reported to AHP that she had discovered VHD in a number of patients who had been using Fen-Phen].

Worried about a leak of information to the general public and prescribing physicians, AHP DEFENDANTS tried to keep IPI (its business partner) in the dark about the Mayo Clinic findings. . . .AHP [attempted] to conceal information about the VHD problem from even its own business partner for as long as possible.

AHP DEFENDANTS continued their policy of hiding information about the risk of VHD even up to the day that FDA told the company that it should take Pondimin and Redux off the market.

[Pursuant to a conspiracy between] AHP DEFENDANTS and ECKERD, false and fraudulent information was provided to pharmacists, consumers, and prescribing physicians about the risks and supposed benefits of these drugs.  Upon information and belief, and in furtherance of the conspiracy, AHP Defendants and Eckerd supplied false and misleading marketing and promotional material and programs to unsuspecting pharmacists and prescribing physicians. . .   Eckerd [agreed that it would] take "no action, including but not limited to telephone calls or written communication to physician providers or pharmacies regarding specific prescriptions, that [would] adversely affect utilization" [of AHP's products].. . . .
Upon information and belief, [certain "patient education programs" and "provider education programs" worked on by Eckerd and Wyeth-Ayerst jointly] provided false and misleading information about [the drugs].
Eon agreed and conspired with various pharmacies and/or AHP Defendants to ensure that the off-label combination use of these drugs could be timely provided to consumers, pharmacists, and prescribing physicians who were deliberately misled as to the safety and efficacy of these drugs

8

specific allegations of concerted, unabated fraud and concealment
by the manufacturer defendants from virtually everyone, including
pharmacists, no factual basis can be drawn from plaintiffs'
complaint for their entirely general and conclusory charge that
these "defendants" knew or had reason to know of the risks. Even
assuming, then, for the sake of argument, that under Mississippi
law, there exists the possibility that a viable cause of action
could be maintained against a pharmacist who had knowledge of risks
associated with a particular drug or drugs which he failed to
disclose to his customer, the plaintiffs herein have failed to
properly plead such a claim.[6] Accordingly, the court concludes
that the pharmacy defendants have indeed been fraudulently joined.

The court also concludes, for the reasons assigned by Judge
William H. Barbour in Beatrice Johnson et al. v. Parke-Davis, A

----

fon agreed and conspired with other manufacturers to
ensure that an adequate supply of phentermine could be
delivered to consumers, pharmacists, and prescribing
physicians who were deliberately misled as to the safety
and efficacy of these drugs, and to the dangers of
prescribing phentermine in combination with fenfluramine.
. . . In furtherance of this conspiracy, prescribing
physicians, consumers, and pharmacists were fed false and
misleading information about fen-phen and Redux. . . .

[6]   See Badon v. RJR Nabisco Inc., 2000 WL 1159424, No. 98-
30942, at *7 (5th Cir. Aug. 16, 2000) (noting that plaintiffs'
conspiracy allegations were "entirely general" and did not allege
"any particular or specific activity, agreement, or state of mind
on the part of either the in-state distributor defendants. . . .
while as to the other defendants the amended complaint is replete
with innumerable specific allegations of particular, identified
activities, . . . .").

9

Division of The Warner-Lambert Co., et al., No. 3:00CV315BN (S.D. Miss. July 21, 2000) (involving the drug Rezulin), that the sales representative defendants have also been fraudulently joined.

Accordingly, for the foregoing reasons, it is ordered that plaintiffs' motion to remand is denied.

SO ORDERED this 25th day of September, 2000.

UNITED STATES DISTRICT JUDGE

CAUSE NO. C--521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; and KATRINA WOODS; | § § § § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs** | § § | |
| vs. | § § | HIDALGO COUNTY, TEXAS |
| WARNER LAMBERT COMPANY, PARKE-DAVIS DIVISION OF WARNER-LAMBERT COMPANY, PFIZER, INCORPORATED, FERNANDO BUESO, M.D.; GLOVER JOHNSON, M.D.; ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D.; RAUL RIVERA, M.D.; SHELDON RUBENFIELD, M.D. SANDRA SCURRIA, M.D.; DARRELL N. STEELE, M.D.; JEANINE H. THOMAS, M.D.; JORGE TREVINO, M.D., | § § § § § § § § § § § § § § § | |
| **Defendants** | § | 93RD JUDICIAL DISTRICT |

## DEFENDANTS WARNER-LAMBERT COMPANY AND PFIZER INC.'S NOTIFICATION OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that defendants Warner-Lambert Company and Pfizer Inc. have

removed this case to the United States District Court for the Southern District of Texas, McAllen

Division. A copy of Warner-Lambert Company's Notice of Removal (exclusive of attachments) is

attached as Exhibit A to this notification.

Respectfully submitted,

By: _____

**Jack E. Urquhart**
Texas Bar No. 20415600 *by perm. Navarro*
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Blvd., Suite 2500
Houston, Texas  77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**David C. Garza**
State Bar No. 07731400
**GARZA & GARZA, L.L.P.**
680 East St. Charles, Suite 300
Brownsville, Texas 78522
Telephone: (956) 541-4914
Facsimile: (956) 542-7403

**ATTORNEY FOR DEFENDANTS WARNER-LAMBERT COMPANY AND PFIZER INC.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Texas Rules of Civil Procedure, on this ___5th___ day of May, 2002.

| | |
|---|---|
| Zoe B. Littlepage | *Via Certified Mail* |
| Chetna Gosain | *Return Receipt Requested* |
| Joshua H. Brockman | |
| Brett Slobin | |
| LITTLEPAGE & ASSOCIATES, P.C. | |
| 408 Westheimer | |
| Houston, Texas 77006 | |
| | |
| Jose L. Game | *Via Certified Mail* |
| MEREDITH, DONNELL & ABERNATHY | *Return Receipt Requested* |
| Water Tower Centre | |
| 612 Nolana, Suite 560 | |
| McAllen, Texas 78504 | |
| | |
| Michael L. Hurst | *Via Certified Mail* |
| Frank Alvarez | *Return Receipt Requested* |
| HERMES SARGENT BATES L.L.P. | |
| 1717 Main Street, Suite 3200 | |
| Dallas, Texas 75201 | |
| | |
| Ann P. Watson | *Via Certified Mail* |
| Raymond A. Neuer | *Return Receipt Requested* |
| James W.K. Wilde | |
| SHEEHY, SERPE & WARE | |
| 2500 Two Houston Center | |
| 909 Fannin | |
| Houston, Texas 77010-1003 | |

Maria Jorik Courtois

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOHN ALLISON, et al., | § | |
| | § | |
| Plaintiffs, | § | C.A. No. _____ |
| | § | |
| vs. | § | (Removed from the 93rd Judicial District |
| | § | Court of Hidalgo County, Texas) |
| WARNER LAMBERT COMPANY et al., | § | |
| | § | Jury Demanded |
| Defendants. | § | |

## Exhibit C

## ALL EXECUTED PROCESS ON FILE

No returns of service were on file.

.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JOHN ALLISON, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | **C.A. No. _____** |
| | § | |
| **vs.** | § | **(Removed from the 93rd Judicial District** |
| | § | **Court of Hidalgo County, Texas)** |
| **WARNER LAMBERT COMPANY et al.,** | § | |
| | § | **Jury Demanded** |
| **Defendants.** | § | |

## Exhibit D

### PLEADINGS ASSERTING CAUSES OF ACTION AND
### ALL ANSWERS TO SUCH PLEADINGS

Plaintiffs' Original Petition
(with Jury Trial Demanded) (filed 3/14/02) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(1)

Plaintiffs' First Amended Petition (filed 4/23/02) . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(2)

Plaintiff Austin Metz's Notice of Nonsuit
of Defendant Fernando Bueso, M.D. (filed 4/23/02) . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(3)

Defendant Sandra Scurria, M.D.'s Motion to Transfer Venue (filed 5/2/02) . . . . . . Exhibit D(4)

Defendant Sandra Scurria, M.D.'s Original Answer Subject
to Motion to Transfer Venue, and Demand for Trial by Jury
Subject to Motion to Transfer Venue (filed 5/2/02) . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(5)

Defendant Glover Johnson, M.D.'s Motion to Transfer Venue (filed 5/2/02) . . . . . Exhibit D(6)

Defendant Glover Johnson M.D.'s Original Answer Subject
to Motion to Transfer Venue, and Demand for Trial by Jury
Subject to Motion to Transfer Venue (filed 5/2/02) . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(7)

Defendant Ayaprakash Reddy, M.D.'s Motion to Transfer Venue
With Answer Subject Thereto (filed 5/6/02) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(8)

Original Answer of Defendant Ayaprakash Reddy, M.D.,
Subject to His Motion to Transfer Venue (filed 5/6/02) . . . . . . . . . . . . . . . . . . . . . . Exhibit D(9)

Defendants Warner-Lambert Company and Pfizer Inc.'s
Motion to Transfer Venue (filed 5/6/02) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(10)

Original Answer of Warner-Lambert Company
Subject to its Motion to Transfer Venue (filed 5/6/02) . . . . . . . . . . . . . . . . . . . . . . Exhibit D(11)

Original Answer of Pfizer Inc.
Subject to its Motion to Transfer Venue (filed 5/6/02) . . . . . . . . . . . . . . . . . . . . . . Exhibit D(12)

Eric Orzeck, M.D.'s Motion to Transfer Venue
and Original Answer (filed 5/6/02) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(13)

Plaintiff Georgianna Bonner's Notice of Nonsuit
of Defendant Sheldon Rubenfield, M.D. (filed 5/6/02) . . . . . . . . . . . . . . . . . . . . . . Exhibit D(14)

Plaintiff Katrina Wood's Notice of Nonsuit
of Defendant Glover Johnson, M.D.(filed 5/6/02) . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(15)

Defendant Ayaprakash Reddy, M.D.'s Jury Demand
Subject to His Motion to Transfer Venue (filed 5/9/02) . . . . . . . . . . . . . . . . . . . . . . Exhibit D(16)

CAUSE NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; and KATRINA WOODS; | § § § § § § § § § | IN THE DISTRICT COURT OF |

**FILED**

AT _____ O'CLOCK _____ M

MAR 14 2002

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By _____ Deputy

| | | |
|---|---|---|
| Plaintiffs | § § | |
| v. | § § § | HIDALGO COUNTY, TEXAS |
| WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER, INCORPORATED FERNANDO BUESO, M.D., GLOVER JOHNSON, M.D., ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D., RAUL RIVERA, M.D., SHELDON RUBENFIELD, M.D., SANDRA SCURRIA, M.D., DARRELL N. STEELE, M.D., JEANINE H. THOMAS, M.D., JORGE TREVINO, M.D., | § § § § § § § § § § § § § § | |
| Defendants | § § § | 93rd JUDICIAL DISTRICT |

## JURY TRIAL DEMANDED

### ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JOHN ALLISON; GEORGIANNA BONNER; BETTY

EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT;

PAGE    1

JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ,

JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; and KATRINA WOODS;

complaining of Defendants, WARNER LAMBERT COMPANY, PARKE DAVIS

DIVISION OF WARNER LAMBERT COMPANY, PFIZER INC., FERNANDO

BUESO, M.D., GLOVER JOHNSON, M.D., ERIC ORZEK, M.D., AYAPRAKASH

REDDY, M.D., RAUL RIVERA, M.D., SHELDON RUBENFIELD, M.D., SANDRA

SCURRIA, M.D., DARRELL N. STEELE, M.D., JEANINE H. THOMAS, M.D., and

JORGE TREVINO, M.D., and for cause of action shows:

## I. SERVICE OF PROCESS

1.      Defendant, FERNANDO BUESO, M.D., is a resident citizen, and a

participant or member in a professional corporation, professional association,

partnership, unincorporated association or other business entity doing business

in Texas.  Defendant may be served with process at:

> FERNANDO BUESO, M.D.
> 1315 St. Joseph Parkway, Suite 1507
> Houston, TX  77002

2.      Defendant, GLOVER JOHNSON, M.D., is a resident citizen, and a participant

or member in a professional corporation, professional association, partnership,

unincorporated association or other business entity doing business in Texas.

Defendant may be served with process at:

> GLOVER JOHNSON, M.D.
> 7500 Beechnut, Suite 286
> Houston, TX  77074

3.      Defendant, ERIC ORZEK, M.D., is a resident citizen, and a participant or

member in a professional corporation, professional association, partnership,

unincorporated association or other business entity doing business in Texas.

Defendant may be served with process at:

> ERIC ORZEK, M.D.
> 8181 North Stadium Dr., Suite 200
> Houston, TX 77054

4.      Defendant, AYAPRAKASH REDDY, M.D., is a resident citizen, and a

participant or member in a professional corporation, professional association,

partnership, unincorporated association or other business entity doing business

in Texas.  Defendant may be served with process at:

> AYAPRAKASH REDDY, M.D.
> 200 North Virginia St.
> Terrell, TX 75160

5.      Defendant, RAUL RIVERA, M.D., is a resident citizen, and a participant or

member in a professional corporation, professional association, partnership,

unincorporated association or other business entity doing business in Texas.

Defendant may be served with process at:

> RAUL RIVERA, M.D.
> 4301 Vista
> Pasadena, TX 77504

6.      Defendant, SHELDON RUBENFIELD, M.D., is a resident citizen, and a

participant or member in a professional corporation, professional association,

partnership, unincorporated association or other business entity doing business

in Texas.  Defendant may be served with process at:

> SHELDON RUBENFIELD, M.D.
> 75155 Main Street, Suite 475
> Houston, TX 77030

7.  Defendant, SANDRA SCURRIA, M.D., is a resident citizen, and a participant or member in a professional corporation, professional association, partnership, unincorporated association or other business entity doing business in Texas. Defendant may be served with process at:

> SANDRA SCURRIA, M.D.
> 1200 Binz St., Suite 700
> Houston, TX 77004

8.  Defendant, DARRELL N. STEELE, M.D., is a resident citizen, and a participant or member in a professional corporation, professional association, partnership, unincorporated association or other business entity doing business in Texas. Defendant may be served with process at:

> DARRELL N. STEELE, M.D.
> 112 West Pipeline Rd.
> Hurst, TX 76053

9.  Defendant, JEANINE H. THOMAS, M.D., is a resident citizen, and a participant or member in a professional corporation, professional association, partnership, unincorporated association or other business entity doing business in Harris County, Texas. Defendant may be served with process at:

> JEANINE H. THOMAS, M.D.
> 6737 Brentwood Stair Rd., Suite 124
> Ft. Worth, TX 76112

10. Defendant, JORGE TREVINO, M.D., is a resident citizen, and a participant or member in a professional corporation, professional association, partnership, unincorporated association or other business entity doing business in Hidalgo County, Texas. Defendant may be served with process at:

JORGE TREVINO, M.D.
109 E. Toronto, Suite 300
McAllen, TX  78503

11.     Defendant Warner-Lambert Company is a Delaware corporation licensed to

do business in the state of Texas and may be served with process through its

registered agent:

CT Corporate Systems
350 N. St. Paul
Dallas, Texas 75201

12.     Defendant, Pfizer Incorporated, is a Delaware corporation licensed to do

business in the state of Texas and may be served with process through its

registered agent:

CT Corporate Systems
350 N. St. Paul
Dallas, Texas 75201

13.     Defendant Parke-Davis Division of Warner Lambert Company is a Delaware

Corporation licensed to do business in the State of Texas and may be served

with process through its registered agent:

CT Corporate Systems
350 N. St. Paul
Dallas, Texas 75201

## II.     JURISDICTION

14.     The Court has jurisdiction over the non-resident Defendants because

Defendant currently conducts business in the State of Texas or has conducted

business in the state of Texas, committed a tort in whole or in part in the State

of Texas, and/or has continuing contacts with the State of Texas.  Each non-

resident Defendant is amenable to service by a Texas court.

15.    Venue of this case is proper in Hidalgo County, Texas, because part or all of the cause of action accrued in Hidalgo County, Texas or one or more Plaintiffs are residents of Hidalgo County, Texas.

16.    At least one of the Defendants is a resident of Texas.

## III. NOTICE UNDER THE TEXAS MEDICAL LIABILITY AND INSURANCE IMPROVEMENT ACT OF TEXAS

Plaintiffs hereby give Defendant Physicians written notice of their intention to file this lawsuit, as contemplated by Article 4590i, Vernon's Annot. Civ. Stat., even though Plaintiffs contend that such notice is not necessary because they are not presently asserting health care liability claims against such Defendants, as defined by Article 4590i(a)(4).  The only claim currently being asserted against such physicians is for breach of warranties.  However, such written notice be required, Plaintiffs plead that this cause of action be deemed abated for the requisite period of time since this petition provides written notice and details of the Plaintiffs' claims.

## V.    IDENTIFICATION OF DEFENDANTS

### A.    Manufacturing / Promoting Defendants

The Plaintiffs identified above are victims of the Defendants' decision to manufacture, market, design, and/or distribute the drug Rezulin.  Plaintiffs would show that Defendants, WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER INC. manufacture, market, and distribute a drug known as Troglitazone, under the brand name of "Rezulin".  Such drug was distributed to all Plaintiffs.

Defendants, WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER INC. collectively will herein after be referenced to as "Manufacturing/Promoting Defendants".

**B.    Physician Defendants**

Plaintiff JOHN ALLISON was prescribed REZULIN by Defendant DR. DARRELL N. STEELE for treatment of diabetes.

Plaintiff GEORGIANNA BONNER was prescribed REZULIN by Defendant DR. SHELDON RUBENFIELD for treatment of diabetes.

Plaintiff BETTY EMEHISER was prescribed REZULIN by Defendant DR. AYAPRAKASH REDDY for treatment of diabetes.

Plaintiff GILBERT GARCIA was prescribed REZULIN by Defendant DR. ERIC ORZEK for treatment of diabetes.

Plaintiff ROSARIO GONZALEZ was prescribed REZULIN by Defendant DR. JORGE TREVINO for treatment of diabetes.

Plaintiff JESSIE JONES was prescribed REZULIN by Defendant DR. RAUL RIVERA for treatment of diabetes.

Plaintiff MARGARET KNIGHT was prescribed REZULIN by Defendant DR. SANDRA SCURRIA for treatment of diabetes.

Plaintiff AUSTIN METZ, JR. was prescribed REZULIN by Defendant DR. FERNANDO BUESO for treatment of diabetes.

Plaintiff ROOSEVELT THOMAS was prescribed REZULIN by Defendant DR. JEANINE H. THOMAS for treatment of diabetes.

Plaintiff KATRINA WOODS was prescribed REZULIN by Defendant GLOVER JOHNSON for treatment of diabetes.

Defendants, FERNANDO BUESO, M.D., GLOVER JOHNSON, M.D., ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D., RAUL RIVERA, M.D., SHELDON RUBENFIELD, M.D., SANDRA SCURRIA, M.D., DARRELL N. STEELE, M.D., JEANINE H. THOMAS, M.D., and JORGE TREVINO, M.D., collectively will herein after be referenced to as "Physician Defendants".

## IV.  FACTUAL BACKGROUND OF THIS COMPLAINT- PLAINTIFFS

17.   Plaintiffs JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS and KATRINA WOODS; all took the drug Rezulin (Troglitazone) for treatment of diabetes.

## V.  FACTUAL BACKGROUND OF THIS COMPLAINT - DEFENDANTS

18.   At all times relevant, Warner Lambert/Parke Davis by themselves, or by use of others, did manufacture, create, design, assemble, test, label sterilize, package, distribute, promote, supply, market, sell, advertise, warn, and otherwise distribute in interstate commerce, the product Rezulin (Troglitazone).

19.   Defendant Pfizer, Inc. is the successor / real party in interest to Warner-Lambert Company and its Parke Davis Division.

20.     At all times material hereto, Defendants Pfizer, Inc., Warner-Lambert Company and its Parke-Davis Pharmaceuticals Division (hereinafter Manufacturing Defendants) sold, delivered, and/or distributed Rezulin (Troglitazone) for ultimate sale and/or use in the State of Texas by diabetic patients including Plaintiffs.

21.     At all times material hereto, Manufacturing Defendants were acting by and through its agents, servants, and/or employees, each of whom were acting within the scope and course of their employment or agency or authority of Manufacturing Defendants.

22.     Rezulin (Troglitazone) was widely advertised by Manufacturing Defendants as a new generation of insulin sensitizers which help the human body respond more effectively to insulin, so cells can absorb the blood sugar, or glucose, that might otherwise lead to high blood sugar levels. Rezulin (Troglitazone) was designed, manufactured, advertised and distributed for management and control of type II diabetes, a condition experienced by the majority of all diabetics. Manufacturing Defendants claimed that with Rezulin (Troglitazone) a type II diabetic could gain tight glycemic control and / or decrease or even eliminate insulin injections.

23.     Rezulin was heralded as a new and safe alternative treatment for Type II Diabetes that could be taken alone as monotherapy or in combination with other diabetic treatments. However, the Rezulin research, development and clinical trials conducted by Manufacturing Defendants clearly showed that Rezulin was very toxic to the liver and could cause hepatocellular death,

elevated liver enzymes, cirrhosis, hepatic necrosis, hepatic fibrosis, enlarged liver and / or severe liver damage leading to death or requiring liver transplant.

24.     Even though the Manufacturing Defendants were aware from the cell toxicity testing, animal studies and clinical trials that Rezulin had hepatotoxic effects, Rezulin was marketed in March of 1997 with no warning section in the package insert alerting physicians to the potential for liver damage after both short and long-term Rezulin treatment.  Prescribing physicians were purposely misinformed as to the drug's safety, efficacy, and potentially serious side effects.   Since that time, approximately 1.5 million Rezulin prescriptions were filled with sales of over $1.7 billion.

25.     The labels and warnings which accompanied Rezulin (Troglitazone) when it was originally marketed and sold in about March 1997 did not contain sufficient or appropriate warnings or explanations about the drug's potential for liver toxicity and, in particular, the increased risk of serious liver problems despite regular liver monitoring.

26.     Manufacturing Defendants conceded as much when they changed the product label and issued Dear Doctor letters in October of 1997 to include information and warnings regarding these hepatic toxic effects, and to recommend checking liver enzyme levels.   The package insert was changed again in December of 1997 to include a black box warning.  This warning informed physicians that cases of liver failure leading to death and liver transplants had been reported, and that injury occurred after both short and long-term use of

Rezulin. For the first time, doctors and patients were recommended to check liver enzymes levels at the start of Rezulin treatment. Manufacturing Defendants subsequently changed the Rezulin product labeling multiple times, each time recommending more stringent monitoring of patients' liver enzyme levels.

27.    On March 26, 1999, Manufacturing Defendants admitted that even thorough liver enzyme monitoring cannot eliminate the high risk of serious liver problems for a number of patients taking Rezulin.

28.    On March 21, 2000 Manufacturing Defendants withdrew the drug Rezulin from the market and agreed, upon recommendation by the United States Food & Drug Administration (FDA) that they would not longer manufacturer, market or distribute Rezulin in the United States of America.

29.    On information and belief, Manufacturing Defendants knew about Rezulin's toxic effects on the liver prior to the initial marketing of the drug and long before the product labeling changes in late 1997. By failing to include complete and accurate warnings at the outset of their marketing, promotional and selling activities, Manufacturing Defendants falsely and fraudulently kept relevant information from potential Rezulin (Troglitazone) users, and minimized user and prescriber concern regarding the safety of the product.

30.    Manufacturing Defendants' strategy has been to aggressively market and sell Rezulin (Troglitazone) by misleading consumers, pharmacists and physicians about Rezulin and/or to purposefully downplay and understate the dangers and

potential dangers of Rezulin (Troglitazone) to the physicians, the public and the FDA.

31.     Manufacturing Defendants failed to protect or adequately warn users about the serious dangers, which Warner Lambert and Parke- Davis knew (or should have known) would result from the use of Rezulin (Troglitazone).

32.     In addition, upon information and belief, Manufacturing Defendants informed physicians, including but not limited to Plaintiffs' prescribing physicians, that Rezulin was a safe and effective product with side effects comparable to placebo when in reality these representations were false and misleading.

33.     Manufacturing Defendants wholly failed to provide complete and adequate information and warnings for users and potential users of Rezulin (Troglitazone), about the drug's potential for liver damage even with liver enzyme monitoring.  The label and warnings included with Rezulin (Troglitazone) were inadequate, particularly in light of the severe health risks presented as a result of use of the product. Through promotional literature, Manufacturing Defendants deceived users and potential users of Rezulin (Troglitazone), and minimized user and prescriber concerns regarding the safety of Rezulin (Troglitazone).

34.     Manufacturing Defendants by affirmative misrepresentations and omissions, falsely and fraudulently created the image and impression that the use of Rezulin (Troglitazone) was a safe drug for the treatment of Type II diabetes, when in fact the risk of liver failure with this drug far exceeds the potential benefits of this drug.  In particular, there is no effective way to determine

which patient will suffer severe liver damage due to Rezulin treatment because liver enzyme monitoring is ineffective in predicting liver toxicity with this drug.

35.     Physician Defendants prescribed Rezulin to Plaintiffs for treatment of their diabetes.  Plaintiffs took this medication as prescribed.

36.     Plaintiffs have been injured in many ways as a result of Defendants' actions including death and liver damage including, but not limited to: hepatocellular death, elevated liver enzymes, liver enlargement, hepatitis, cirrhosis, hepatic necrosis, hepatic cirrhosis, ascites, portal hypertension, hepatic encephalopathy, varices, and transplantation and/or have taken Rezulin and request reimbursement from Defendants for the costs and expenses associated with Plaintiffs' Rezulin prescriptions, testing and future medical expenses as well as mental anguish and pain.

## COUNT I
### Negligence and Negligence Per Se As To Manufacturing Defendants

37.     Plaintiffs, hereby incorporate by reference the allegations set forth in paragraphs 1 through 36 of this Petition as though set forth in full herein.

38.     Manufacturing Defendants had a duty to exercise reasonable care in the testing, study, approval, manufacture, promotion, marketing, sale and/or distribution of Rezulin into the stream of commerce, including a duty to assure that the product did not cause users to suffer from foreseeable unreasonably dangerous side effects and serious health problems.

39.   Manufacturing Defendants failed to exercise ordinary care in the testing, study, approval, manufacture, promotion, marketing, sale, and/or distribution of Rezulin into interstate commerce in that Manufacturing Defendants knew or should have known that Rezulin created a foreseeable high risk of unreasonable, dangerous side effects and health hazards such as liver damage which can cause death or necessitate a liver transplant.

40.   Manufacturing Defendants were negligent in the design, manufacture, testing, advertising, warning, promotion, marketing and sale of Rezulin in that they:

(a)     Failed to use due care in designing and manufacturing Rezulin so as to avoid the aforementioned risks to individuals when Rezulin was being used for treatment of Type II diabetes.

(b)     Failed to accompany their product with proper warnings regarding all possible adverse side effects and health risks associated with the use of Rezulin and the comparative severity and duration of such adverse effects;

(c)     The warnings given did not accurately reflect the symptoms, scope or severity of the side effects and health risks;

(d)     Failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of Rezulin;

(e)     Failed to provide adequate training or information to medical care providers for appropriate use of Rezulin;

(f)     Failed to adequately warn consumers and medical prescribers (but instead actively encouraged the sale of Rezulin), about the following: (1) the need for comprehensive, regular medical monitoring to ensure early discovery of potentially fatal liver damage; (2) the possibility of death and/or having to undergo a liver transplant in order to correct the liver damage; (3) that such surgery may cause extraordinary suffering and/or death; (4) that the health risks posed by Rezulin may become debilitating, difficult, and painful, necessitating lengthy surgery and/or repeated visits to the doctor, clinic, or hospital;

(g)     Failed to adequately test and/or warn about the use of Rezulin, including, without limitation, the possible adverse side effects and health risks caused by the use of Rezulin;

(h)     Failed to adequately warn users, consumers and physicians about the severity, scope, and likelihood of liver damage and related dangerous conditions to individuals taking Rezulin;

(i)     Represented to physicians, including but not limited to Plaintiffs' prescribing physicians, that this drug was safe and effective for use;

(j)     Once Defendants were made aware of the serious health effects of Rezulin through Adverse Drug Experience reports, failed to adequately, timely and promptly relay that information to the prescribing physicians or ultimate users; and

(k)     Were otherwise careless or negligent.

41.    Despite the fact that Manufacturing Defendants knew or should have known that Rezulin caused unreasonable, dangerous side effects and posed potentially fatal health risks, Manufacturing Defendants continued to market Rezulin to prescribing physicians and consumers, including Plaintiffs, when there were safer alternative methods of treatment available for their condition.

42.    Manufacturing Defendants knew or should have known that consumers such as Plaintiffs would foreseeably suffer serious injury as a result of Defendants' failure to exercise ordinary care as described.

43.    Manufacturing Defendants were negligent per se in that they violated federal statute requirements as to warnings, advertisements and reporting of adverse drug experiences and provided inaccurate information in their warnings, informational materials and package insert in direct violation of the United States Food & Drug Cosmetic Act as well as 21 C.F.R Section 314 and 21 C.F.R. Section 200-299. Manufacturing Defendants were also negligent per se

by withholding and/or misrepresenting to the United States Food and Drug Administration (hereinafter "FDA") information concerning the drug Rezulin (Troglitazone) that is required to be submitted under the Federal Food and Drug and Cosmetic Act, Chapter 674, 52 Stat. 1040, U.S.C 301 to 321, 331 to 343-2, 344 to 346a, 347, 348 to 353, 355 to 360, 360b to 376, and 378 to 395.

**44.**     Because of the breach of duty and negligent conduct of the Manufacturing Defendants, in the manner set for the above, Plaintiffs have sustained general and special damages.  The acts and omissions of Defendants, in the manner described above, were the direct and proximate cause of Plaintiffs' injures. Therefore Plaintiffs have a cause of action in negligence against Manufacturing Defendants in an amount substantially in excess of the jurisdictional limits of this Court.

**COUNT II**
**Strict Product Liability (Failure To Warn) As To**
**Defendants Warner Lambert Company / Pfizer, Inc.**

45.     Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 44, inclusive as though fully set out herein.

46.     Manufacturing Defendants failed to perform adequate testing in that adequate testing would have shown that Rezulin poses risks of serious liver damage and related conditions and diseases, with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made.

47.     Manufacturing Defendants knew, or should have known, that Rezulin was and is a dangerously defective product which poses unacceptable risks unknown and

unknowable by the consuming public of serious liver damage and related conditions and diseases.

48.     The Rezulin manufactured and/or supplied by Defendants was defective due to inadequate warnings because after the Defendants knew or should have known of the risk of liver damage and related conditions and diseases, Defendants failed to provide adequate warnings to consumers of the product and continued to aggressively promote the dangerously defective drug.

## COUNT III
### Strict Product Liability (Defective Product)
### As To Defendant Warner-Lambert Company / Pfizer, Inc.

49.     Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 48 inclusive, as though fully set out herein.

50.     Plaintiffs allege that the Manufacturing Defendants are liable under the theory of Strict Product Liability as set forth in section 402A of the Restatement (Second) of Torts as adopted by the Texas courts.  Such Defendants were at all times material hereto engaged in the business of designing, manufacturing, marketing, distributing, and/or placing into the stream of commerce the drug Rezulin. Defendants are in the business of selling such products with the expectation that such products will reach the user without substantial change in the condition in which they are sold.  Rezulin (troglitazone) reached the ultimate user without substantial change in the condition in which it was sold.

51.     The Rezulin manufactured and/or supplied by Manufacturing Defendants was defective due to:

(a) Defective design or formulation in that when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation;

(b) Defective marketing in that Defendants made inappropriate, misleading, inaccurate and incomplete representations about this product in advertisements, promotional materials, press releases, questions and answers for media and consumers, news articles, commercials, published articles and direct to consumer advertisements. These deceptive marketing representations were made to the FDA, physicians, pharmacists and the public. These deceptive marketing representations were made in order to induce sales and increase profits;

(c) Defective design or formulation, in that when it left the hands of the manufacturer and/or suppliers, it was unreasonably dangerous, it was more dangerous than an ordinary consumer would expect, and more dangerous than other diabetes medications;

(d) Inadequate warnings or instructions because the defendants knew or should have known that the product created a risk of liver damage and related conditions and diseases;

(e) Inadequate pre-marketing testing which if conducted properly would have revealed the serious problems with this drug prior to the first sale or inadequate attention was paid to the results of the pre-marketing testing which clearly showed a signal for the hepatic toxicity of Rezulin; and / or

(f) Inadequate post-marketing warning or instruction because, after the Defendants knew or should have known of the risk of liver damage and related conditions and diseases, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product.

## COUNT IV
## Breach Of Express Warranty As To
## Defendant Warner- Lambert Company / Pfizer, Inc. and Physician Defendants

52.     Plaintiffs, hereby incorporate by reference the allegations set forth in paragraphs 1

through 51 inclusive, as though fully set out herein.

53.     Manufacturing Defendants expressly warranted that Rezulin was safe and

effective as clinically tested and was of merchantable quality and fit for the use

for which the drug was intended. Physician Defendants also expressly warranted

to Plaintiffs that Rezulin was safe and effective when they knew that substantial questions existed with respect to the safety and efficacy of these products.

54.     Rezulin does not conform to these express representations because Rezulin is not safe and presents a high risk of serious side effects, including liver and cardiac damage.

55.     As a direct and proximate result of such breach of express warranties, Plaintiffs have sustained damages as described herein.

**COUNT V**
**Breach Of Implied Warranty As To**
**Defendant Warner- Lambert Company / Pfizer, Inc. and Physician Defendants**

56.     Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 55 inclusive, as though fully set out herein.

57.     At the time Manufacturing Defendants designed, promoted, marketed, sold, and distributed Rezulin for use by plaintiffs, these Defendants knew of the use for which Rezulin was intended and impliedly warranted the product to be of merchantable quality and safe and fit for its intended use. It is also alleged that the named Physician Defendants impliedly warranted to Plaintiffs that their products were safe when in fact the products were not safe.   Contrary to such implied warranty, Rezulin was not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was used as described above.

58.     As the proximate, producing cause and legal result of the Defendants' breach of implied warranties, Plaintiffs have been damaged as described herein.

## COUNT VI
### Fraudulent Concealment and Suppression As To
### Manufacturing Defendants

59.   Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1

through 58, inclusive, as though fully set out herein.

60.   At the time the Manufacturing Defendants marketed, sold, and distributed Rezulin

for use by the Plaintiffs, Manufacturing Defendants knew of the use for which

Rezulin was intended and impliedly and expressly warranted the product to be of

merchantable quality and safe and fit for such use.  Defendants changed the

product label for Rezulin in October of 1997 to more accurately reveal the drug's

hepatotoxic risks. The product label was changed again in December of 1997 and

July of 1998, each time increasing the hepatic warnings and refining the liver

monitoring recommendations. Defendants intentionally and deliberately withheld

and delayed providing these additional warnings and information from the

consuming public and the Plaintiffs concerning Rezulin's toxic effect on the liver.

This conduct amounted to fraudulent concealment or suppression of important

and pertinent information that was needed by the prescribing physicians to make

an informed and appropriate decision about the use of Rezulin and the warnings

to pass on to their patients.

61.   As the proximate, producing, and legal cause of Manufacturing Defendants'

fraudulent concealment or suppression, Plaintiffs suffered damages as described

herein.

## COUNT VII
### Intentional Misrepresentations & Fraud as to
### Manufacturing Defendants

62.     Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1

        through 60inclusive, as though fully set out herein.

63.     At the time the Manufacturing Defendants designed, tested, manufactured,

        marketed, promoted, sold, and distributed Rezulin for use by the Plaintiffs,

        Manufacturing Defendants knew of the use for which Rezulin was intended and

        knew of the serious risks and dangers associated with such use of Rezulin.

64.     Manufacturing Defendants intentionally made false and misleading

        representations as to the risks and benefits of the drug Rezulin to the prescribing

        physicians and ultimate users.  Manufacturing Defendants made these

        representations with reckless indifference to its truth.   Plaintiffs relied on

        Manufacturing Defendants representations as to the risks and benefits of this drug

        to Plaintiffs' detriment.  Manufacturing Defendants' conduct was fraudulent.

65.     As a direct and proximate result of such intentional misrepresentations and fraud

        by Manufacturing Defendants, Plaintiffs suffered damages as described herein.

## COUNT VIII
### Negligent Misrepresentations as to
### Manufacturing Defendants

66.     Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1

        through 65, inclusive, as though fully set out herein.

67.     At the time the Manufacturing Defendants manufactured, designed, marketed,

        sold, and distributed Rezulin for use by the Plaintiffs, Manufacturing Defendants

        knew or should have known of the use for which Rezulin was intended and knew

or should have known of the serious risks and dangers associated with such use of Rezulin.

68.     Manufacturing Defendants owed a duty to prescribing physicians and ultimate end users, including Plaintiffs, to accurately and truthfully represent the risks and benefits of Rezulin.  Manufacturing Defendants breached that duty by misrepresenting the risks and benefits of the drug Rezulin to the prescribing physicians and ultimate users, including Plaintiffs.

69.     As a direct and proximate result of such negligent misrepresentation by Manufacturing Defendants, Plaintiffs suffered damages as described herein.

## COUNT IX
### Battery as to Manufacturing Defendants

70.     Plaintiffs, hereby incorporate by reference the allegations set forth in paragraphs 1 through 69, inclusive, as though fully set out herein.

71.     Manufacturing Defendants intentionally engaged in the conduct of manufacturing, distributing, and marketing Rezulin, a harmful substance, to the public including Plaintiffs.  Manufacturing Defendants' intentionally orchestrated a harmful and offensive contact with Plaintiffs thereby causing harm to Plaintiffs.

72.     As the proximate, producing, and legal cause of Manufacturing Defendants' harmful contact, Plaintiffs suffered damages as described herein.

## COUNT X
### Intentional Infliction of Emotional Distress
### as to Manufacturing Defendants.

73.     Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 72, inclusive, as though fully set out herein.

74. The acts, omissions, and representations of Manufacturing Defendants regarding the manufacturing, distribution, and marketing of Rezulin as described in the factual allegations and in Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, was intentional, reckless, extreme, and outrageous.   As a result of such conduct, Plaintiffs suffered severe emotional distress.

## COUNT XI
### Gross Negligence

75. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 74, inclusive, as though fully set out herein.

76. Plaintiffs also allege that the acts and omissions of the named Manufacturing Defendants whether taken singularly or in combination with others, constitute gross negligence, which proximately caused the injuries to Plaintiffs.  In that regard, Plaintiffs seek damages in an amount which would punish such Defendants for their conduct and which would deter other manufacturers from engaging in such misconduct in the future.

## GENERAL DAMAGES

Plaintiffs have been injured in many ways as a result of manufacturing Defendants' actions.   Plaintiffs who are alleging and can prove health problems associated with the use of Rezulin have suffered serious physical injuries which include, but are not limited to, liver damage including death, liver transplantation, elevated liver enzymes, liver enlargement, hepatitis, cirrhosis, jaundice, ascites, portal hypertension, hepatic encephalopathy.  These plaintiffs have sustained medical expenses in the past and will require future medical expenses in order to care for, monitor, and treat the numerous problems they have suffered and will suffer in the

future as a result of these defective products. Additionally, the Plaintiffs have suffered physical impairment in the past and will suffer such damage in the future. These Plaintiffs sue for the physical pain and mental anguish they have suffered in the past and will suffer in the future.

Plaintiffs are also claiming for reimbursement of medical expenses, and costs that they have suffered in the past and will suffer in the future in connection with their prescriptions for Rezulin, medical testing and continued evaluation for liver damage, including liver function testing, ultrasounds, and liver biopsies in the past and in all probability further such testing in the future. These Plaintiffs sue for the physical pain and mental anguish suffered in the past and which the Plaintiffs in reasonable medical probability will suffer in the future. Plaintiffs who took Rezulin also request reimbursement from manufacturing and pharmacy Defendants/ for the costs and expenses associated with Plaintiffs' Rezulin prescriptions, testing and future medical expenses as well as mental anguish and pain.

Plaintiffs plead for maximum compensatory damages in the amount of $10,000,000 under each cause of action. Plaintiffs plead for punitive damages in the amount of $1 Billion each.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, pray that upon final trial and hearing hereof, Plaintiff have judgment against Defendants for:

a.    general damages for a sum in excess of the minimum jurisdictional limits for this Court;

b.    exemplary damages;

c.      physical pain and suffering;

d.      reasonable attorney's fees;

e.      pre-judgment interest as provided by law;

f.      post-judgment interest as provided by law;

g.      all costs of court; and

h.      such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted by:

**LITTLEPAGE & ASSOCIATES, P.C.**

Zoe B. Littlepage TBA# 12430050
Chetna Gosain  TBA#24001435
Joshua H. Brockman  TBA #24012335
Brett Slobin, TBA # 24029837
408 Westheimer
Houston, Texas 77006
(713) 529-8000
(713) 529-8044 Facsimile

Attorneys for Plaintiffs

**CAUSE NO. C-521-02-B**

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA | § | IN THE DISTRICT COURT OF |
| BONNER; BETTY EMEHISER; | § | |
| GILBERT GARCIA; ROSARIO | § | |
| GONZALEZ; BENJAMIN HATHOOT; | § | |
| JESSIE JONES; MARGARET KNIGHT; | § | |
| DONALD LAVRINC, JR.; AUSTIN | § | |
| METZ, JR.; LONNIE ROBINSON; | § | |
| ROOSEVELT THOMAS; and KATRINA | § | |
| WOODS; | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| | § | |
| WARNER LAMBERT COMPANY, | § | |
| PARKE DAVIS DIVISION OF WARNER | § | |
| LAMBERT COMPANY, | § | |
| PFIZER, INCORPORATED | § | |
| GERARDO BUESO, M.D., | § | |
| GLOVER JOHNSON, M.D., | § | |
| ERIC ORZEK, M.D., | § | |
| AYAPRAKASH REDDY, M.D., | § | |
| RAUL RIVERA, M.D., | § | |
| SHELDON RUBENFIELD, M.D., | § | |
| SANDRA SCURRIA, M.D., | § | |
| DARRELL N. STEELE, M.D., | § | |
| JEANINE H. THOMAS, M.D., | § | |
| JORGE TREVINO, M.D., | § | |
| | § | |
| | § | |
| Defendants | § | 93rd JUDICIAL DISTRICT |

## JURY TRIAL DEMANDED

### FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JOHN ALLISON; GEORGIANNA BONNER; BETTY

EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT;

JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ,

JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; and KATRINA WOODS;

complaining of Defendants, WARNER LAMBERT COMPANY, PARKE DAVIS

DIVISION OF WARNER LAMBERT COMPANY, PFIZER INC., GERARDO

BUESO, M.D., GLOVER JOHNSON, M.D., ERIC ORZEK, M.D., AYAPRAKASH

REDDY, M.D., RAUL RIVERA, M.D., SHELDON RUBENFIELD, M.D., SANDRA

SCURRIA, M.D., DARRELL N. STEELE, M.D., JEANINE H. THOMAS, M.D., and

JORGE TREVINO, M.D., and for cause of action shows:

## I. SERVICE OF PROCESS

1.      Defendant, GERARDO BUESO, M.D., is a resident citizen, and a participant

or member in a professional corporation, professional association, partnership,

unincorporated association or other business entity doing business in Texas.

Defendant may be served with process at:

> GERARDO BUESO, M.D.
> 1213 Hermann Drive, Suite 330
> Houston, TX  77004

2.      Defendant, GLOVER JOHNSON, M.D., is a resident citizen, and a participant

or member in a professional corporation, professional association, partnership,

unincorporated association or other business entity doing business in Texas.

Defendant may be served with process at:

> GLOVER JOHNSON, M.D.
> 7500 Beechnut, Suite 286
> Houston, TX  77074

3.      Defendant, ERIC ORZEK, M.D., is a resident citizen, and a participant or

member in a professional corporation, professional association, partnership,

unincorporated association or other business entity doing business in Texas.

Defendant may be served with process at:

> ERIC ORZEK, M.D.
> 8181 North Stadium Dr., Suite 200
> Houston, TX 77054

4.   Defendant, AYAPRAKASH REDDY, M.D., is a resident citizen, and a

participant or member in a professional corporation, professional association,

partnership, unincorporated association or other business entity doing business

in Texas.  Defendant may be served with process at:

> AYAPRAKASH REDDY, M.D.
> 200 North Virginia St.
> Terrell, TX 75160

5.   Defendant, RAUL RIVERA, M.D., is a resident citizen, and a participant or

member in a professional corporation, professional association, partnership,

unincorporated association or other business entity doing business in Texas.

Defendant may be served with process at:

> RAUL RIVERA, M.D.
> 4301 Vista
> Pasadena, TX 77504

6.   Defendant, SHELDON RUBENFIELD, M.D., is a resident citizen, and a

participant or member in a professional corporation, professional association,

partnership, unincorporated association or other business entity doing business

in Texas.  Defendant may be served with process at:

> SHELDON RUBENFIELD, M.D.
> 75155 Main Street, Suite 475
> Houston, TX 77030

7.    Defendant, SANDRA SCURRIA, M.D., is a resident citizen, and a participant

or member in a professional corporation, professional association, partnership,

unincorporated association or other business entity doing business in Texas.

Defendant may be served with process at:

> SANDRA SCURRIA, M.D.
> 1200 Binz St., Suite 700
> Houston, TX  77004

8.    Defendant, DARRELL N. STEELE, M.D., is a resident citizen, and a

participant or member in a professional corporation, professional

association, partnership, unincorporated association or other business entity

doing business in Texas.  Defendant may be served with process at:

> DARRELL N. STEELE, M.D.
> 112 West Pipeline Rd.
> Hurst, TX  76053

9.    Defendant, JEANINE H. THOMAS, M.D., is a resident citizen, and a

participant or member in a professional corporation, professional association,

partnership, unincorporated association or other business entity doing business

in Harris County, Texas.  Defendant may be served with process at:

> JEANINE H. THOMAS, M.D.
> 6737 Brentwood Stair Rd., Suite 124
> Ft. Worth, TX  76112

10.   Defendant, JORGE TREVINO, M.D., is a resident citizen, and a participant or

member in a professional corporation, professional association, partnership,

unincorporated association or other business entity doing business in Hidalgo

County, Texas.  Defendant may be served with process at:

JORGE TREVINO, M.D.
109 E. Toronto, Suite 300
McAllen, TX  78503

11.    Defendant Warner-Lambert Company is a Delaware corporation licensed to

do business in the state of Texas and may be served with process through its

registered agent:

CT Corporate Systems
350 N. St. Paul
Dallas, Texas 75201

12.    Defendant, Pfizer Incorporated, is a Delaware corporation licensed to do

business in the state of Texas and may be served with process through its

registered agent:

CT Corporate Systems
350 N. St. Paul
Dallas, Texas 75201

13.    Defendant Parke-Davis Division of Warner Lambert Company is a Delaware

Corporation licensed to do business in the State of Texas and may be served

with process through its registered agent:

CT Corporate Systems
350 N. St. Paul
Dallas, Texas 75201

## II.    JURISDICTION

14.    The Court has jurisdiction over the non-resident Defendants because

Defendant currently conducts business in the State of Texas or has conducted

business in the state of Texas, committed a tort in whole or in part in the State

of Texas, and/or has continuing contacts with the State of Texas.  Each non-

resident Defendant is amenable to service by a Texas court.

15.     Venue of this case is proper in Hidalgo County, Texas, because part or all of
        the cause of action accrued in Hidalgo County, Texas or one or more Plaintiffs
        are residents of Hidalgo County, Texas.

16.     At least one of the Defendants is a resident of Texas.

## III. NOTICE UNDER THE TEXAS MEDICAL LIABILITY AND INSURANCE IMPROVEMENT ACT OF TEXAS

Plaintiffs hereby give Defendant Physicians written notice of their intention to file
this lawsuit, as contemplated by Article 4590i, Vernon's Annot. Civ. Stat., even though
Plaintiffs contend that such notice is not necessary because they are not presently
asserting health care liability claims against such Defendants, as defined by Article
4590i(a)(4). The only claim currently being asserted against such physicians is for
breach of warranties. However, such written notice be required, Plaintiffs plead that this
cause of action be deemed abated for the requisite period of time since this petition
provides written notice and details of the Plaintiffs' claims.

## V.     IDENTIFICATION OF DEFENDANTS

### A.     Manufacturing / Promoting Defendants

The Plaintiffs identified above are victims of the Defendants' decision to
manufacture, market, design, and/or distribute the drug Rezulin. Plaintiffs would show
that Defendants, WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF
WARNER LAMBERT COMPANY, PFIZER INC. manufacture, market, and distribute a
drug known as Troglitazone, under the brand name of "Rezulin". Such drug was
distributed to all Plaintiffs.

Defendants, WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER INC. collectively will herein after be referenced to as "Manufacturing/Promoting Defendants".

**B.** **Physician Defendants**

Plaintiff JOHN ALLISON was prescribed REZULIN by Defendant DR. DARRELL N. STEELE for treatment of diabetes.

Plaintiff GEORGIANNA BONNER was prescribed REZULIN by Defendant DR. SHELDON RUBENFIELD for treatment of diabetes.

Plaintiff BETTY EMEHISER was prescribed REZULIN by Defendant DR. AYAPRAKASH REDDY for treatment of diabetes.

Plaintiff GILBERT GARCIA was prescribed REZULIN by Defendant DR. ERIC ORZEK for treatment of diabetes.

Plaintiff ROSARIO GONZALEZ was prescribed REZULIN by Defendant DR. JORGE TREVINO for treatment of diabetes.

Plaintiff JESSIE JONES was prescribed REZULIN by Defendant DR. RAUL RIVERA for treatment of diabetes.

Plaintiff MARGARET KNIGHT was prescribed REZULIN by Defendant DR. SANDRA SCURRIA for treatment of diabetes.

Plaintiff AUSTIN METZ, JR. was prescribed REZULIN by Defendant DR. GERARDO BUESO for treatment of diabetes.

Plaintiff ROOSEVELT THOMAS was prescribed REZULIN by Defendant DR. JEANINE H. THOMAS for treatment of diabetes.

Plaintiff KATRINA WOODS was prescribed REZULIN by Defendant GLOVER JOHNSON for treatment of diabetes.

Defendants, GERARDO BUESO, M.D., GLOVER JOHNSON, M.D., ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D., RAUL RIVERA, M.D., SHELDON RUBENFIELD, M.D., SANDRA SCURRIA, M.D., DARRELL N. STEELE, M.D., JEANINE H. THOMAS, M.D., and JORGE TREVINO, M.D., collectively will herein after be referenced to as "Physician Defendants".

### IV. FACTUAL BACKGROUND OF THIS COMPLAINT- PLAINTIFFS

17.   Plaintiffs JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS and KATRINA WOODS; all took the drug Rezulin (Troglitazone) for treatment of diabetes.

### V. FACTUAL BACKGROUND OF THIS COMPLAINT - DEFENDANTS

18.   At all times relevant, Warner Lambert/Parke Davis by themselves, or by use of others, did manufacture, create, design, assemble, test, label sterilize, package, distribute, promote, supply, market, sell, advertise, warn, and otherwise distribute in interstate commerce, the product Rezulin (Troglitazone).

19.   Defendant Pfizer, Inc. is the successor / real party in interest to Warner-Lambert Company and its Parke Davis Division.

20.    At all times material hereto, Defendants Pfizer, Inc., Warner-Lambert
       Company and its Parke-Davis Pharmaceuticals Division (hereinafter
       Manufacturing Defendants) sold, delivered, and/or distributed Rezulin
       (Troglitazone) for ultimate sale and/or use in the State of Texas by diabetic
       patients including Plaintiffs.

21.    At all times material hereto, Manufacturing Defendants were acting by and
       through its agents, servants, and/or employees, each of whom were acting
       within the scope and course of their employment or agency or authority of
       Manufacturing Defendants.

22.    Rezulin (Troglitazone) was widely advertised by Manufacturing Defendants
       as a new generation of insulin sensitizers which help the human body respond
       more effectively to insulin, so cells can absorb the blood sugar, or glucose,
       that might otherwise lead to high blood sugar levels.  Rezulin (Troglitazone)
       was designed, manufactured, advertised and distributed for management and
       control of type II diabetes, a condition experienced by the majority of all
       diabetics.  Manufacturing Defendants claimed that with Rezulin
       (Troglitazone) a type II diabetic could gain tight glycemic control and / or
       decrease or even eliminate insulin injections.

23.    Rezulin was heralded as a new and safe alternative treatment for Type II
       Diabetes that could be taken alone as monotherapy or in combination with
       other diabetic treatments.  However, the Rezulin research, development and
       clinical trials conducted by Manufacturing Defendants clearly showed that
       Rezulin was very toxic to the liver and could cause hepatocellular death,

elevated liver enzymes, cirrhosis, hepatic necrosis, hepatic fibrosis, enlarged

liver and / or severe liver damage leading to death or requiring liver

transplant.

24.    Even though the Manufacturing Defendants were aware from the cell toxicity

testing, animal studies and clinical trials that Rezulin had hepatotoxic effects,

Rezulin was marketed in March of 1997 with no warning section in the

package insert alerting physicians to the potential for liver damage after both

short and long-term Rezulin treatment.  Prescribing physicians were purposely

misinformed as to the drug's safety, efficacy, and potentially serious side

effects.   Since that time, approximately 1.5 million Rezulin prescriptions

were filled with sales of over $1.7 billion.

25.    The labels and warnings which accompanied Rezulin (Troglitazone) when it

was originally marketed and sold in about March 1997 did not contain

sufficient or appropriate warnings or explanations about the drug's potential

for liver toxicity and, in particular, the increased risk of serious liver problems

despite regular liver monitoring.

26.    Manufacturing Defendants conceded as much when they changed the product

label and issued Dear Doctor letters in October of 1997 to include information

and warnings regarding these hepatic toxic effects, and to recommend

checking liver enzyme levels.   The package insert was changed again in

December of 1997 to include a black box warning.  This warning informed

physicians that cases of liver failure leading to death and liver transplants had

been reported, and that injury occurred after both short and long-term use of

Rezulin.  For the first time, doctors and patients were recommended to check liver enzymes levels at the start of Rezulin treatment.  Manufacturing Defendants subsequently changed the Rezulin product labeling multiple times, each time recommending more stringent monitoring of patients' liver enzyme levels.

27.    On March 26, 1999, Manufacturing Defendants admitted that even thorough liver enzyme monitoring cannot eliminate the high risk of serious liver problems for a number of patients taking Rezulin.

28.    On March 21, 2000 Manufacturing Defendants withdrew the drug Rezulin from the market and agreed, upon recommendation by the United States Food & Drug Administration (FDA) that they would not longer manufacturer, market or distribute Rezulin in the United States of America.

29.    On information and belief, Manufacturing Defendants knew about Rezulin's toxic effects on the liver prior to the initial marketing of the drug and long before the product labeling changes in late 1997.  By failing to include complete and accurate warnings at the outset of their marketing, promotional and selling activities, Manufacturing Defendants falsely and fraudulently kept relevant information from potential Rezulin (Troglitazone) users, and minimized user and prescriber concern regarding the safety of the product.

30.    Manufacturing Defendants' strategy has been to aggressively market and sell Rezulin (Troglitazone) by misleading consumers, pharmacists and physicians about Rezulin and/or to purposefully downplay and understate the dangers and

potential dangers of Rezulin (Troglitazone) to the physicians, the public and the FDA.

31. Manufacturing Defendants failed to protect or adequately warn users about the serious dangers, which Warner Lambert and Parke- Davis knew (or should have known) would result from the use of Rezulin (Troglitazone).

32. In addition, upon information and belief, Manufacturing Defendants informed physicians, including but not limited to Plaintiffs' prescribing physicians, that Rezulin was a safe and effective product with side effects comparable to placebo when in reality these representations were false and misleading.

33. Manufacturing Defendants wholly failed to provide complete and adequate information and warnings for users and potential users of Rezulin (Troglitazone), about the drug's potential for liver damage even with liver enzyme monitoring. The label and warnings included with Rezulin (Troglitazone) were inadequate, particularly in light of the severe health risks presented as a result of use of the product. Through promotional literature, Manufacturing Defendants deceived users and potential users of Rezulin (Troglitazone), and minimized user and prescriber concerns regarding the safety of Rezulin (Troglitazone).

34. Manufacturing Defendants by affirmative misrepresentations and omissions, falsely and fraudulently created the image and impression that the use of Rezulin (Troglitazone) was a safe drug for the treatment of Type II diabetes, when in fact the risk of liver failure with this drug far exceeds the potential benefits of this drug. In particular, there is no effective way to determine

which patient will suffer severe liver damage due to Rezulin treatment because liver enzyme monitoring is ineffective in predicting liver toxicity with this drug.

35. Physician Defendants prescribed Rezulin to Plaintiffs for treatment of their diabetes. Plaintiffs took this medication as prescribed.

36. Plaintiffs have been injured in many ways as a result of Defendants' actions including death and liver damage including, but not limited to: hepatocellular death, elevated liver enzymes, liver enlargement, hepatitis, cirrhosis, hepatic necrosis, hepatic cirrhosis, ascites, portal hypertension, hepatic encephalopathy, varices, and transplantation and/or have taken Rezulin and request reimbursement from Defendants for the costs and expenses associated with Plaintiffs' Rezulin prescriptions, testing and future medical expenses as well as mental anguish and pain.

## COUNT I
### Negligence and Negligence Per Se As To Manufacturing Defendants

37. Plaintiffs, hereby incorporate by reference the allegations set forth in paragraphs 1 through 36 of this Petition as though set forth in full herein.

38. Manufacturing Defendants had a duty to exercise reasonable care in the testing, study, approval, manufacture, promotion, marketing, sale and/or distribution of Rezulin into the stream of commerce, including a duty to assure that the product did not cause users to suffer from foreseeable unreasonably dangerous side effects and serious health problems.

39.     Manufacturing Defendants failed to exercise ordinary care in the testing,

study, approval, manufacture, promotion, marketing, sale, and/or distribution

of Rezulin into interstate commerce in that Manufacturing Defendants knew or

should have known that Rezulin created a foreseeable high risk of

unreasonable, dangerous side effects and health hazards such as liver damage

which can cause death or necessitate a liver transplant.

40.     Manufacturing Defendants were negligent in the design, manufacture, testing,

advertising, warning, promotion, marketing and sale of Rezulin in that they:

(a)     Failed to use due care in designing and manufacturing Rezulin
so as to avoid the aforementioned risks to individuals when Rezulin was
being used for treatment of Type II diabetes.

(b)     Failed to accompany their product with proper warnings
regarding all possible adverse side effects and health risks associated with
the use of Rezulin and the comparative severity and duration of such
adverse effects;

(c)     The warnings given did not accurately reflect the symptoms,
scope or severity of the side effects and health risks;

(d)     Failed to conduct adequate pre-clinical and clinical testing and
post-marketing surveillance to determine the safety of Rezulin;

(e)     Failed to provide adequate training or information to medical
care providers for appropriate use of Rezulin;

(f)     Failed to adequately warn consumers and medical prescribers
(but instead actively encouraged the sale of Rezulin), about the following:
(1) the need for comprehensive, regular medical monitoring to ensure
early discovery of potentially fatal liver damage; (2) the possibility of
death and/or having to undergo a liver transplant in order to correct the
liver damage; (3) that such surgery may cause extraordinary suffering
and/or death; (4) that the health risks posed by Rezulin may become
debilitating, difficult, and painful, necessitating lengthy surgery and/or
repeated visits to the doctor, clinic, or hospital;

(g)     Failed to adequately test and/or warn about the use of Rezulin, including, without limitation, the possible adverse side effects and health risks caused by the use of Rezulin;

(h)     Failed to adequately warn users, consumers and physicians about the severity, scope, and likelihood of liver damage and related dangerous conditions to individuals taking Rezulin;

(i)     Represented to physicians, including but not limited to Plaintiffs' prescribing physicians, that this drug was safe and effective for use;

(j)     Once Defendants were made aware of the serious health effects of Rezulin through Adverse Drug Experience reports, failed to adequately, timely and promptly relay that information to the prescribing physicians or ultimate users; and

(k)     Were otherwise careless or negligent.

41.     Despite the fact that Manufacturing Defendants knew or should have known that Rezulin caused unreasonable, dangerous side effects and posed potentially fatal health risks, Manufacturing Defendants continued to market Rezulin to prescribing physicians and consumers, including Plaintiffs, when there were safer alternative methods of treatment available for their condition.

42.     Manufacturing Defendants knew or should have known that consumers such as Plaintiffs would foreseeably suffer serious injury as a result of Defendants' failure to exercise ordinary care as described.

43.     Manufacturing Defendants were negligent per se in that they violated federal statute requirements as to warnings, advertisements and reporting of adverse drug experiences and provided inaccurate information in their warnings, informational materials and package insert in direct violation of the United States Food & Drug Cosmetic Act as well as 21 C.F.R Section 314 and 21 C.F.R. Section 200-299.  Manufacturing Defendants were also negligent per se

by withholding and/or misrepresenting to the United States Food and Drug Administration (hereinafter "FDA") information concerning the drug Rezulin (Troglitazone) that is required to be submitted under the Federal Food and Drug and Cosmetic Act, Chapter 674, 52 Stat. 1040, U.S.C 301 to 321, 331 to 343-2, 344 to 346a, 347, 348 to 353, 355 to 360, 360b to 376, and 378 to 395.

44.    Because of the breach of duty and negligent conduct of the Manufacturing Defendants, in the manner set for the above, Plaintiffs have sustained general and special damages.  The acts and omissions of Defendants, in the manner described above, were the direct and proximate cause of Plaintiffs' injures. Therefore Plaintiffs have a cause of action in negligence against Manufacturing Defendants in an amount substantially in excess of the jurisdictional limits of this Court.

**COUNT II**
**Strict Product Liability (Failure To Warn) As To**
**Defendants Warner Lambert Company / Pfizer, Inc.**

45.    Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 44, inclusive as though fully set out herein.

46.    Manufacturing Defendants failed to perform adequate testing in that adequate testing would have shown that Rezulin poses risks of serious liver damage and related conditions and diseases, with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made.

47.    Manufacturing Defendants knew, or should have known, that Rezulin was and is a dangerously defective product which poses unacceptable risks unknown and

unknowable by the consuming public of serious liver damage and related conditions and diseases.

48.     The Rezulin manufactured and/or supplied by Defendants was defective due to inadequate warnings because after the Defendants knew or should have known of the risk of liver damage and related conditions and diseases, Defendants failed to provide adequate warnings to consumers of the product and continued to aggressively promote the dangerously defective drug.

## COUNT III
### Strict Product Liability (Defective Product)
### As To Defendant Warner-Lambert Company / Pfizer, Inc.

49.     Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 48 inclusive, as though fully set out herein.

50.     Plaintiffs allege that the Manufacturing Defendants are liable under the theory of Strict Product Liability as set forth in section 402A of the Restatement (Second) of Torts as adopted by the Texas courts.  Such Defendants were at all times material hereto engaged in the business of designing, manufacturing, marketing, distributing, and/or placing into the stream of commerce the drug Rezulin. Defendants are in the business of selling such products with the expectation that such products will reach the user without substantial change in the condition in which they are sold.  Rezulin (troglitazone) reached the ultimate user without substantial change in the condition in which it was sold.

51.     The Rezulin manufactured and/or supplied by Manufacturing Defendants was defective due to:

(a) Defective design or formulation in that when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation;

(b) Defective marketing in that Defendants made inappropriate, misleading, inaccurate and incomplete representations about this product in advertisements, promotional materials, press releases, questions and answers for media and consumers, news articles, commercials, published articles and direct to consumer advertisements. These deceptive marketing representations were made to the FDA, physicians, pharmacists and the public. These deceptive marketing representations were made in order to induce sales and increase profits;

(c) Defective design or formulation, in that when it left the hands of the manufacturer and/or suppliers, it was unreasonably dangerous, it was more dangerous than an ordinary consumer would expect, and more dangerous than other diabetes medications;

(d) Inadequate warnings or instructions because the defendants knew or should have known that the product created a risk of liver damage and related conditions and diseases;

(e) Inadequate pre-marketing testing which if conducted properly would have revealed the serious problems with this drug prior to the first sale or inadequate attention was paid to the results of the pre-marketing testing which clearly showed a signal for the hepatic toxicity of Rezulin; and / or

(f) Inadequate post-marketing warning or instruction because, after the Defendants knew or should have known of the risk of liver damage and related conditions and diseases, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product.

## COUNT IV
## Breach Of Express Warranty As To
## Defendant Warner- Lambert Company / Pfizer, Inc. and Physician Defendants

52.     Plaintiffs, hereby incorporate by reference the allegations set forth in paragraphs 1 through 51 inclusive, as though fully set out herein.

53.     Manufacturing Defendants expressly warranted that Rezulin was safe and effective as clinically tested and was of merchantable quality and fit for the use for which the drug was intended. Physician Defendants also expressly warranted

to Plaintiffs that Rezulin was safe and effective when they knew that substantial questions existed with respect to the safety and efficacy of these products.

54.    Rezulin does not conform to these express representations because Rezulin is not safe and presents a high risk of serious side effects, including liver and cardiac damage.

55.    As a direct and proximate result of such breach of express warranties, Plaintiffs have sustained damages as described herein.

## COUNT V
## Breach Of Implied Warranty As To
## Defendant Warner- Lambert Company / Pfizer, Inc. and Physician Defendants

56.    Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 55 inclusive, as though fully set out herein.

57.    At the time Manufacturing Defendants designed, promoted, marketed, sold, and distributed Rezulin for use by plaintiffs, these Defendants knew of the use for which Rezulin was intended and impliedly warranted the product to be of merchantable quality and safe and fit for its intended use. It is also alleged that the named Physician Defendants impliedly warranted to Plaintiffs that their products were safe when in fact the products were not safe.   Contrary to such implied warranty, Rezulin was not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was used as described above.

58.    As the proximate, producing cause and legal result of the Defendants' breach of implied warranties, Plaintiffs have been damaged as described herein.

## COUNT VI
### Fraudulent Concealment and Suppression As To Manufacturing Defendants

59.     Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1

through 58, inclusive, as though fully set out herein.

60.     At the time the Manufacturing Defendants marketed, sold, and distributed Rezulin

for use by the Plaintiffs, Manufacturing Defendants knew of the use for which

Rezulin was intended and impliedly and expressly warranted the product to be of

merchantable quality and safe and fit for such use.  Defendants changed the

product label for Rezulin in October of 1997 to more accurately reveal the drug's

hepatotoxic risks. The product label was changed again in December of 1997 and

July of 1998, each time increasing the hepatic warnings and refining the liver

monitoring recommendations. Defendants intentionally and deliberately withheld

and delayed providing these additional warnings and information from the

consuming public and the Plaintiffs concerning Rezulin's toxic effect on the liver.

This conduct amounted to fraudulent concealment or suppression of important

and pertinent information that was needed by the prescribing physicians to make

an informed and appropriate decision about the use of Rezulin and the warnings

to pass on to their patients.

61.     As the proximate, producing, and legal cause of Manufacturing Defendants'

fraudulent concealment or suppression, Plaintiffs suffered damages as described

herein.

## COUNT VII
### Intentional Misrepresentations & Fraud as to
### Manufacturing Defendants

62.   Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1

through 60inclusive, as though fully set out herein.

63.   At the time the Manufacturing Defendants designed, tested, manufactured,

marketed, promoted, sold, and distributed Rezulin for use by the Plaintiffs,

Manufacturing Defendants knew of the use for which Rezulin was intended and

knew of the serious risks and dangers associated with such use of Rezulin.

64.   Manufacturing Defendants intentionally made false and misleading

representations as to the risks and benefits of the drug Rezulin to the prescribing

physicians and ultimate users.  Manufacturing Defendants made these

representations with reckless indifference to its truth.   Plaintiffs relied on

Manufacturing Defendants representations as to the risks and benefits of this drug

to Plaintiffs' detriment.  Manufacturing Defendants' conduct was fraudulent.

65.   As a direct and proximate result of such intentional misrepresentations and fraud

by Manufacturing Defendants, Plaintiffs suffered damages as described herein.

## COUNT VIII
### Negligent Misrepresentations as to
### Manufacturing Defendants

66.   Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1

through 65, inclusive, as though fully set out herein.

67.   At the time the Manufacturing Defendants manufactured, designed, marketed,

sold, and distributed Rezulin for use by the Plaintiffs, Manufacturing Defendants

knew or should have known of the use for which Rezulin was intended and knew

or should have known of the serious risks and dangers associated with such use of Rezulin.

68.    Manufacturing Defendants owed a duty to prescribing physicians and ultimate end users, including Plaintiffs, to accurately and truthfully represent the risks and benefits of Rezulin.  Manufacturing Defendants breached that duty by misrepresenting the risks and benefits of the drug Rezulin to the prescribing physicians and ultimate users, including Plaintiffs.

69.    As a direct and proximate result of such negligent misrepresentation by Manufacturing Defendants, Plaintiffs suffered damages as described herein.

## COUNT IX
### Battery as to Manufacturing Defendants

70.    Plaintiffs, hereby incorporate by reference the allegations set forth in paragraphs 1 through 69, inclusive, as though fully set out herein.

71.    Manufacturing Defendants intentionally engaged in the conduct of manufacturing, distributing, and marketing Rezulin, a harmful substance, to the public including Plaintiffs.  Manufacturing Defendants' intentionally orchestrated a harmful and offensive contact with Plaintiffs thereby causing harm to Plaintiffs.

72.    As the proximate, producing, and legal cause of Manufacturing Defendants' harmful contact, Plaintiffs suffered damages as described herein.

## COUNT X
### Intentional Infliction of Emotional Distress
### as to Manufacturing Defendants.

73.    Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 72, inclusive, as though fully set out herein.

74.   The acts, omissions, and representations of Manufacturing Defendants regarding the

manufacturing, distribution, and marketing of Rezulin as described in the factual

allegations and in Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, was intentional,

reckless, extreme, and outrageous.   As a result of such conduct, Plaintiffs

suffered severe emotional distress.

## COUNT XI
### Gross Negligence

75.   Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1

through 74, inclusive, as though fully set out herein.

76.   Plaintiffs also allege that the acts and omissions of the named Manufacturing

Defendants whether taken singularly or in combination with others, constitute

gross negligence, which proximately caused the injuries to Plaintiffs.   In that

regard, Plaintiffs seek damages in an amount which would punish such

Defendants for their conduct and which would deter other manufacturers from

engaging in such misconduct in the future.

### GENERAL DAMAGES

Plaintiffs have been injured in many ways as a result of manufacturing

Defendants' actions.   Plaintiffs who are alleging and can prove health problems

associated with the use of Rezulin have suffered serious physical injuries which

include, but are not limited to, liver damage including death, liver transplantation,

elevated liver enzymes, liver enlargement, hepatitis, cirrhosis, jaundice, ascites, portal

hypertension, hepatic encephalopathy.   These plaintiffs have sustained medical

expenses in the past and will require future medical expenses in order to care for,

monitor, and treat the numerous problems they have suffered and will suffer in the

future as a result of these defective products.  Additionally, the Plaintiffs have suffered physical impairment in the past and will suffer such damage in the future. These Plaintiffs sue for the physical pain and mental anguish they have suffered in the past and will suffer in the future.

Plaintiffs are also claiming for reimbursement of medical expenses, and costs that they have suffered in the past and will suffer in the future in connection with their prescriptions for Rezulin, medical testing and continued evaluation for liver damage, including liver function testing, ultrasounds, and liver biopsies in the past and in all probability further such testing in the future.  These Plaintiffs sue for the physical pain and mental anguish suffered in the past and which the Plaintiffs in reasonable medical probability will suffer in the future.   Plaintiffs who took Rezulin also request reimbursement from manufacturing and pharmacy Defendants/ for the costs and expenses associated with Plaintiffs' Rezulin prescriptions, testing and future medical expenses as well as mental anguish and pain.

Plaintiffs plead for maximum compensatory damages in the amount of $10,000,000 under each cause of action.  Plaintiffs plead for punitive damages in the amount of $1 Billion each.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, pray that upon final trial and hearing hereof, Plaintiff have judgment against Defendants for:

a.   general damages for a sum in excess of the minimum jurisdictional limits for this Court;

b.   exemplary damages;

c.     physical pain and suffering;

d.     reasonable attorney's fees;

e.     pre-judgment interest as provided by law;

f.     post-judgment interest as provided by law;

g.     all costs of court; and

h.     such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted by:

**LITTLEPAGE & ASSOCIATES, P.C.**

Zoe B. Littlepage TBA# 12430050
Chetna Gosain  TBA#24001435
Joshua H. Brockman  TBA #24012335
Brett Slobin, TBA # 24029837
408 Westheimer
Houston, Texas 77006
(713) 529-8000
(713) 529-8044 Facsimile

Attorneys for Plaintiffs

# *Littlepage & Associates, P.C.*

*Attorneys At Law*

408 Westheimer Street
Houston, Texas 77006

(713) 529-8000
(713) 529-8044 – Facsimile

*1-888-254-8442*

April 17, 2002



Ms. Pauline Gonzalez
District Clerk of Hidalgo County
Hidalgo County District Courthouse
100 N. Closner
Edinburg, TX  78540

RE:   Cause No. C-521-02-B; *John Allison, et al vs. Warner Lambert Company, et al*; In the
93rd Judicial District Court, Hidalgo County, Texas

Dear Ms. Gonzalez:

Enclosed please find:

1.   First Amended Petition (Three Copies – One copy for the Court's file, One copy to be returned
to us, and one copy to attach to Defendant's Citations)

2.   Firm check of $8.00 --Issuance of Citation for Defendant Gerardo Bueso, M.D.

Please issue the citation for service by certified mail, return receipt requested, on the following
Defendant and return to us in the enclosed envelope provided:

**DR. GERARDO BUESO**

1213 Hermann Drive
Houston, Tx 77004

Additionally, I would appreciate your indicating the date of receipt and filing on the attached copy of
this letter and petition and returning same in the enclosed envelope.  Thank you for your attention to
this matter.

Sincerely,

**LITTLEPAGE & ASSOCIATES, P.C.**

Brett Slobin

Enclosures

CAUSE NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; and KATRINA WOODS; | § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs | § § § | |
| v. | § § § | HIDALGO COUNTY, TEXAS |
| WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER, INCORPORATED GERARDO BUESO, M.D., GLOVER JOHNSON, M.D., ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D., RAUL RIVERA, M.D., SHELDON RUBENFIELD, M.D., SANDRA SCURRIA, M.D., DARRELL N. STEELE, M.D., JEANINE H. THOMAS, M.D., JORGE TREVINO, M.D., | § § § § § § § § § § § § § § § | |
| Defendants | § | 93rd JUDICIAL DISTRICT |

### PLAINTIFF AUSTIN METZ'S NOTICE OF NONSUIT OF DEFENDANT FERNANDO BUESO, M.D.

COMES NOW AUSTIN METZ, Plaintiff in the above styled and numbered cause of action, hereby gives notice, pursuant to Texas Rules of Civil Procedure 162, to this court and to all parties to this suit that he is taking a nonsuit of his case against Defendant FERNANDO BUESO, M.D., effective immediately on the filing of this notice; and that

all costs of Court are taxed against the parties incurring the same.  This nonsuit has no

effect on any other Plaintiff's claims in any other cause of action.


Respectfully submitted,

**LITTLEPAGE & ASSOCIATES, P.C.**


_Brett Sl_

Brett Slobin
State Bar No. 24029837
408 Westheimer Street
Houston, Texas 77006
(713) 529-8000
(713) 529-8044 FAX

**ATTORNEY FOR PLAINTIFF AUSTIN METZ**

# *Littlepage & Associates, P.C.*

*Attorneys At Law*

408 Westheimer Street
Houston, Texas 77006

(713) 529-8000
(713) 529-8044 – Facsimile

*1-888-254-8442*

April 17, 2002



Ms. Pauline Gonzalez
District Clerk of Hidalgo County
Hidalgo County District Courthouse
100 N. Closner
Edinburg, TX  78540

RE:   Cause No. C-521-02-B; *John Allison, et al vs. Warner Lambert Company, et al*; In the 93rd Judicial District Court, Hidalgo County, Texas

Dear Ms. Gonzalez:

Enclosed please find:

- Plaintiff Austin Metz's Notice of Nonsuit of Defendant Fernando Bueso, M.D.

Please file this document in the above-captioned case and return a file-stamped copy of this letter to me in the enclosed return envelope.

Thank you for your attention to this matter.

Sincerely,

**LITTLEPAGE & ASSOCIATES, P.C.**

Brett Slobin

Enclosures

NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; *et al* | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| WARNER LAMBERT COMPANY; *et al* | § | 93ʳᵈ JUDICIAL DISTRICT |

**DEFENDANT SANDRA SCURRIA, M.D.'S**
**MOTION TO TRANSFER VENUE**

COMES NOW Defendant, Sandra Scurria, M.D. and files this Motion to Transfer Venue

contemporaneously with her Original Answer and asks the Court to transfer this case to Harris

County, Texas.

### A. Introduction

1.      This product liability and medical malpractice lawsuit was filed on March 14, 2002.

Plaintiff, Margaret Knight was a patient of Defendant, Sandra Scurria, M.D.

2.      This case should be transferred from Hidalgo County, Texas to Harris County, Texas

for the following reasons:

(a)     Plaintiff has failed to established that venue is proper for any of Plaintiff's claims pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a);

(b)     Plaintiff has failed to established venue is proper for each Plaintiff's claim pursuant to TEX. CIV. PRAC. & REM. CODE §15.003;

(c)     Venue is proper in Harris County, Texas as to the claims asserted against Defendant, Sandra Scurria, M.D. pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a); and

(d)     Venue is proper based on the convenience of the parties and in the interest of justice pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(b).

## B. Argument

3.        Defendant, Sandra Scurria, M.D. specifically denies Plaintiffs' venue assertions contained within paragraph 15 of Plaintiffs' Original Petition.  Defendant, Sandra Scurria, M.D. specifically pleads that Plaintiffs have not established proper venue in Hidalgo County, Texas under §15.002(a).   *See* Affidavit of Sandra Scurria, M.D. attached hereto as Exhibit "A" and fully incorporated herein by reference.

4.        Defendant, Sandra Scurria, M.D. specifically pleads that Plaintiffs have not alleged venue is proper in Hidalgo County, Texas as to each Plaintiff's claims as is required by TEX. CIV. PRAC. & REM. CODE §15.003.

5.        For the convenience of the parties and witnesses and in the interest of justice, a court may transfer an action from a county of proper venue to any other county of proper venue on a motion of a defendant filed and served concurrently with or before the filing of the answer where the Court finds:

    a.        maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship;

    b.        the balance of interests of all the parties predominates in favor of the action being brought in the other county; and

    c.        the transfer of the action would not work án injustice to any other party.

*See* TEX. CIV. PRAC. & REM. CODE §15.002(b).

6.        Venue of this case is improper in Hidalgo County, Texas because no mandatory venue provision requires suit to be filed in Hidalgo County, Texas.

7.        Defendant, Sandra Scurria, M.D. is a resident of Houston, Harris County, Texas. Defendant, Sandra Scurria, M.D. was a resident of Houston, Harris County, Texas at the time he

provided the professional medical services to Plaintiff, Margaret Knight at issue in this lawsuit. Therefore, venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(2).

8.    All medical care and treatment provided by Defendant, Sandra Scurria, M.D. to Plaintiff, Margaret Knight occurred in Harris County, Texas. All of the alleged acts and/or omissions at issue with regard to Plaintiff, Margaret Knight's claims against Defendant, Sandra Scurria, M.D. occurred in Harris County, Texas. Therefore, venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

9.    Plaintiff, Margaret Knight is the only Plaintiff to whom Defendant, Sandra Scurria, M.D. has provided professional medical services.

10.    All of the alleged acts and/or omissions at issue with regard to the claims asserted against Defendant, Sandra Scurria, M.D. in this lawsuit occurred in Harris County, Texas. Therefore, the transfer will not work an injustice to any party, and Defendant, Sandra Scurria, M.D. respectfully requests that the Court transfer this case to Harris County, Texas.

### C. Conclusion

11.    Plaintiffs have not established that venue is proper in Hidalgo County, Texas. Defendant, Sandra Scurria, M.D. has established that venue is proper in Harris County, Texas and is more convenient in Harris County, Texas. Therefore, the Court should transfer this case to Harris County, Texas.

3

## D. Prayer

12.    WHEREFORE, Defendant, Sandra Scurria, M.D. requests the Court to set her motion

to transfer venue for hearing and, after the hearing, grant her motion and transfer this case to Harris

County, Texas.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

BY: _____
ANN P. WATSON
State Bar No. 20932900
RAYMOND A. NEUER
State Bar No. 14928350
JAMES W.K. WILDE
State Bar No. 21458200

2500 Two Houston Center
909 Fannin
Houston, Texas  77010-1003
(713) 951-1103
(713) 951-1199 (fax)

ATTORNEYS FOR DEFENDANT,
SANDRA SCURRIA, M.D.

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs and this Defendant were unable to reach an agreement on the merits
of this motion.

_____
Ann P. Watson

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was duly served upon all parties or their counsel of record by fax and/or hand delivery, return receipt requested, and/or by placing same in the United States Mail, certified mail, return receipt requested, postage prepaid, properly addressed to the individuals listed below, on this, the 30th day of April, 2002.

Ms. Zoe B. Littlepage
Ms. Chetna Gosain
Littlepage & Associates
408 Westheimer
Houston, Texas  77006

_____
Ann P. Watson

::ODMA\MJ IODMA\iManage;589151:1

5

NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; *et al* | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| WARNER LAMBERT COMPANY; *et al* | § | 93RD JUDICIAL DISTRICT |

## AFFIDAVIT OF SANDRA SCURRIA, M.D.

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, notary public in and for the State of Texas, on this day personally appeared Sandra Scurria, M.D., known to me to be the person whose name is subscribed hereto and, under oath, deposes and says:

1.  "My name is Sandra Scurria, M.D. I am over the age of twenty-one (21) years of age, am competent to make this affidavit, and have personal knowledge of the facts stated herein and they are true and correct. I have never been convicted of a felony or a crime of moral turpitude.

2.  I currently am a resident of Houston, Harris County, Texas. I am a licensed physician in the State of Texas.

3.  I provided professional medical services to Plaintiff, Margaret Knight from __7/16/96__ through __6/13/00__ *, at my office located in Houston, Harris County, Texas. All of the medical care and treatment that I provided to Plaintiff, Margaret Knight occurred in Harris County, Texas. I was a resident of Houston, Harris County, Texas at the time I provided professional medical services to Plaintiff, Margaret Knight.

4.  Plaintiff, Margaret Knight is the only Plaintiff in the case styled Cause No. C-521-02-B; *John Allison, et al.v. Warner Lambert Company, et al*; In the 93rd Judicial District Court of Hidalgo County, Texas to whom I have rendered professional medical services."

_M. Sandra Scurria M.D._
_____
Sandra Scurria, M.D.

* last patient office visit
8/14/00 last office interaction/note re patient

EXHIBIT

"A"

SUBSCRIBED and SWORN TO on this _26_ day of April, 2002, to certify which witness my hand and official seal of office.

Notary Public
In and for the State of Texas
My Commission Expires: _5-24-2003_

[Seal]

LORRETTA J REED
NOTARY PUBLIC
State of Texas
Comm. Exp. 05-24-2003

2

SHEEHY, SERPE & WARE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2500 TWO HOUSTON CENTER
909 FANNIN STREET
HOUSTON, TEXAS 77010-1003

TELEPHONE (713) 951-1000    TELECOPIER (713) 951-1199

**FILED**
AT _____ O'CLOCK _____ M
MAY 02 2002
PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By _____ Deputy

ANN P. WATSON
DIRECT LINE (713) 951-1103
E-MAIL AWATSON@SSWPC.COM

BOARD CERTIFIED, PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

April 30, 2002

GALVESTON OFFICE
2200 MARKET STREET, SUITE 700
GALVESTON, TEXAS 77550
(409) 621-1818

Ms. Pauline Gonzalez
District Clerk, Hidalgo County
100 N. Closner Street
Edinburg, Texas 78539

Re:     No. C-521-02-B; *John Allison, et al v. Warner Lambert Company, et al*; In the 93rd Judicial District Court of Hidalgo County, Texas

Dear Ms. Gonzalez:

Enclosed for filing in the above-referenced matter, you will find the original and one copy of Defendant, **Sandra Scurria, M.D.'s**:

1.      Motion to Transfer Venue;
2.      Original Answer Subject to Motion to Transfer Venue; and
3.      Demand for Trial by Jury Subject to Motion to Transfer Venue.

Please acknowledge receipt and time of filing in your customary manner, and return a file stamped copy to the undersigned in the enclosed self-addressed, stamped envelope.  By copy of this correspondence we are forwarding all counsel of record a copy of this filing.

Thank you for your assistance to this matter.

Very truly yours,

Ann P. Watson

:pac
enclosures

Ms. Pauline Gonzalez
April 30, 2002
Page 2


cc:   Ms. Zoe B. Littlepage                    VIA CERTIFIED MAIL
      Ms. Chetna Gosain                RRR #:  7001 0320 0004 3329 6681
      Littlepage & Associates
      408 Westheimer
      Houston, Texas  77006

NO. C-521-02-B

FILED
AT _____ O'CLOCK ____ M

MAY 02 2002

PAULINE G. GONZALEZ, CLERK
District Court Hidalgo County
_____ Deputy

| | | |
|---|---|---|
| JOHN ALLISON; *et al* | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| WARNER LAMBERT COMPANY; *et al* | § | 93ᴿᴰ JUDICIAL DISTRICT |

## SANDRA SCURRIA, M.D.'S ORIGINAL ANSWER
## SUBJECT TO MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Sandra Scurria, M.D., one of the Defendants in the above entitled and numbered cause and files this, her Original Answer to Plaintiffs' Original Petition, subject to her Motion to Transfer Venue[1] on file herein and in support thereof says as follows:

I.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure the Defendant enters herein her general denial and respectfully requests that the Plaintiff be required to prove her charges, assertions and allegations by a preponderance of the credible evidence as is required by the laws of the State of Texas.

II.

This Defendant, pursuant to the provisions of Section 11.02, 11.03, and 11.04 et seq of Article 4590i and Chapter 41, including §41.008, Texas Civil Practice and Remedies Code, pleads to the Court that her liability in this matter is limited and that the appropriate limitation should be imposed upon any verdict rendered in this cause.

---

[1]Sandra Scurria, M.D.'s Motion to Transfer Venue is filed concurrently and fully incorporated herein by reference.

### III.

Defendant hereby reserves her statutory rights to contribution or credit with respect to other parties in this case as set forth in Tex. Civ. Prac. & Rem. Code Ann. §§ 32 and 33 (Vernon 1986). Defendant specifically reserves the right to submit issues to the jury inquiring of all alleged liability of all defendants to this cause and/or settling defendants, or alternatively, reserves the right to elect a dollar-for-dollar credit for any settlement or monies or other valuable consideration paid to or for the benefit of Plaintiff, or alternatively, reserves the statutory right to avail himself of such percentage or dollar credits as provided by statute and the common law.

### IV.

For further and additional answer herein, your Defendant especially denies that she at any time failed to exercise ordinary care, but on the contrary would show unto the Court that if the Plaintiff herein sustained any injury which is not admitted, but is especially denied, that the same was caused wholly or in part by some act or failure to act on the part of some third person over whom this Defendant has no control or right of control.

### V.

Alternatively, this Defendant further pleads the defense of new and intervening cause.

### VI.

In the alternative, for further answer herein, if necessary, this Defendant says that the incident and damages complained of by the Plaintiff was an "Act of God" as that term is defined by the laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, the above answer is respectfully submitted to the Court by the Defendant, Sandra Scurria, M.D., who prays that the Plaintiff take nothing; that this Defendant be allowed to recover the costs which have been incurred by reason of the charges and allegations of the Plaintiff against this Defendant; and that the Court give this Defendant such other and further relief from these charges as the Court may feel that this Defendant is entitled to under the circumstances.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

BY: _____
    ANN P. WATSON
    State Bar No. 20932900
    RAYMOND A. NEUER
    State Bar No. 14928350
    JAMES W.K. WILDE
    State Bar No. 21458200

2500 Two Houston Center
909 Fannin
Houston, Texas  77010-1003
(713) 951-1103
(713) 951-1199 (fax)

ATTORNEYS FOR DEFENDANT,
SANDRA SCURRIA, M.D.

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was duly served upon all parties or their counsel of record by fax and/or hand delivery, return receipt requested, and/or by placing same in the United States Mail, certified mail, return receipt requested, postage prepaid, properly addressed to the individuals listed below, on this, the **30**th day of April, 2002.

Ms. Zoe B. Littlepage
Ms. Chetna Gosain
Littlepage & Associates
408 Westheimer
Houston, Texas  77006

Ann P. Watson

4

NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; *et al* | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| WARNER LAMBERT COMPANY; *et al* | § | 93RD JUDICIAL DISTRICT |

**FILED**
AT ___ O'CLOCK ___ M
___ 0 3 2002
GONZALEZ, CLERK
District Court, Hidalgo County
BY ___ Deputy

## DEMAND FOR TRIAL BY JURY
## SUBJECT TO MOTION TO TRANSFER VENUE

COMES NOW, Sandra Scurria, M.D., Defendant in the above styled and numbered cause

of action, and pursuant to Rule 216 of the Texas Rules of Civil Procedure files this her Demand for

Trial by Jury, subject to her Motion to Transfer Venue on file herein[1]. A jury fee has already been

paid in this matter.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

BY: _____
ANN P. WATSON
State Bar No. 20932900
RAYMOND A. NEUER
State Bar No. 14928350
JAMES W.K. WILDE
State Bar No. 21458200

2500 Two Houston Center
909 Fannin
Houston, Texas 77010-1003
(713) 951-1103
(713) 951-1199 (fax)

ATTORNEYS FOR DEFENDANT,
SANDRA SCURRIA, M.D.

---

[1]Sandra Scurria, M.D.'s Motion to Transfer Venue is filed concurrently and fully incorporated herein by
reference.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was duly served upon all parties or their counsel of record by fax and/or hand delivery, return receipt requested, and/or by placing same in the United States Mail, certified mail, return receipt requested, postage prepaid, properly addressed to the individuals listed below, on this, the 30th day of April, 2002.

Ms. Zoe B. Littlepage
Ms. Chetna Gosain
Littlepage & Associates
408 Westheimer
Houston, Texas  77006

Ann P. Watson

2

NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; *et al* | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| WARNER LAMBERT COMPANY; *et al* | § | 93RD JUDICIAL DISTRICT |

FILED

MAY 02 2002

PAULINE G. GONZALEZ, CLERK
District Court, Hidalgo County
BY _____ Deputy

## DEFENDANT GLOVER JOHNSON, M.D.'S
## MOTION TO TRANSFER VENUE

COMES NOW Defendant, Glover Johnson, M.D. and files this Motion to Transfer Venue

contemporaneously with his Original Answer and asks the Court to transfer this case to Harris

County, Texas.

### A. Introduction

1.     This product liability and medical malpractice lawsuit was filed on March 14, 2002.

Plaintiff, Katrina Woods was a patient of Defendant, Glover Johnson, M.D.

2.     This case should be transferred from Hidalgo County, Texas to Harris County, Texas

for the following reasons:

> (a)     Plaintiff has failed to established that venue is proper for any
>          Plaintiff's claims pursuant to TEX. CIV. PRAC. & REM. CODE
>          §15.002(a);
>
> (b)     Plaintiff has failed to established venue is proper for each
>          Plaintiff's claim pursuant to TEX. CIV. PRAC. & REM. CODE
>          §15.003;
>
> (c)     Venue is proper in Harris County, Texas as to the claims
>          asserted against Defendant, Glover Johnson, M.D. pursuant
>          to TEX. CIV. PRAC. & REM. CODE §15.002(a); and
>
> (d)     Venue is proper based on the convenience of the parties and
>          in the interest of justice pursuant to TEX. CIV. PRAC. & REM.
>          CODE §15.002(b).

**B. Argument**

3.      Defendant, Glover Johnson, M.D. specifically denies Plaintiffs' venue assertions contained within paragraph 15 of Plaintiffs' Original Petition.  Defendant, Glover Johnson, M.D. specifically pleads that Plaintiffs have not established proper venue in Hidalgo County, Texas under §15.002(a).  *See* Affidavit of Glover Johnson, M.D. attached hereto as Exhibit "A" and fully incorporated herein by reference.

4.      Defendant, Glover Johnson, M.D. specifically pleads that Plaintiffs have not alleged venue is proper in Hidalgo County, Texas as to each Plaintiff's claims as is required by TEX. CIV. PRAC. & REM. CODE §15.003.

5.      For the convenience of the parties and witnesses and in the interest of justice, a court may transfer an action from a county of proper venue to any other county of proper venue on a motion of a defendant filed and served concurrently with or before the filing of the answer where the Court finds:

   a.      maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship;

   b.      the balance of interests of all the parties predominates in favor of the action being brought in the other county; and

   c.      the transfer of the action would not work an injustice to any other party.

*See* TEX. CIV. PRAC. & REM. CODE §15.002(b).

6.      Venue of this case is improper in Hidalgo County, Texas because no mandatory venue provision requires suit to be filed in Hidalgo County, Texas.

7.      Defendant, Glover Johnson, M.D. is a resident of Houston, Harris County, Texas. Defendant, Glover Johnson, M.D. was a resident of Houston, Harris County, Texas at the time he

2

provided the professional medical services to Plaintiff, Katrina Woods at issue in this lawsuit. Therefore. venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(2).

8.    All medical care and treatment provided by Defendant, Glover Johnson, M.D. to Plaintiff, Katrina Woods occurred in Harris County, Texas. All of the alleged acts and/or omissions at issue with regard to Plaintiff, Katrina Woods's claims against Defendant, Glover Johnson, M.D. occurred in Harris County, Texas. Therefore, venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

9.    Plaintiff, Katrina Woods is the only Plaintiff to whom Defendant, Glover Johnson, M.D. has provided professional medical services.

10.    All of the alleged acts and/or omissions at issue with regard to the claims asserted against Defendant, Glover Johnson, M.D. in this lawsuit occurred in Harris County, Texas. Therefore, the transfer will not work an injustice to any party, and Defendant, Glover Johnson, M.D. respectfully requests that the Court transfer this case to Harris County, Texas.

### C. Conclusion

11.    Plaintiffs have not established that venue is proper in Hidalgo County, Texas. Defendant, Glover Johnson, M.D. has established that venue is proper in Harris County, Texas and is more convenient in Harris County, Texas. Therefore, the Court should transfer this case to Harris County, Texas.

3

### D. Prayer

12.    WHEREFORE, Defendant, Glover Johnson, M.D. requests the Court to set his

motion to transfer venue for hearing and, after the hearing, grant his motion and transfer this case

to Harris County, Texas.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

BY: _____

ANN P. WATSON
State Bar No. 20932900
RAYMOND A. NEUER
State Bar No. 14928350
JAMES W.K. WILDE
State Bar No. 21458200

2500 Two Houston Center
909 Fannin
Houston, Texas  77010-1003
(713) 951-1103
(713) 951-1199 (fax)

ATTORNEYS FOR DEFENDANT,
GLOVER JOHNSON, M.D.

### CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs and this Defendant were unable to reach an agreement on the merits
of this motion.

Ann P. Watson

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was duly served upon all parties or their counsel of record by fax and/or hand delivery, return receipt requested, and/or by placing same in the United States Mail, certified mail, return receipt requested, postage prepaid, properly addressed to the individuals listed below, on this, the 30th day of April, 2002.

Ms. Zoe B. Littlepage
Ms. Chetna Gosain
Littlepage & Associates
408 Westheimer
Houston, Texas  77006

Ann P. Watson

::ODMA\MHODMA·iManage:589120;1

5

NO. C-521-02-B

| JOHN ALLISON; *et al* | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| WARNER LAMBERT COMPANY; *et al* | § | 93ᴿᴰ JUDICIAL DISTRICT |

## AFFIDAVIT OF GLOVER JOHNSON, M.D.

| THE STATE OF TEXAS | § |
|---|---|
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, notary public in and for the State of Texas, on this day personally appeared Glover Johnson, M.D., known to me to be the person whose name is subscribed hereto and, under oath, deposes and says:

1. "My name is Glover Johnson, M.D. I am over the age of twenty-one (21) years of age, am competent to make this affidavit, and have personal knowledge of the facts stated herein and they are true and correct. I have never been convicted of a felony or a crime of moral turpitude.

2. I currently am a resident of Houston, Harris County, Texas. I am a licensed physician in the State of Texas.

3. I provided professional medical services to Plaintiff, Katrina Woods from *March 1998* through *4/3/02* at my office located in Houston, Harris County, Texas. All of the medical care and treatment that I provided to Plaintiff, Katrina Woods occurred in Harris County, Texas. I was a resident of Houston, Harris County, Texas at the time I provided professional medical services to Plaintiff, Katrina Woods.

4. Plaintiff, Katrina Woods is the only Plaintiff in the case styled Cause No. C-521-02-B; *John Allison, et al v. Warner Lambert Company, et al;* In the 93ʳᵈ Judicial District Court of Hidalgo County, Texas to whom I have rendered professional medical services."

_____
Glover Johnson, M.D.

EXHIBIT
"A"

SUBSCRIBED and SWORN TO on this 29 day of April, 2002, to certify which witness my hand and official seal of office.

[Seal]

_____
Notary Public
In and for the State of Texas
My Commission Expires: 4/22/05

CAROLYN ANN LACY
Notary Public, State of Texas
My Commission Expires
April 22, 2005

2

SHEEHY, SERPE & WARE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2500 TWO HOUSTON CENTER
909 FANNIN STREET
HOUSTON, TEXAS 77010-1003

TELEPHONE (713) 951-1000          TELECOPIER (713) 951-1199

**FILED**

AT _____ O'CLOCK _____ M

MAY 0 2 2002

PAULINE G. GONZALEZ, CLERK
District Courts,  . . .  County
By _____ Deputy

April 30, 2002

GALVESTON OFFICE
2200 MARKET STREET, SUITE 700
CALVESTON, TEXAS 77550
(409) 621-1818

Ms. Pauline Gonzalez
District Clerk, Hidalgo County
100 N. Closner Street
Edinburg, Texas 78539

Re:     No. C-521-02-B; *John Allison, et al v. Warner Lambert Company, et al*; In the 93rd Judicial District Court of Hidalgo County, Texas

Dear Ms. Gonzalez:

Enclosed for filing in the above-referenced matter, you will find the original and one copy of Defendant, Glover Johnson, M.D.'s:

1.     Motion to Transfer Venue;
2.     Original Answer Subject to Motion to Transfer Venue; and
3.     Demand for Trial by Jury Subject to Motion to Transfer Venue.

Please acknowledge receipt and time of filing in your customary manner, and return a file stamped copy to the undersigned in the enclosed self-addressed, stamped envelope. By copy of this correspondence we are forwarding all counsel of record a copy of this filing.

Thank you for your assistance to this matter.

Very truly yours,

Ann P. Watson

:pac
enclosures

Ms. Pauline Gonzalez
April 30, 2002
Page 2

cc:    Ms. Zoe B. Littlepage                          **VIA CERTIFIED MAIL**
       Ms. Chetna Gosain                          **RRR #:  7001 0320 0004 3329 6581**
       Littlepage & Associates
       408 Westheimer
       Houston, Texas  77006

SHEEHY, SERPE & WARE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2500 TWO HOUSTON CENTER
909 FANNIN STREET
HOUSTON, TEXAS 77010-1003

TELEPHONE (713) 951-1000   TELECOPIER (713) 951-

**FILED**

AT _____ O'CLOCK _____ M

MAY 0 2 2002

PAULINE G. GONZALEZ, CLERK
District Courts, _____ County
By _____ Deputy

GALVESTON OFFICE
2200 MARKET STREET, SUITE 700
GALVESTON, TEXAS 77550
(409) 621-1818

April 30, 2002

Ms. Pauline Gonzalez
District Clerk, Hidalgo County
100 N. Closner Street
Edinburg, Texas 78539

Re:   No. C-521-02-B; *John Allison, et al v. Warner Lambert Company, et al*; In the 93rd Judicial District Court of Hidalgo County, Texas

Dear Ms. Gonzalez:

Enclosed for filing in the above-referenced matter, you will find the original and one copy of Defendant, Glover Johnson, M.D.'s:

1.   Motion to Transfer Venue;
2.   Original Answer Subject to Motion to Transfer Venue; and
3.   Demand for Trial by Jury Subject to Motion to Transfer Venue.

Please acknowledge receipt and time of filing in your customary manner, and return a file stamped copy to the undersigned in the enclosed self-addressed, stamped envelope. By copy of this correspondence we are forwarding all counsel of record a copy of this filing.

Thank you for your assistance to this matter.

Very truly yours.

Ann P. Watson

:pac
enclosures

NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; *et al* | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| WARNER LAMBERT COMPANY; *et al* | § | 93RD JUDICIAL DISTRICT |

## GLOVER JOHNSON, M.D.'S ORIGINAL ANSWER
## SUBJECT TO MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Glover Johnson, M.D., one of the Defendants in the above entitled and numbered cause and files this, his Original Answer to Plaintiffs' Original Petition, subject to his Motion to Transfer Venue[1] on file herein and in support thereof says as follows:

I.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure the Defendant enters herein his general denial and respectfully requests that the Plaintiff be required to prove her charges, assertions and allegations by a preponderance of the credible evidence as is required by the laws of the State of Texas.

II.

This Defendant, pursuant to the provisions of Section 11.02, 11.03, and 11.04 et seq of Article 4590i and Chapter 41, including §41.008, Texas Civil Practice and Remedies Code, pleads to the Court that his liability in this matter is limited and that the appropriate limitation should be imposed upon any verdict rendered in this cause.

---

[1]Glover Johnson, M.D.'s Motion to Transfer Venue is filed concurrently and fully incorporated herein by reference.

### III.

Defendant hereby reserves his statutory rights to contribution or credit with respect to other parties in this case as set forth in Tex. Civ. Prac. & Rem. Code Ann. §§ 32 and 33 (Vernon 1986). Defendant specifically reserves the right to submit issues to the jury inquiring of all alleged liability of all defendants to this cause and/or settling defendants, or alternatively, reserves the right to elect a dollar-for-dollar credit for any settlement or monies or other valuable consideration paid to or for the benefit of Plaintiff, or alternatively, reserves the statutory right to avail himself of such percentage or dollar credits as provided by statute and the common law.

### IV.

For further and additional answer herein, your Defendant especially denies that he at any time failed to exercise ordinary care, but on the contrary would show unto the Court that if the Plaintiff herein sustained any injury which is not admitted, but is especially denied, that the same was caused wholly or in part by some act or failure to act on the part of some third person over whom this Defendant has no control or right of control.

### V.

Alternatively, this Defendant further pleads the defense of new and intervening cause.

### VI.

In the alternative, for further answer herein, if necessary, this Defendant says that the incident and damages complained of by the Plaintiff was an "Act of God" as that term is defined by the laws of the State of Texas.

2

WHEREFORE, PREMISES CONSIDERED, the above answer is respectfully submitted to the Court by the Defendant, Glover Johnson, M.D., who prays that the Plaintiff take nothing; that this Defendant be allowed to recover the costs which have been incurred by reason of the charges and allegations of the Plaintiff against this Defendant; and that the Court give this Defendant such other and further relief from these charges as the Court may feel that this Defendant is entitled to under the circumstances.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

BY: _____

ANN P. WATSON
State Bar No. 20932900
RAYMOND A. NEUER
State Bar No. 14928350
JAMES W.K. WILDE
State Bar No. 21458200

2500 Two Houston Center
909 Fannin
Houston, Texas 77010-1003
(713) 951-1103
(713) 951-1199 (fax)

ATTORNEYS FOR DEFENDANT,
GLOVER JOHNSON , M.D.

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was duly served upon all parties or their counsel of record by fax and/or hand delivery, return receipt requested, and/or by placing same in the United States Mail, certified mail, return receipt requested, postage prepaid, properly addressed to the individuals listed below, on this, the **30TH** day of April, 2002.

Ms. Zoe B. Littlepage
Ms. Chetna Gosain
Littlepage & Associates
408 Westheimer
Houston, Texas  77006

Ann P. Watson

4

NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; *et al* | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| WARNER LAMBERT COMPANY; *et al* | § | 93RD JUDICIAL DISTRICT |

FILED

__ O'CLOCK __ M

MAY 02 2002

PAULINE G. GONZALEZ, CLERK
Hidalgo County

BY _____ Deputy

## DEMAND FOR TRIAL BY JURY
## SUBJECT TO MOTION TO TRANSFER VENUE

COMES NOW, Glover Johnson, M.D., Defendant in the above styled and numbered cause

of action, and pursuant to Rule 216 of the Texas Rules of Civil Procedure files this his Demand for

Trial by Jury, subject to his Motion to Transfer Venue on file herein[1]. A jury fee has already been

paid in this matter.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

BY: _____

ANN P. WATSON
State Bar No. 20932900
RAYMOND A. NEUER
State Bar No. 14928350
JAMES W.K. WILDE
State Bar No. 21458200

2500 Two Houston Center
909 Fannin
Houston, Texas 77010-1003
(713) 951-1103
(713) 951-1199 (fax)

ATTORNEYS FOR DEFENDANT,
GLOVER JOHNSON, M.D.

---

[1]Glover Johnson, M.D.'s Motion to Transfer Venue is filed concurrently and fully incorporated herein by
reference.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was duly served upon all parties or their counsel of record by fax and/or hand delivery, return receipt requested, and/or by placing same in the United States Mail, certified mail, return receipt requested, postage prepaid, properly addressed to the individuals listed below, on this, the 30th day of April, 2002.

Ms. Zoe B. Littlepage
Ms. Chetna Gosain
Littlepage & Associates
408 Westheimer
Houston, Texas 77006

Ann P. Watson

2

CAUSE NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; AND KATRINA WOODS; | § § § § § § § § § § | IN THE DISTRICT COURT |
| PLAINTIFFS, | § § | |
| VS. | § § | 93RD JUDICIAL DISTRICT |
| WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER, INCORPORATED, FERNANDO BUESO, M.D., GLOVER JOHNSON, M.D., ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D., RAUL RIVERA, M.D., SHELDON RUBENFIELD, M.D., SANDRA SCURRIA, M.D., DARRELL N. STEELE, M.D., JEANINE H. THOMAS, M.D., JORGE TREVINO, M.D. | § § § § § § § § § § § § § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

*(stamp: FILED AT ___ O'CLOCK ___ M, MAY 6 2002, PAULINE G. GONZALEZ, CLERK, District Court, Hidalgo County, By ___ Deputy)*

## DEFENDANT AYAPRAKASH REDDY, M.D.'S MOTION TO TRANSFER VENUE WITH ANSWER SUBJECT THERETO

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **AYAPRAKASH REDDY, M.D.,** Defendant herein, and files this

his Motion to Transfer Venue With Answer Subject Thereto, and would respectfully show

unto the Court the following:

## I.

This cause of action against this Defendant arises out of an alleged issuance of a prescription for Rezulin. The alleged issuance of the prescription, if it occurred at all by this Defendant, would have taken place in Terrell, Kaufman County, Texas. In addition, this Defendant at the time the alleged cause of action occurred resided and resides in Terrell, Kaufman County, Texas. Pursuant to the Texas Civil Practice and Remedies Code §15.002(a), (1) and (2) and Subsection (b), this case should be transferred to Kaufman County, because the County where the action is currently pending is not a proper County for Venue. This Defendant specifically denies all of Plaintiffs' venue facts as alleged and would state that the venue facts alleged are not sufficient to overcome the provisions of the Texas Civil Practice and Remedies Code §15.002 (1), and (2) and Subsection (b).

## II.

In addition, this Defendant maintains that pursuant to The Texas Civil Practice and Remedies Code §15.002 (b), venue in Kaufman County would be convenient for the parties and witnesses.

## III.

Section 15.002 (1), and (2) of the Texas Civil Practice and Remedies Code states the following:

> Except as otherwise provided by this sub-chapter or sub-chapter B or C, all lawsuits shall be brought (1) "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;" (2) "in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person."

Section 15.002 (4) provides that, "if Subdivisions 1, 2, and 3 do not apply, in the county in which the Plaintiffs resided at the time of the accrual of the cause of action." Section 15.002 (1) and (3) do apply, therefore Section 15.002 (4) does not. As such, venue is not proper in the county where Plaintiffs resided at the time of the accrual of the cause of action.

V.

Defendant would again state that under the provisions of Civil Practice and Remedies Code §15.002(b), in the interest of justice and for the convenience of the parties and witnesses, the court should transfer the suit to Kaufman County, which is the county of proper Venue. In support of this request, this Defendant will point out to the Court the following:

1.     Kaufman County is believed to be where the prescription subject of this lawsuit was made.

2.     Any witnesses to the alleged issuance of the prescription would be located in and around the area of Kaufman County. It would be an inconvenience to witnesses to have to appear for depositions, court and discovery matters in Hidalgo County.

3.     The use of Rezulin, and all of its alleged effects, by Plaintiff Betty Emehiser, if in fact it occurred, would have taken place in Kaufman County, Texas.

VI.

This case should be transferred to Kaufman County, Texas. Venue is not only maintainable but required in this County under Section 15.002(a), (1) and (2), and

Page 3

Subsection (b) of the Texas Civil Remedies and Practice Code.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **AYAPRAKASH REDDY, M.D.,** respectfully requests that this Court grant his Motion to Transfer Venue and transfer this cause to the District Court of Kaufman County, Texas, and tax all cost incurred against the Plaintiffs, and that this Defendant have such other and further relief to which he may be justly entitled.

Respectfully submitted,

BY: _____
JOSE L. GAMEZ
State Bar No. 07607100

**ATTORNEY-IN-CHARGE FOR DEFENDANT
AYAPRAKASH REDDY, M.D.**

OF COUNSEL:

MEREDITH, DONNELL & ABERNETHY
Water Tower Centre
612 Nolana, Suite 560
McAllen, Texas 78504
Telephone: (956) 618-4477
Telecopier: (956) 618-4557

Page 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document, has been forwarded via certified mail, return receipt requested, on this the _ 6th __ day of _May____, 2002, to the following:

Zoe B. Littlepage
Littlepage & Associates, P.C.
408 Westheimer
Houston, Texas 77006
Tel: 713/529-8000
Fax: 713/529-8044
**ATTORNEY FOR PLAINTIFFS**

JOSE L. GAMEZ

CAUSE NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; AND KATRINA WOODS; | § § § § § § § § § | IN THE DISTRICT COURT |
| PLAINTIFFS, | § § | |
| VS. | § § | 93RD JUDICIAL DISTRICT |
| WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER, INCORPORATED, FERNANDO BUESO, M.D., GLOVER JOHNSON, M.D., ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D., RAUL RIVERA, M.D., SHELDON RUBENFIELD, M.D., SANDRA SCURRIA, M.D., DARRELL N. STEELE, M.D., JEANINE H. THOMAS, M.D., JORGE TREVINO, M.D. | § § § § § § § § § § § § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## ORDER SETTING HEARING

CAME ON TO BE CONSIDERED Defendant, **AYAPRAKASH REDDY, M.D.**'s

Motion to Transfer Venue With Answer Subject Thereto and the Court hereby sets an oral

hearing on said Motion for the 27 $^{th}$ day of _June_ , 2002, at _9ᵢₑₗₗ_ o'clock _A_.m.

in the 93rd Judicial District Court, in Edinburg, Hidalgo County, Texas.

_____
JUDGE PRESIDING

cc:     Zoe B. Littlepage, Littlepage & Associates, P.C., 408 Westheimer, Houston, TX 77006. Fax: 713/529-8044.
         Jose L. Gamez, Meredith, Donnell & Abernethy, Water Tower Centre, McAllen, TX 78504. Fax: 956/618-4557.

Page 6

# MEREDITH, DONNELL & ABERNETHY
## A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

CORPUS CHRISTI OFFICE
ONE SHORELINE PLAZA
800 N. SHORELINE
SUITE 1500 - NORTH TOWER
CORPUS CHRISTI, TEXAS 78401
(361) 888-5551
FAX (361) 880-5618

WATER TOWER CENTRE
612 NOLANA, SUITE 560
McALLEN, TEXAS 78504
(956) 618-4477          FAX (956) 618-4557

JOSE L. GAMEZ
JGAMEZ@MDACC.COM

ADDRESS REPLY TO:
McALLEN

**FILED**
AT _____O'CLOCK _____ M

MAY −6 2002

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By_____Deputy

May 3, 2002

***VIA HAND DELIVERY***
Mrs. Pauline G. Gonzalez
Hidalgo County District Clerk
Hidalgo County Courthouse
P.O. Box 87
Edinburg, Texas 78540

Re:   Cause No. C-521-02-B; John Allison, et al vs. Warner Lambert Company, et al; In the 93rd Judicial District Court of Hidalgo County, Texas.

**INSTRUMENT(S):** **(1)** **Defendant Ayaprakash Reddy, M.D.'S Motion to Transfer Venue with Answer Subject Thereto; Order Setting Hearing and Order Granting; and**

**(2)** **Original Answer of Defendant Ayaprakash Reddy, M.D., Subject to his Motion to Transfer Venue.**

Dear Mrs. Gonzalez:

Enclosed herewith, please find the above-referenced instrument(s) for filing at this time. Please acknowledge receipt and filing of same by placing your file mark on the enclosed copy(ies) of the instrument(s), and returning same to me in the enclosed, stamped, self-addressed envelope.

By copy of this letter opposing counsel, as shown below, is being notified of same. Thank you for your courtesies and assistance with this matter.

Very truly yours,

MEREDITH, DONNELL & ABERNETHY

JOSE L. GAMEZ

JLG:vm
Enclosures
L:\ATTYS\JLG\Allison.War\Corresp\Filing\FILE.01

cc:   Zoe B. Littlepage   ***VIA CM;RRR #7001 2510 0001 6513 0585***
Littlepage & Associates, P.C.
408 Westheimer
Houston, Texas 77006

Mrs. Pauline G. Gonzalez
Hidalgo County District Clerk
May 3, 2002
Page 2

bcc:   Mr. Chris DuBois
       Frontier Insurance Company in Rehabilitation
       195 Lake Louise Marie Road
       Rock Hill, NY 12775-8000

       Mr. Barton W. Bloom, Esq.
       Chief Associate Attorney II

       Cherie L. Mosher, AIC
       Claims Examiner

            Re:   Claim No.    :    03M23625
                  Claimant     :    Emehiser, et al
                  Insured      :    Ayaprakash Reddy, M.D.
                  DOL          :    12/11/98

CAUSE NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA | § | IN THE DISTRICT COURT |
| BONNER; BETTY EMEHISER; | § | |
| GILBERT GARCIA; ROSARIO | § | |
| GONZALEZ; BENJAMIN HATHOOT; | § | |
| JESSIE JONES; MARGARET KNIGHT; | § | |
| DONALD LAVRINC, JR.; AUSTIN | § | |
| METZ, JR.; LONNIE ROBINSON; | § | |
| ROOSEVELT THOMAS; AND KATRINA | § | |
| WOODS; | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| WARNER LAMBERT COMPANY, | § | |
| PARKE DAVIS DIVISION OF WARNER | § | |
| LAMBERT COMPANY, PFIZER, | § | |
| INCORPORATED, FERNANDO BUESO, | § | |
| M.D., GLOVER JOHNSON, M.D., | § | |
| ERIC ORZEK, M.D., AYAPRAKASH | § | |
| REDDY, M.D., RAUL RIVERA, M.D., | § | |
| SHELDON RUBENFIELD, M.D., | § | |
| SANDRA SCURRIA, M.D., DARRELL N. | § | |
| STEELE, M.D., JEANINE H. THOMAS, | § | |
| M.D., JORGE TREVINO, M.D. | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

**FILED** AT 2:00 O'CLOCK P M
MAY - 6 2002
PAULINE G. GONZALEZ, CLERK
District Courts Hidalgo County
BY _____ Deputy

## ORIGINAL ANSWER OF DEFENDANT AYAPRAKASH REDDY, M.D., SUBJECT TO HIS MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **AYAPRAKASH REDDY, M.D.**, Defendant in the above

styled and numbered cause, and reserving the right to file other and further pleadings,

exceptions, and denials, files this his Original Answer, Subject to his Motion to Transfer

Venue to Plaintiffs' pleadings heretofore filed and would respectfully show the Court and Jury the following, to-wit:

I.

Subject to such stipulations and admissions as may hereinafter be made, this Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and this Defendant respectfully requests that Plaintiffs be required to prove the charges and allegations made against this Defendant by a preponderance of the evidence as required by the Constitution and laws of The State of Texas and Defendant hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant, **AYAPRAKASH REDDY, M.D.**, respectfully prays that upon a final hearing hereof that Plaintiffs recover nothing of and from this Defendant and that the Court enter Judgment that the Defendant go hence without day with all costs of Court, and for such other and further relief to which this Defendant might show himself justly entitled to receive.

Respectfully submitted,

By: _____
JOSE L. GAMEZ
State Bar No. 07607100

ATTORNEY-IN-CHARGE FOR DEFENDANT
**AYAPRAKASH REDDY, M.D.**

- 2 -

OF COUNSEL:

MEREDITH, DONNELL & ABERNETHY
Water Tower Centre
612 Nolana, Suite 560
McAllen, Texas  78504
Telephone No. :  (956) 618-4477
Telecopier No.:  (956) 618-4557

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that a true and correct copy of the above and foregoing document, has been forwarded via certified mail, return receipt requested, on this the _6th_ day of _May_____, 2002, to the following:

Zoe B. Littlepage
Littlepage & Associates, P.C.
408 Westheimer
Houston, Texas 77006
Tel: 713/529-8000
Fax: 713/529-8044
**ATTORNEY FOR PLAINTIFFS**


JOSE L. GAMEZ

F.LED

AT _____ O'CLOCK _____ M

CAUSE NO. C--521-02-B    MAY - 6 2002

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; and KATRINA WOODS; | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | PAULIN THE DISTRICT COURT OF<br>District Courts, Hidalgo Cou...<br>By _____ Der |
| **Plaintiffs** | §<br>§ | |
| vs. | §<br>§ | **HIDALGO COUNTY, TEXAS** |
| WARNER LAMBERT COMPANY, PARKE-DAVIS DIVISION OF WARNER-LAMBERT COMPANY, PFIZER, INCORPORATED, FERNANDO BUESO, M.D.; GLOVER JOHNSON, M.D.; ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D.; RAUL RIVERA, M.D.; SHELDON RUBENFIELD, M.D. SANDRA SCURRIA, M.D.; DARRELL N. STEELE, M.D.; JEANINE H. THOMAS, M.D.; JORGE TREVINO, M.D., | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| **Defendants** | § | **93RD JUDICIAL DISTRICT COURT** |

## DEFENDANTS WARNER-LAMBERT COMPANY AND PFIZER INC.'S MOTION TO TRANSFER VENUE

Defendants Warner-Lambert Company, on its own behalf and on behalf of its unincorporated

Parke-Davis division, and Pfizer Inc. (hereinafter respectively referred to as "Warner-Lambert" and

"Pfizer"), file this Motion to Transfer Venue, in accordance with Rule 86 of the Texas Rules of Civil

Procedure, and ask the court to permit the time necessary for venue discovery that will enable

Defendants Warner-Lambert and Pfizer to determine the counties for which venue is proper as to each of the thirteen separate Plaintiffs asserting claims in this lawsuit.

## I. INTRODUCTION

1.      Plaintiffs allege product liability claims against Warner-Lambert and Pfizer relating to Rezulin® tablets, a prescription drug manufactured and sold by Warner-Lambert. Furthermore, ten of these thirteen plaintiffs assert claims for breach of express and implied warranties against one of each of following ten Defendant doctors: Fernando Bueso, M.D.; Glover Johnson, M.D.; Eric Orzek, M.D.; Ayaprakash Reddy, M.D.; Raul Rivera, M.D.; Sheldon Rubenfield, M.D.; Sandra Scurria, M.D.; Darrell N. Steele, M.D.; Jeanine H. Thomas, M.D.; and Jorge Trevino (collectively, the "Defendant doctors").

2.      This action represents a blatant attempt by the Plaintiffs to forum shop where they fail to allege any facts evidencing: (1) that any acts or omissions giving rise to their claims occurred in Hidalgo County; (2) that any Plaintiff resided in Hidalgo County at the time their causes of action occurred; and (3) that any Plaintiff was prescribed or sold Rezulin® by any named defendant who resides or maintains a principal office in Hidalgo County.

3.      There are thirteen separate Plaintiffs in this case. The Plaintiffs are: (1) John Allison; (2) Georgianna Bonner; (3) Betty Emehiser; (4) Gilbert Garcia; (5) Rosario Gonzalez; (6) Benjamin Hathoot; (7) Jessie Jones; (8) Margaret Knight; (9) Donald Lavrinc, Jr.; (10) Austin Metz, Jr.; (11) Lonnie Robinson; (12) Roosevelt Thomas; and (13) Katrina Woods. Conspicuously, Plaintiffs' Original Petition fails to allege the county of residence for any of the Plaintiffs at the time their

respective causes of action accrued. Further, Plaintiffs' Original Petition fails to allege which, if <u>any</u>, plaintiffs reside in Hidalgo County.

4.     Defendant Warner-Lambert Company is not a resident of Hidalgo County, Texas, and does not maintain a principal office in Texas.

5.     Defendant Pfizer Inc. is not a resident of Hidalgo County, Texas, and does not maintain a principal office in Texas.

6.     Plaintiffs' Original Petition alleges that Defendant Fernando Bueso, M.D. ("Dr. Bueso") is a citizen and resident of Texas, and Plaintiffs requested service upon Dr. Bueso in Houston, Harris County, Texas. Plaintiffs' Original Petition alleges that only one Plaintiff, Austin Metz, Jr., was prescribed Rezulin® by Dr. Bueso.

7.     Plaintiffs' Original Petition alleges that Defendant Glover Johnson, M.D. ("Dr. Johnson") is a citizen and resident of Texas, and Plaintiffs requested service upon Dr. Johnson  in Houston, Harris County, Texas. Plaintiffs' Original Petition alleges that only one Plaintiff, Katrina Woods, was prescribed Rezulin® by Dr. Johnson.

8.     Plaintiffs' Original Petition alleges that Defendant Eric Orzek, M.D. ("Dr. Orzek") is a citizen and resident of Texas, and Plaintiffs requested service upon Dr. Orzek in Houston, Harris County, Texas. Plaintiffs' Original Petition alleges that only one Plaintiff, Gilbert Garcia, was prescribed Rezulin® by Dr. Orzek.

9.     Plaintiffs' Original Petition alleges that Defendant Ayaprakash Reddy, M.D. ("Dr. Reddy") is a citizen and resident of Texas, and Plaintiffs requested service upon Dr. Reddy in

Terrell, Kaufman County, Texas. Plaintiffs' Original Petition alleges that only one Plaintiff, Betty Emehiser, was prescribed Rezulin® by Dr. Reddy.

10.     Plaintiffs' Original Petition alleges that Defendant Raul Rivera, M.D. ("Dr. Rivera") is a citizen and resident of Texas, and Plaintiffs requested service upon Dr. Rivera in Pasadena, Harris County, Texas. Plaintiffs' Original Petition alleges that only one Plaintiff, Jessie Jones, was prescribed Rezulin® by Dr. Rivera.

11.     Plaintiffs' Original Petition alleges that Defendant Sheldon Rubenfield, M.D. ("Dr. Rubenfield") is a citizen and resident of Texas, and Plaintiffs requested service upon Dr. Rubenfield in Houston, Harris County, Texas. Plaintiffs' Original Petition alleges that only one Plaintiff, Georgianna Bonner, was prescribed Rezulin® by Dr. Rubenfield.

12.     Plaintiffs' Original Petition alleges that Defendant Sandra Scurria, M.D. ("Dr. Scurria") is a citizen and resident of Texas, and Plaintiffs requested service upon Dr. Scurria in Houston, Harris County, Texas. Plaintiffs' Original Petition alleges that only one Plaintiff, Margaret Knight, was prescribed Rezulin® by Dr. Scurria.

13.     Plaintiffs' Original Petition alleges that Defendant Darrell N. Steele, M.D. ("Dr. Steele") is a citizen and resident of Texas, and Plaintiffs requested service upon Dr. Steele in Hurst, Tarrant County, Texas. Plaintiffs' Original Petition alleges that only one Plaintiff, John Allison, was prescribed Rezulin® by Dr. Steele.

14.     Plaintiffs' Original Petition alleges that Defendant Jeanine H. Thomas, M.D. ("Dr. Thomas") is a citizen and resident of Texas, and Plaintiffs requested service upon Dr. Thomas in

Fort Worth, Tarrant County, Texas. Plaintiffs' Original Petition alleges that only one Plaintiff, Roosevelt Thomas, was prescribed Rezulin® by Dr. Thomas.

15.     Plaintiffs' Original Petition alleges that Defendant Jorge Trevino, M.D. ("Dr. Trevino") is a citizen and resident of Texas, and Plaintiffs requested service upon Dr. Trevino in McAllen, Hidalgo County, Texas. Plaintiffs' Original Petition alleges that only one Plaintiff, Rosario Gonzalez, was prescribed Rezulin® by Dr. Trevino.

16.     Warner-Lambert and Pfizer file this Motion to Transfer Venue to prevent these thirteen Plaintiffs from forum shopping their respective cases. Based upon the absence of facts supporting venue in Plaintiffs' Original Petition, venue does not appear to be proper in Hidalgo County for any of the thirteen Plaintiffs. Warner-Lambert and Pfizer further believe that many Plaintiffs have been improperly joined in this lawsuit. Pursuant to Rules 87 and 89 of the Texas Rules of Civil Procedure, if joinder is found to be improperly laid in Hidalgo County, then the court must transfer each plaintiff's claims to the proper court, in the proper county of venue. Warner-Lambert and Pfizer should be allowed sufficient time to conduct the venue discovery necessary to determine where venue is proper as to each of the Plaintiffs' claims, consistent with the venue and joinder provisions under the Texas Civil Practice & Remedies Code.

## II. FACTS

17.     Plaintiffs claim that they have been injured as a result of their ingestion of Rezulin®. Plaintiffs John Allison, Georgianna Bonner, Betty Emehiser, Gilbert Garcia, Rosario Gonzalez, Jessie Jones, Margaret Knight, Austin Metz, Jr., Roosevelt Thomas and Katrina Woods further allege that Rezulin® was prescribed to them by the Defendant doctors. The remaining three Plaintiffs who

allegedly ingested and were allegedly injured by Rezulin® fail to allege that they were prescribed Rezulin® by any of the Defendant doctors.

18.     Warner-Lambert and Pfizer deny that venue in Hidalgo County is proper for any of the named Plaintiffs for the following reasons:

a.     Plaintiffs fail to allege facts sufficient to substantiate their allegation that all or a substantial part of the events or omissions giving rise to their respective claims occurred in Hidalgo County, Texas.  Plaintiffs have therefore, contrary to their allegations, failed to satisfy §15.002(a)(1) and §15.033 of the Texas Civil Practice and Remedies Code.

b.     Plaintiffs fail to allege facts sufficient to substantiate that any Plaintiff asserts claims against any Defendant who is a natural person, and against whom venue in Hidalgo County is proper.  Plaintiffs have therefore failed to satisfy §15.002(a)(2) and §15.033 of the Texas Civil Practice and Remedies Code.

c.     Plaintiffs fail to allege facts sufficient to substantiate that any Plaintiff asserts claims against any Defendant who is not a natural person, and against whom venue in Hidalgo County is proper.  Plaintiffs have therefore failed to satisfy §15.002(a)(3) and §15.033 of the Texas Civil Practice and Remedies Code.

d.     Plaintiffs fail to allege venue facts sufficient to substantiate that Hidalgo County is the county in which any of the Plaintiffs resided at the time their causes of action accrued.  Plaintiffs thereby, contrary to their allegations, fail to satisfy the

requirements of §15. 002(a)(4) and §15.033 of the Texas Civil Practice and Remedies Code.

e.      Plaintiffs fail to allege facts sufficient to establish that venue in Hidalgo County is proper for any plaintiff, independently of any other plaintiff.   Plaintiffs thereby fail to satisfy the requirements of §15.003(a) of the Texas Civil Practice and Remedies Code regarding joinder of multiple plaintiffs in a single case.

### III. ARGUMENTS AND AUTHORITIES

19.      Plaintiffs fail to allege facts sufficient to support the selection of Hidalgo County as proper venue for any of the Plaintiffs joined in this case.  Plaintiffs' blatant attempt to forum shop for all the joined Plaintiffs is improper.

### A. *Plaintiffs Do Not Comply With The General Venue Statute*

20.      Plaintiffs fail to allege any facts that support their allegations that venue is proper under the general venue rule, TEX. CIV. PRAC. & REM. CODE §15.002, for the following reasons:

a.      Hidalgo County is not the county in which all or a substantial part of the events or omissions giving rise to each of the Plaintiffs' claims occurred. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

b.      Plaintiffs do not allege that any of the Defendant doctors is a resident of Hidalgo County.  Hidalgo County was not the county of residence for any of the Defendant doctors at the time the causes of action accrued. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(2).

c.    Hidalgo County is not the county of Warner-Lambert's or Pfizer's principal office in this state. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(3).

d.    Plaintiffs fail to allege facts in support of naming Hidalgo County as the county in which any of the Plaintiffs resided at the time their cause of action accrued. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(4).

**B.  *Plaintiffs Do Not Comply With The Permissive Venue Statute***

21.    Venue in Hidalgo County is improper because it is not a county of proper venue under any permissive venue provisions of the Texas Civil Practice and Remedies Code. The requirements of Section 15.033 of the Texas Civil Practice and Remedies Code are not satisfied by Plaintiffs' Original Petition for the following reasons:

b.    Plaintiffs fail to allege facts sufficient to support that Hidalgo County is the county in which all or a substantial part of the events or omissions giving rise to each of the Plaintiff's claims occurred.

c.    Plaintiffs cannot allege that Hidalgo County is the county in which the manufacturer of Rezulin® has its principal office in this state, because Warner-Lambert, the manufacturer of Rezulin®, does not maintain a principal office in the State of Texas.

d.    Plaintiffs fail to allege that Hidalgo County is the county in which each of the Plaintiffs resided at the time their cause of action accrued.

*See* TEX. CIV. PRAC. & REM. CODE §§ 15.033.

22.     At this time Defendants Warner-Lambert and Pfizer cannot identify for the Court the county or counties of proper venue for any of the fourteen Plaintiffs asserting claims in this case. Warner-Lambert and Pfizer must be permitted reasonable time to obtain venue facts and conduct venue discovery.  Warner-Lambert and Pfizer further reserve the right to amend this Motion to Transfer Venue to assert the proper counties for transfer of venue of each of the Plaintiff's respective claims, after they have had sufficient time to discover the venue facts necessary to determine the county or counties of proper venue for each Plaintiff's claims.

C.     *Plaintiffs Fail To Allege Facts Establishing That Joinder Of Each Plaintiff Is Proper Under §15.003(a)*

23.     Section 15.003(a) of the Texas Civil Practice and Remedies Code requires the following:

> (a)     In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue.  Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:
>> (1)     joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;
>> (2)     maintaining venue in the county of suit does not unfairly prejudice another party to the suit;
>> (3)     there is an essential need to have the person's claim tried in the county in which the suit is pending; and
>> (4)     the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

24.     If a plaintiff cannot establish proper venue, section 15.003(a) expressly places the burden on the plaintiff to establish the four elements cited in the foregoing paragraph, before such plaintiff can join venue for the suit. *See Surgitek, Bristol-Meyers Corp. v. Abel*, 997 S.W.2d 598,

602 (Tex. 1999); *Mobile Oil Corp v. Shores*, 43 S.W.3d 681, 690 (Tex.App.- Forth Worth, 2001, n.w.h.); *Dayco Products, Inc. v. Ebrahim*, 10 S.W.3d 80, 84 (Tex.App. - Tyler 1999, no pet.).

25.     Plaintiffs have failed to plead facts that establish that each plaintiff who cannot establish proper venue in Hidalgo County <u>can</u> satisfy all four section 15.003(a) elements for joinder. Warner-Lambert and Pfizer maintain a good faith belief that many of the plaintiffs joined in this suit cannot satisfy all four section 15.003(a) elements for joinder and Defendants reserve the right to contest joinder once venue discovery is conducted.

## IV. CONCLUSION

26.     Because Plaintiffs filed suit in Hidalgo County, and Defendants Warner-Lambert and Pfizer have a good faith belief that venue is not proper in Hidalgo County as to each of the Plaintiffs joined in this suit, the court should allow Warner-Lambert and Pfizer reasonable time to discover the venue facts necessary to determine the proper counties for transfer of venue for each joined Plaintiff's claims. The court should further allow Warner-Lambert and Pfizer leave to amend this Motion to Transfer Venue, after venue discovery is complete, to assert the proper counties of venue for each of the Plaintiff's respective claims.

## V. PRAYER

27.     For these reasons, Warner-Lambert and Pfizer ask the court to allow sufficient time for venue discovery pursuant to Texas Rule of Civil Procedure 88, and allow Warner-Lambert and Pfizer to amend this Motion to Transfer Venue after sufficient time for venue discovery has taken place, set this motion to transfer venue for hearing and, after the hearing, grant Defendants' motion and transfer Plaintiffs' claims to the proper counties of venue.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

By: _____ *by perm. M Courtois*
      **JACK E. URQUHART**
      State Bar No.20415600

1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527


           **DAVID C. GARZA**
           State Bar No. 07731400

**GARZA & GARZA, L.L.P.**
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone:  (956) 541-4914
Facsimile:  (956) 542-7403


**ATTORNEYS FOR DEFENDANTS
WARNER-LAMBERT COMPANY
AND PFIZER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Texas Rules of Civil Procedure, on this 3rd day of May, 2002

Zoe B. Littlepage
Chetna Gosain
Joshua H. Brockman
Brett Slobin
LITTLEPAGE & ASSOCIATES, P.C.
408 Westheimer
Houston, Texas 77006

*Via Certified Mail*
*Return Receipt Requested*

_____
MARIA JORIK COURTOIS

**FILED**

AT _____ O'CLOCK _____ M

CAUSE NO. C--521-02-B

IN THE DISTRICT COURT OF

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By_____Deputy

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; and KATRINA WOODS; | § § § § § § § § § § § § § | |
| **Plaintiffs** | § § | |
| vs. | § § § | HIDALGO COUNTY, TEXAS |
| WARNER LAMBERT COMPANY, PARKE-DAVIS DIVISION OF WARNER-LAMBERT COMPANY, PFIZER, INCORPORATED, FERNANDO BUESO, M.D.; GLOVER JOHNSON, M.D.; ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D.; RAUL RIVERA, M.D.; SHELDON RUBENFIELD, M.D. SANDRA SCURRIA, M.D.; DARRELL N. STEELE, M.D.; JEANINE H. THOMAS, M.D.; JORGE TREVINO, M.D., | § § § § § § § § § § § § § § § | |
| **Defendants** | § | **93ᴿᴰ JUDICIAL DISTRICT COURT** |

## ORIGINAL ANSWER OF WARNER-LAMBERT COMPANY
## SUBJECT TO ITS MOTION TO TRANSFER VENUE

Defendant Warner-Lambert Company, on its own behalf and on behalf of its unincorporated

Parke-Davis division (hereinafter collectively referred to as "Warner-Lambert"), subject to its motion

to transfer venue and subject to the stated affirmative defenses and without waiving the same,

responds to the allegations contained in Plaintiffs' petition as follows:

## I.

## General Denial

Subject to such stipulations as may hereafter be made, Warner-Lambert asserts a general denial to Plaintiffs' petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that the Plaintiffs be required to prove their charges and allegations against Warner-Lambert by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

## II.

## Affirmative Defenses

In addition to the foregoing and without waiving the same, Warner-Lambert asserts the following affirmative defenses to the allegations made in the Plaintiffs' petition:

1.      Plaintiffs' petition fails to state a claim upon which relief may be granted.

2.      Plaintiffs' alleged injuries were proximately caused by the negligence and/or fault of Plaintiffs and/or entities other than Warner-Lambert and this comparatively reduces or bars the negligence and/or fault alleged to be attributable to Warner-Lambert.

3.      Plaintiffs' alleged injuries were proximately caused by the misuse of Rezulin®.

4.      Plaintiffs had full knowledge of, accepted and assumed any and all risks and possible adverse effects related to the use of Rezulin®. Accordingly, Plaintiffs' claims are barred or should be reduced under the principles of assumption of the risk and/or informed consent.

5.      Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification or laches.

6.      Warner-Lambert's liability, if any, must be offset by the amount of remuneration and/or compensation the Plaintiffs may receive from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

7.      Plaintiffs' claims are barred, reduced and/or limited pursuant to the applicable statutory and common laws of Texas regarding limitations of awards, caps on recovery and set-offs.

8.      Plaintiffs' alleged damages, if any, were the direct result of pre-existing medical conditions or occurred by operation of nature, all of which are unrelated to any conduct of, or product marketed or distributed by, Warner-Lambert.

9.      Warner-Lambert made no implied warranties to Plaintiffs and, if Warner-Lambert did make such warranties, the Plaintiffs failed to give timely notice of any breach.

10.     Plaintiffs' warranty claims are barred by a lack of privity.

11.     Plaintiffs' claims are barred by the learned intermediary doctrine.

12.     The causes of action alleged in Plaintiffs' petition are preempted by the federal statutes and regulations that exclusively regulate Rezulin®. Granting the relief requested in the petition would impermissibly infringe upon and/or conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

13.     Warner-Lambert is entitled to the benefit of all defenses and presumptions which may arise because the designing, manufacturing, inspecting, packaging, issuing of warnings and instructions and/or labeling of Rezulin® were in conformity with the generally recognized, reasonably available state-of-the-art and prevailing standards in the industry at the time Rezulin® was manufactured and marketed.

14.     Warner-Lambert denies that anyone acting in the manner alleged by the Plaintiffs was an agent or servant of Warner-Lambert.

15.     Plaintiffs' claims are barred by the applicable statutes of limitations and/or statute of repose.

16.     Punitive damages are barred by the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution and by equivalent protections provided by the Constitution of Texas.

17.     In the event the jury is allowed to consider the issue of punitive damages, Warner-Lambert asserts the right to a bifurcated trial on the issue of punitive damages in accordance with the Texas Supreme Court's decision in *Transportation Insurance Company v. Moriel.*

18.     Any award of punitive damages is barred unless the trial is bifurcated and all punitive damage issues are tried only after liability on the merits has been found.

19.     While Warner-Lambert denies that it is liable for any punitive damages in this case, Warner-Lambert states that Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Texas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose and providing no protection against multiple awards for the same course of conduct, would violate Warner-Lambert's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and equivalent protections provided by the Constitution of Texas, would violate Warner-Lambert's right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution and equivalent

provisions of the Constitution of Texas, and would be improper under the common law and public policies of the State of Texas.

20.     Any award of punitive damages is barred unless the jury: (1) is provided with standards of sufficient clarity for determining the appropriateness, and appropriate size, of a punitive damages award; (2) is instructed adequately on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including residence, wealth, and the corporate status of Warner-Lambert; (4) is prohibited from awarding punitive damages under a standard that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.

21.     While Warner-Lambert denies that it is liable for any punitive damages in this case, Warner-Lambert states the Plaintiffs' claims for damages cannot be sustained because Texas law regarding the standards for determining liability for punitive damages failed to give Warner-Lambert prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of Warner-Lambert's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and equivalent protections provided by the Constitution of Texas, and would be improper under the common law and public policies of Texas.

22.     Punitive damages are barred by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and equivalent protections provided by the Constitution of Texas.

23.     Punitive damages are barred under common law and public policies of the State of Texas.

24.     Punitive damages are barred by the Contracts Clause of Article I, Section 10, of the United States Constitution and similar provisions of the Texas Constitution.

25.     While Warner-Lambert denies that it is liable for any damages in this case, Warner-Lambert states that any damage award to Plaintiffs that utilizes the Texas joint and several liability scheme would be unconstitutional, as this scheme is violative of Warner-Lambert's due process and equal protection guarantees under the United States and Texas Constitutions, because no legitimate state interest supports said statute, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Texas joint and several liability scheme. Additionally, the Texas system of assessing joint and several liability violates Warner-Lambert's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Texas Constitutions and should not be applied in this action.

26.     While Warner-Lambert denies that it is liable for any punitive damages in this case, Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages under Texas law, which are penal in nature, without according to Warner-Lambert the same protections that are accorded to criminal defendants, including the protection against unreasonable searches and seizures, self-incrimination, and the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Warner-Lambert's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United

States Constitution and equivalent protections provided by the Constitution of Texas, and would be improper under the common law and public policies of the State of Texas.

27.    While Warner-Lambert denies that it is liable for any punitive damages in this case, Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Texas law which allows plaintiffs to prejudicially emphasize the corporate status of defendant violates Warner-Lambert's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and equivalent protections provided by the Constitution of Texas, and would be improper under the common law and public policies of the State of Texas.

28.    Plaintiffs' claims are barred under the Restatement (Third) of Torts: Products Liability § 4 *et seq.*

29.    Plaintiffs' claims are barred under the Restatement (Second) of Torts: Products Liability § 402A, comments J and K.

30.    Plaintiffs' claims are barred by their failure to mitigate damages.

31.    In the unlikely event that Warner-Lambert is found liable to the Plaintiffs, Warner-Lambert affirmatively pleads that it is entitled to a credit or offset for any and all sums that the Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and causes of action.  Warner-Lambert alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Texas law. TEX. CIV. PRAC. & REM. CODE §§33.014-15.

32.    In the unlikely event that Warner-Lambert is found liable to the Plaintiffs, and only in that event, Warner-Lambert affirmatively pleads that it is entitled to contribution from other

Defendants and third parties in accordance with Texas Civil Practices and Remedies Code §§33.15-16.  Warner-Lambert also states that it is entitled to common law indemnity against such other Defendants or third parties in accordance with the principles established by the Texas Supreme Court in *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 819-20 (Tex. 1984).

33.     Plaintiffs' claims are barred by Section 6(c) and (d) of the Restatement (Third) of Torts: Products Liability.  Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Rezulin® would have prescribed and did prescribe Rezulin® for classes of patients.  In addition, Warner-Lambert provided reasonable instructions or warnings to prescribing physicians.

34.     Plaintiffs' complaint is equitably barred because the Plaintiffs' failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Warner-Lambert.

35.     Notwithstanding the claims and contentions in the petition, the Plaintiffs received and will in the future receive all or substantially all of the benefit from Rezulin® that the Plaintiffs hoped and intended that Plaintiffs would receive, and to that extent any damages and/or restitution that the Plaintiffs might be entitled to recover from Warner-Lambert must be correspondingly reduced.

## III.

## Amendment and/or Supplementation

Warner-Lambert reserves the right to amend and/or supplement this answer.

WHEREFORE, Defendant Warner-Lambert Company prays that the Plaintiffs take nothing by their suit, that Defendant recover its costs expended, and that Defendant have such other and further relief to which it is justly entitled.

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

By: _____

JACK E. URQUHART
State Bar No.20415600

1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**DAVID C. GARZA**
State Bar No. 07731400

GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone:  (956) 541-4914
Facsimile:  (956) 542-7403

**ATTORNEYS FOR DEFENDANT
WARNER-LAMBERT COMPANY.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Texas Rules of Civil Procedure, on this _3rd_ day of May, 2002.

Zoe B. Littlepage                                      *Via Certified Mail*
Chetna Gosain                                       *Return Receipt Requested*
Joshua H. Brockman
LITTLEPAGE & ASSOCIATES, P.C.
408 Westheimer
Houston, Texas 77006

_____
MARIA JORK COURTOIS

CAUSE NO. C--521-02-B

**FILED**

AT _____O'CLOCK _____M

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By_____Deputy

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; and KATRINA WOODS; | § § § § § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs** | § § § | |
| **vs.** | § § | **HIDALGO COUNTY, TEXAS** |
| WARNER LAMBERT COMPANY, PARKE-DAVIS DIVISION OF WARNER-LAMBERT COMPANY, PFIZER, INCORPORATED, FERNANDO BUESO, M.D.; GLOVER JOHNSON, M.D.; ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D.; RAUL RIVERA, M.D.; SHELDON RUBENFIELD, M.D. SANDRA SCURRIA, M.D.; DARRELL N. STEELE, M.D.; JEANINE H. THOMAS, M.D.; JORGE TREVINO, M.D., | § § § § § § § § § § § § § § § | |
| **Defendants** | § § | **93ᴿᴰ JUDICIAL DISTRICT COURT** |

## ORIGINAL ANSWER OF PFIZER INC.
## SUBJECT TO ITS MOTION TO TRANSFER VENUE

Defendant Pfizer Inc., incorrectly named herein as "Pfizer, Incorporated" (hereinafter referred to as "Pfizer"), subject to its motion to transfer venue and subject to the stated affirmative defenses and without waiving the same, responds to the allegations contained in Plaintiffs' petition as follows:

## I.

## General Denial

Subject to such stipulations as may hereafter be made, Pfizer asserts a general denial to Plaintiffs' petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that the Plaintiffs be required to prove their charges and allegations against Pfizer by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

## II.

## Affirmative Defenses

In addition to the foregoing and without waiving the same, Pfizer asserts the following affirmative defenses to the allegations made in the Plaintiffs' petition:

1.    Plaintiffs' petition fails to state a claim upon which relief may be granted.

2.    Plaintiffs' alleged injuries were proximately caused by the negligence and/or fault of Plaintiffs and/or entities other than Pfizer and this comparatively reduces or bars the negligence and/or fault alleged to be attributable to Pfizer.

3.    Plaintiffs' alleged injuries were proximately caused by the misuse of Rezulin®.

4.    Plaintiffs had full knowledge of, accepted and assumed any and all risks and possible adverse effects related to the use of Rezulin®. Accordingly, Plaintiffs' claims are barred or should be reduced under the principles of assumption of the risk and/or informed consent.

5.    Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification or laches.

6.      Pfizer's liability, if any, must be offset by the amount of remuneration and/or compensation the Plaintiffs may receive from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

7.      Plaintiffs' claims are barred, reduced and/or limited pursuant to the applicable statutory and common laws of Texas regarding limitations of awards, caps on recovery and set-offs.

8.      Plaintiffs' alleged damages, if any, were the direct result of pre-existing medical conditions or occurred by operation of nature, all of which are unrelated to any conduct of, or product marketed or distributed by, Pfizer.

9.      Pfizer made no implied warranties to Plaintiffs and, if Pfizer did make such warranties, the Plaintiffs failed to give timely notice of any breach.

10.     Plaintiffs' warranty claims are barred by a lack of privity.

11.     Plaintiffs' claims are barred by the learned intermediary doctrine.

12.     The causes of action alleged in Plaintiffs' petition are preempted by the federal statutes and regulations that exclusively regulate Rezulin®. Granting the relief requested in the petition would impermissibly infringe upon and/or conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

13.     Pfizer is entitled to the benefit of all defenses and presumptions which may arise because the designing, manufacturing, inspecting, packaging, issuing of warnings and instructions and/or labeling of Rezulin® were in conformity with the generally recognized, reasonably available state-of-the-art and prevailing standards in the industry at the time Rezulin® was manufactured and marketed.

14.     Pfizer denies that anyone acting in the manner alleged by the Plaintiffs was an agent or servant of Pfizer.

15.     Plaintiffs' claims are barred by the applicable statutes of limitations and/or statute of repose.

16.     Punitive damages are barred by the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution and by equivalent protections provided by the Constitution of Texas.

17.     In the event the jury is allowed to consider the issue of punitive damages, Pfizer asserts the right to a bifurcated trial on the issue of punitive damages in accordance with the Texas Supreme Court's decision in *Transportation Insurance Company v. Moriel.*

18.     Any award of punitive damages is barred unless the trial is bifurcated and all punitive damage issues are tried only after liability on the merits has been found.

19.     While Pfizer denies that it is liable for any punitive damages in this case, Pfizer states that Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Texas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose and providing no protection against multiple awards for the same course of conduct, would violate Pfizer's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and equivalent protections provided by the Constitution of Texas, would violate Pfizer's right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution and equivalent provisions of the Constitution of Texas, and would be improper under the common law and public policies of the State of Texas.

20.     Any award of punitive damages is barred unless the jury: (1) is provided with standards of sufficient clarity for determining the appropriateness, and appropriate size, of a punitive damages award; (2) is instructed adequately on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including residence, wealth, and the corporate status of Pfizer; (4) is prohibited from awarding punitive damages under a standard that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.

21.     While Pfizer denies that it is liable for any punitive damages in this case, Pfizer states the Plaintiffs' claims for damages cannot be sustained because Texas law regarding the standards for determining liability for punitive damages failed to give Pfizer prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of Pfizer's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and equivalent protections provided by the Constitution of Texas, and would be improper under the common law and public policies of Texas.

22.     Punitive damages are barred by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and equivalent protections provided by the Constitution of Texas.

23.     Punitive damages are barred under common law and public policies of the State of Texas.

24.    Punitive damages are barred by the Contracts Clause of Article I, Section 10, of the United States Constitution and similar provisions of the Texas Constitution.

25.    While Pfizer denies that it is liable for any damages in this case, Pfizer states that any damage award to Plaintiffs that utilizes the Texas joint and several liability scheme would be unconstitutional, as this scheme is violative of Pfizer's due process and equal protection guarantees under the United States and Texas Constitutions, because no legitimate state interest supports said statute, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Texas joint and several liability scheme.   Additionally, the Texas system of assessing joint and several liability violates Pfizer's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law.   The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Texas Constitutions and should not be applied in this action.

26.    While Pfizer denies that it is liable for any punitive damages in this case, Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive damages under Texas law, which are penal in nature, without according to Pfizer the same protections that are accorded to criminal defendants, including the protection against unreasonable searches and seizures, self-incrimination, and the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Pfizer's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and equivalent protections provided by the Constitution of Texas, and would be improper under the common law and public policies of the State of Texas.

27.    While Pfizer denies that it is liable for any punitive damages in this case, Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Texas law which allows plaintiffs to prejudicially emphasize the corporate status of defendant violates Pfizer's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and equivalent protections provided by the Constitution of Texas, and would be improper under the common law and public policies of the State of Texas.

28.    Plaintiffs' claims are barred under the Restatement (Third) of Torts: Products Liability § 4 *et seq.*

29.    Plaintiffs' claims are barred under the Restatement (Second) of Torts: Products Liability § 402A, comments J and K.

30.    Plaintiffs' claims are barred by their failure to mitigate damages.

31.    In the unlikely event that Pfizer is found liable to the Plaintiffs, Pfizer affirmatively pleads that it is entitled to a credit or offset for any and all sums that the Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and causes of action.  Pfizer alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Texas law. TEX. CIV. PRAC. & REM. CODE §§33.014-15.

32.    In the unlikely event that Pfizer is found liable to the Plaintiffs, and only in that event, Pfizer affirmatively pleads that it is entitled to contribution from other Defendants and third parties in accordance with Texas Civil Practices and Remedies Code §§33.15-16.  Pfizer also states that it is entitled to common law indemnity against such other Defendants or third parties in accordance

with the principles established by the Texas Supreme Court in *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 819-20 (Tex. 1984).

33.     Plaintiffs' claims are barred by Section 6(c) and (d) of the Restatement (Third) of Torts: Products Liability.  Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Rezulin® would have prescribed and did prescribe Rezulin® for classes of patients.  In addition, Warner-Lambert Company provided reasonable instructions or warnings to prescribing physicians.

34.     Plaintiffs' complaint is equitably barred because the Plaintiffs' failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Pfizer.

35.     Notwithstanding the claims and contentions in the petition, the Plaintiffs received and will in the future receive all or substantially all of the benefit from Rezulin® that the Plaintiffs hoped and intended that Plaintiffs would receive, and to that extent any damages and/or restitution that the Plaintiffs might be entitled to recover from Pfizer must be correspondingly reduced.

### III.

### Amendment and/or Supplementation

Pfizer reserves the right to amend and/or supplement this answer.

WHEREFORE, Defendant Pfizer Inc. prays that the Plaintiffs take nothing by their suit, that Defendant recover its costs expended, and that Defendant have such other and further relief to which it is justly entitled.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

By: _____

        **JACK E. URQUHART**   *by perm. M Carston*
        State Bar No.20415600

1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

        **DAVID C. GARZA**
        State Bar No. 07731400

**GARZA & GARZA, L.L.P.**
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone:  (956) 541-4914
Facsimile:  (956) 542-7403

**ATTORNEYS FOR DEFENDANT
PFIZER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Texas Rules of Civil Procedure, on this **3rd** day of May, 2002.

Zoe B. Littlepage
Chetna Gosain
Joshua H. Brockman
LITTLEPAGE & ASSOCIATES, P.C.
408 Westheimer
Houston, Texas 77006

*Via Certified Mail*
*Return Receipt Requested*

_____
MARIA JORIK COURTOIS

FILED

AT 9:00 O'CLOCK ___ M

MAY - 6 2002

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By _____ Deputy

NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON, GEORGIANNA BONNER, BETTY EMEHISER, GILBERT GARCIA, ROSARIO GONZELEZ, BENJAMIN HATHOOT, JESSIE JONES, MARGARET KNIGHT, DONALD LAVRINC, JR., AUSTIN METZ, JR.; LONNIE ROBINSON, ROSSEVELT THOMAS, AND KATRINA WOODS | § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HIDALGO COUNTY, TEXAS |
| WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER, INCORPORATED, FERNANDO BUESO, M.D., GLOVER JOHNSON, M.D., ERIC ORZECK, M.D., AYAPRASH REDDY, M.D., RAUL RIVERA, M.D., SHELDON RUBENFIELD, M.D., SANDRA SCURRIA, M.D., DARRELL N. STEELE, M.D., JEANINE H. THOMAS, M.D., JORGE TREVINO, M.D. | § § § § § § § § § § § § § § § | 93RD JUDICIAL DISTRICT |

## ERIC ORZECK, M.D.'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER

## TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Eric Orzeck, M.D., a defendant in the above-entitled and numbered cause, and files this, his Motion to Transfer Venue and Original Answer Subject Thereto, and in support thereof, would respectfully show unto this Honorable Court as follows:

### I.

### MOTION TO TRANSFER VENUE

**A.    Background Facts**

This is a Rezulin case filed by Gilbert Garcia against Dr. Orzeck. The petition also contains other Plaintiffs with claims against other healthcare providers. Gilbert

Garcia filed this matter in Hidalgo County, Texas on or about March 14, 2002. This case, as to Dr. Orzeck, arises from medical care and treatment rendered to Gilbert Garcia in Harris County, Texas. All care and treatment made the basis of this suit as to Gilbert Garcia was rendered in Harris County, Texas. Dr. Orzeck is a resident of Harris County, Texas.

**B.      Applicable Statute**

No mandatory venue provision applies in this matter. As such, the applicable venue provision is that set forth in §15.002(a)(1) and (2) of the Texas Civil Practice & Remedies Code. §15.002(a) states, in pertinent part:

(a)     Except as otherwise provided by this Subchapter or Subchapter B or C, all lawsuits shall be brought:

(1)     in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2)     in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person.

*See* Tex. Civ. Prac. & Rem. Code Ann. §15.002(a)(1) and §15.002(a)(2) (Vernon 1991).

**C.      Argument**

Defendant Eric Orzeck, M.D. objects to venue in Hidalgo County, Texas, the county in which this action has been filed, because no credible basis exists to maintain venue in Hidalgo County, Texas, as to this Defendant. Hidalgo County is not a proper county as to this Defendant because Plaintiffs' cause of action did not accrue, in whole or in part, in Hidalgo County. Defendant Eric Orzeck does not reside in Hidalgo County, Texas and did not reside in Hidalgo County, Texas at the time the transactions made the basis of this lawsuit occurred.

Since Plaintiffs' cause of action accrued in Harris County, venue is proper in Harris County and is improper in Hidalgo County, pursuant to Tex. Civ. Prac. & Rem. Code Ann. §15.002(a)(1). Additionally, since Defendant Eric Orzeck, M.D. was a resident of Harris County at the time the incidents made the basis of this lawsuit occurred, this matter is proper in Harris County, pursuant to Tex. Civ. Prac. & Rem. Code Ann. §15.002(a)(2). Thus, Defendant requests that this Honorable Court transfer this matter to Harris County.

In the alternative, if venue is somehow found to be proper, Defendant moves to transfer this case based on the inconvenience, expense, and hardship placed on this Defendant by maintaining this action in Hidalgo County, Texas.

## II.

## ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE

### A.   Background

This Original Answer is being filed subject to this Defendant's Motion to Transfer Venue.

### B.   General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, this Defendant generally denies all matters asserted by Plaintiff and says that same is not true, in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### C.   Affirmative Defense

For further answer, if same be necessary, this Defendant affirmatively pleads that Gilbert Garcia's claims against this Defendant are barred by the applicable statute of

limitations set forth in §10.01 of the Texas Medical Liability of Insurance Improvement Act of Texas.

**WHEREFORE, PREMISES CONSIDERED,** Defendant requests that this Honorable Court grant his Motion to Transfer Venue and transfer this case to Harris County, Texas. Defendant further prays that upon final hearing and/or trial of this cause, that Plaintiff recover nothing by way of his suit against this Defendant. Defendant further prays that he recover all costs of Court incurred in the defense of this matter. Defendant further prays for such other and further relief, both at law and in equity, to which this Defendant may show himself justly entitled.

Respectfully submitted,

**HERMES SARGENT BATES, L.L.P.**

By_____

    **MICHAEL L. HURST**
    State Bar No. 10316320
    **FRANK ALVAREZ**
    State Bar No. 00796122

    1717 Main Street, Suite 3200
    Dallas, Texas 75201
    (214) 658-6500 (Telephone)
    (214) 658-6300 (Telecopier)

**ATTORNEYS FOR DEFENDANT
ERIC ORZECK, M.D.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the ~~3 ᴱᴰ~~ day of May, 2002, a true and correct copy of the foregoing document was served by certified mail, return receipt requested and via facsimile in compliance with TRCP, to the following counsel of record:

Zoe B. Littlepage
Chetna Gosain
Joshua H. Brockman
Brett Slobin
408 Westheimer
Houston, Texas 77006

MICHAEL L. HURST

# HERMES SARGENT BATES

A LIMITED LIABILITY PARTNERSHIP

ATTORNEYS AND COUNSELORS

**FILED**

AT _____ O'CLOCK _____ M

MAY -6 2002

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By _____ Deputy

MICHAEL L. HURST
214.658.6533 - Direct
214.658.6333 - Direct Fax
michael.hurst@hsblaw.com

May 3, 2002

Pauline G. Gonzalez
District Clerk
Hidalgo County Courthouse
100 N. Closner, 1st Floor
Edinburg, Texas 78539

Re: No. C-521-02-B;
*John Allison, et al (Gilbert Garcia) v. Eric Orzeck, MD*
Our File #197/70

Dear Ms. Gonzalez:

Enclosed please find an original and two copies of Eric Orzeck, M.D.'s Motion to Transfer Venue and Original Answer in connection with the above-referenced matter. Please file the original with the Court and return a file-marked copy of same to us in the enclosed, self-addressed and stamped envelope.

By copy of this letter, all counsel of record are receiving a copy of said instrument.

Thank you for your assistance in this matter.

Yours truly,

Michael L. Hurst

MLH:jf

Enclosures

#75036

**FILED**

AT ___ O'CLOCK___ M

MAY - 6 2002

PAULINE G. GONZALEZ, CLERK
District Court, Hidalgo County
By_____Deputy

CAUSE NO. C-521-02-B

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; and KATRINA WOODS; | § § § § § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs** | § § § | |
| v. | § § § | HIDALGO COUNTY, TEXAS |
| WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER, INCORPORATED GERARDO BUESO, M.D., GLOVER JOHNSON, M.D., ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D., RAUL RIVERA, M.D., SHELDON RUBENFIELD, M.D., SANDRA SCURRIA, M.D., DARRELL N. STEELE, M.D., JEANINE H. THOMAS, M.D., JORGE TREVINO, M.D., | § § § § § § § § § § § § § § § § | |
| **Defendants** | § | 93rd JUDICIAL DISTRICT |

## PLAINTIFF GEORGIANNA BONNER'S NOTICE OF NONSUIT OF DEFENDANT SHELDON RUBENFIELD, M.D.

COMES NOW GEORGIANNA BONNER, Plaintiff in the above styled and numbered cause of action, hereby gives notice, pursuant to Texas Rules of Civil Procedure 162, to this court and to all parties to this suit that she is taking a nonsuit of her case against Defendant SHELDON RUBENFIELD, M.D., effective immediately on the

filing of this notice; and that all costs of Court are taxed against the parties incurring the same.  This nonsuit has no effect on any other Plaintiff's claims in any other cause of action.

Respectfully submitted,

LITTLEPAGE & ASSOCIATES, P.C.

Brett Slobin
State Bar No. 24029837
408 Westheimer Street
Houston, Texas 77006
(713) 529-8000
(713) 529-8044 FAX

ATTORNEY FOR PLAINTIFF GEORGIANNA
BONNER

# *Littlepage & Associates, P.C.*

### *Attorneys At Law*

408 Westheimer Street
Houston, Texas 77006

(713) 529-8000
(713) 529-8044 – Facsimile

*1-888-254-8442*

May 3, 2002

## FILED

AT _____O'CLOCK_____M

MAY – 6 2002

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By_____Deputy

Ms. Pauline Gonzalez
District Clerk of Hidalgo County
Hidalgo County District Courthouse
100 N. Closner
Edinburg, TX  78540

RE:   Cause No. C-521-02-B; *John Allison, et al vs. Warner Lambert Company, et al*; In the 93rd Judicial District Court, Hidalgo County, Texas

Dear Ms. Gonzalez:

Enclosed please find:

- Plaintiff Georgianna Bonner's Notice of Nonsuit of Defendant Sheldon Rubenfield, M.D.

Please file this document in the above-captioned case and return a file-stamped copy of this letter to me in the enclosed return envelope.

Thank you for your attention to this matter.

Sincerely,

**LITTLEPAGE & ASSOCIATES, P.C.**

Brett Slobin

Enclosures

CAUSE NO. C-521-02-B

**FILED**

AT _____ O'CLOCK _____ M

MAY -6 2002

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
BY _____ Deputy

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; and KATRINA WOODS; · | § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs | § § § | |
| v. | § § § | HIDALGO COUNTY, TEXAS |
| WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER, INCORPORATED GERARDO BUESO, M.D., GLOVER JOHNSON, M.D., ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D., RAUL RIVERA, M.D., SHELDON RUBENFIELD, M.D., SANDRA SCURRIA, M.D., DARRELL N. STEELE, M.D., JEANINE H. THOMAS, M.D., JORGE TREVINO, M.D., | § § § § § § § § § § § § § § § | |
| Defendants | § | 93rd JUDICIAL DISTRICT |

### PLAINTIFF KATRINA WOOD'S NOTICE OF NONSUIT OF DEFENDANT GLOVER JOHNSON, M.D.

COMES NOW KATRINA WOODS, Plaintiff in the above styled and numbered cause of action, hereby gives notice, pursuant to Texas Rules of Civil Procedure 162, to this court and to all parties to this suit that she is taking a nonsuit of her case against Defendant GLOVER JOHNSON, M.D., effective immediately on the filing of this

notice; and that all costs of Court are taxed against the parties incurring the same.  This nonsuit has no effect on any other Plaintiff's claims in any other cause of action.

Respectfully submitted,

**LITTLEPAGE & ASSOCIATES, P.C.**

Brett Slobin
State Bar No. 24029837
408 Westheimer Street
Houston, Texas 77006
(713) 529-8000
(713) 529-8044 FAX

**ATTORNEY FOR PLAINTIFF KATRINA WOODS**

# *Littlepage & Associates, P.C.*

*Attorneys At Law*

408 Westheimer Street
Houston, Texas 77006

*1-888-254-8442*

(713) 529-8000
(713) 529-8044 – Facsimile

**FILED**

AT ___ ___O'CLOCK _____M

MAY − 6 2002

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By _____Deputy

May 3, 2002

Ms. Pauline Gonzalez
District Clerk of Hidalgo County
Hidalgo County District Courthouse
100 N. Closner
Edinburg, TX 78540

RE:   Cause No. C-521-02-B; *John Allison, et al vs. Warner Lambert Company, et al*; In the
93rd Judicial District Court, Hidalgo County, Texas

Dear Ms. Gonzalez:

Enclosed please find:

- Plaintiff Katrina Wood's Notice of Nonsuit of Defendant Glover Johnson, M.D.

Please file this document in the above-captioned case and return a file-stamped copy of this letter to
me in the enclosed return envelope.

Thank you for your attention to this matter.

Sincerely,

**LITTLEPAGE & ASSOCIATES, P.C.**

Brett Slobin

Enclosures

CAUSE NO. C-521-02-B

FILED
AT _____ O'CLOCK ____ M

MAY 02 '02
PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By _____ Deputy

| | | |
|---|---|---|
| JOHN ALLISON; GEORGIANNA BONNER; BETTY EMEHISER; GILBERT GARCIA; ROSARIO GONZALEZ; BENJAMIN HATHOOT; JESSIE JONES; MARGARET KNIGHT; DONALD LAVRINC, JR.; AUSTIN METZ, JR.; LONNIE ROBINSON; ROOSEVELT THOMAS; AND KATRINA WOODS; | § § § § § § § § § § § § | IN THE DISTRICT COURT |
| PLAINTIFFS, | § § § | |
| VS. | § § | 93RD JUDICIAL DISTRICT |
| WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER, INCORPORATED, FERNANDO BUESO, M.D., GLOVER JOHNSON, M.D., ERIC ORZEK, M.D., AYAPRAKASH REDDY, M.D., RAUL RIVERA, M.D., SHELDON RUBENFIELD, M.D., SANDRA SCURRIA, M.D., DARRELL N. STEELE, M.D., JEANINE H. THOMAS, M.D., JORGE TREVINO, M.D. | § § § § § § § § § § § § § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT AYAPRAKASH REDDY, M.D.'S JURY DEMAND SUBJECT TO HIS MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, the Defendant, AYAPRAKASH REDDY, M.D., has deposited with the District Clerk of Hidalgo County, Texas, the jury fee of THIRTY AND NO/100 DOLLARS ($30.00) and does make this his Jury Demand Subject to his Motion to Transfer Venue, in the above styled and numbered cause.

Respectfully submitted,

BY: _____
     JOSE L. GAMEZ
     State Bar No. 07607100

**ATTORNEY-IN-CHARGE FOR DEFENDANT
AYAPRAKASH REDDY, M.D.**

OF COUNSEL:

**MEREDITH, DONNELL & ABERNETHY**
Water Tower Centre
612 Nolana, Suite 560
McAllen, TX 78504
Telephone No.: (956) 618-4477
Telecopier No.: (956) 618-4557

---

## CERTIFICATE OF SERVICE

---

     I HEREBY CERTIFY that a true and correct copy of the above and

foregoing document, has been forwarded to the following counsel of record, on this  the

_____ day of _____, 2002:

Zoe B. Littlepage
Littlepage & Associates, P.C.
408 Westheimer
Houston, Texas 77006
Tel: 713/529-8000
Fax: 713/529-8044
**ATTORNEY FOR PLAINTIFFS**

- 2 -

**MEREDITH, DONNELL & ABERNETHY**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

CORPUS CHRISTI OFFICE .
ONE SHORELINE PLAZA
800 N. SHORELINE
SUITE 1500 - NORTH TOWER
CORPUS CHRISTI, TEXAS 78401
(361) 888-5551
FAX (361) 880-5618

WATER TOWER CENTRE
612 NOLANA, SUITE 560
MCALLEN, TEXAS 78504

(956) 618-4477            FAX (956) 618-4557

JOSE L. GAMEZ
JGAMEZ@MDACC.COM

ADDRESS REPLY TO:
McALLEN

FILED
AT_____O'CLOCK_____M

May 7, 2002

MAY 07 2002

**VIA CM:RRR #7001 2510 0001 6513 0561**
Mrs. Pauline G. Gonzalez
Hidalgo County District Clerk
Hidalgo County Courthouse
P.O. Box 87
Edinburg, Texas 78540

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By_____Deputy

Re:    Cause No. C-521-02-B; John Allison, et al vs. Warner Lambert Company,
       et al; In the 93rd Judicial District Court of Hidalgo County, Texas.

INSTRUMENT(S):   (1)   **Defendant, Ayaprakash Reddy, M.D.'s Jury Demand Subject to
                       His Motion to Transfer Venue; and**

                 (2)   **Certificate of Written Discovery Subject to Defendant,
                       Ayaprakash Reddy, M.D.'s Motion to Transfer Venue**
                       (1.Request for Disclosure to Plaintiff, Betty Emehiser, Subject to
                       Defendant, Ayaprakash Reddy, M.D.'s Motion to Transfer Venue).

Dear Mrs. Gonzalez:

        Enclosed herewith, please find the above-referenced instrument(s) for filing at this
time.  Please acknowledge receipt and filing of same by placing your file mark on the enclosed
copy(ies) of the instrument(s), and returning same to me in the enclosed, stamped, self-addressed
envelope.

        Also enclosed you will please find our firm check in the amount of $30.00 to cover
the jury fee in this matter.

        By copy of this letter opposing counsel, as shown below, is being notified of same.
Thank you for your courtesies and assistance with this matter.

                              Very truly yours,

                              MEREDITH, DONNELL & ABERNETHY

                              JOSE L. GAMEZ

JLG:vm
Enclosures
L:\ATTYS\JLG\Allison.War\Corresp\Filing\FILE.02

Mrs. Pauline G. Gonzalez
Hidalgo County District Clerk
May 7, 2002
Page 2

cc:   Zoe B. Littlepage   *VIA CM;RRR #7001 2510 0001 6513 0578*
      Littlepage & Associates, P.C.
      408 Westheimer
      Houston, Texas 77006

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **JOHN ALLISON, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | **C.A. No.** _____ |
| | § | |
| **vs.** | § | **(Removed from the 93rd Judicial District** |
| | § | **Court of Hidalgo County, Texas)** |
| **WARNER LAMBERT COMPANY et al.,** | § | |
| | § | **Jury Demanded** |
| **Defendants.** | § | |

## Exhibit E

### ALL ORDERS SIGNED BY THE STATE JUDGE

Order Setting Hearing on Motion to Transfer Venue Set for 6/27/02 . . . . . . . . . . . . Exhibit E(1)
   ( A copy of the Court's Order was not contained in the District Clerk's
   file on May 14, 2002, when request for a copy of the same was made by
   the removing parties.  Please see copy of Civil Docket, attached hereto
   as E(1) for a record of the order.)

# Civil Docket

Court

**Case No. C-521-02-B**
Hidalgo County

May 14th, 2002
11:43am

## JOHN ALLISON ET AL. WARNER LAMBERT COMPANY

Filed : 03/14/2002
Status: Filed
Type: Other Civil

Judge
RODOLFO DELGADO

Court Reporter

| Date | Events & Orders of the Court | Volume | Page |
|------|------------------------------|--------|------|
| 03/14/02 | PLAINTIFF'S ORIGINAL PETITION | | |
| 04/10/02 | CITATION ISSUED TO WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER, INC., DR. FERNANDO BUESO, DR. GLOVER JOHNSON, DR. EERIC ORZEK, DR. AYAPRAKASH REDDY, DR. RAUL RIVERA, DR. SHELDON RUBENFIELD, DR. SANDRA SCURRIA, DR. DARRELL N. STEELE, DR. JEANINE H. THOMAS, DR. JORGE TREVINO SENT TO ATTORNEY ZOE B. LITTLEPAGE BY FED EX | | |
| 04/23/02 | CITATION ISSUED TO DR. GERARDO BUESO SENT TO ATTORNEY LITTLEPAGE AND ASSOCIATES | | |
| 04/23/02 | FIRST AMENDED PETITION, FILED. | | |
| 04/23/02 | NOTICE PLAINTIFF AUSTIN METZ'S NOTICE OF NONSUIT OF DEFENDANT FERNANDO BUESO, M.D., FILED. | | |
| 05/02/02 | MOTION DEFENDANT SANDRA SCURRIA, M.D.'S MOTION TO TRANSFER VENUE, FILED. | | |
| 05/02/02 | ANSWER SANDRA SCURRIA, M.D.'S ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE, FILED. | | |
| 05/02/02 | OTHER DEMAND FOR TRAIL BY JURY SUBJECT TO MOTION TO TRANSFER VENUE, FILED. | | |
| 05/02/02 | MOTION DEFENDANT GLOVER JOHNSON, M.D.'S MOTION TO TRANSFER VENUE, FILED. | | |
| 05/02/02 | ANSWER GLOVER JOHNSON, M.D.'S ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE, FILED. | | |
| 05/02/02 | OTHER DEMAND FOR TRIAL BY JURY SUBJECT TO MOTION TO TRANSFER VENUE, | | |

# Civil Docket

#### Court

| | |
|---|---|
| **Case No. C-521-02-B** | May 14th, 2002 |
| Hidalgo County | 11:43am |

| Date | | Volume | Page |
|---|---|---|---|

### Events & Orders of the Court (cont.)

**05/06/02** FILED.
MOTION
DEFENDANT AYAPRAKASH REDDY, M.D.'S MOTION TO TRANSFER VENUE
WITH ANSWER SUBJECT THERETO, FILED.

**05/06/02** ANSWER
ORIGINAL ANSWER OF DEFENDANT AYAPRAKASH REDDY, M.D., SUBJECT TO
HIS MOTION TO TRANSFER VENUE, FILED.

**05/06/02** MOTION
DEFENDANTS WARNER-LAMBERT COMPANY AND PFIZER INC.'S MOTION TO
TRANSFER VENUE, FILED.

**05/06/02** ANSWER
ORIGINAL  ANSWER OF WARNER-LAMBERT COMPANY SUBJECT TO ITS
MOTION TO TRANSFER VENUE, FILED.

**05/06/02** ANSWER
ORIGINAL ANSWER OF PFIZER INC. SUBJECT  TO ITS MOTION TO
TRANSFER VENUE, FILED.

**05/06/02** MOTION
ERIC ORZECK, M.D.'S MOTION TO TRANSFER VENUE AND ORIGINAL
ANSWER, FILED.

**05/06/02** NOTICE
PLAINTIFF GEARGIANNA BONNER'S NOTICE OF NONSUIT OF DEFENDANT
SHELDON RUBENFIELD, M.D., FILED.

**05/06/02** NOTICE
PLAINTIFF KATRINA WOOD'S NOTICE OF NONSUIT, FILED.

**05/07/02** ORDER SETTING HEARING
MTN TO TRANSFER VENUE SET FOR 6/27/02

**05/09/02** OTHER
DEFENDANT AYAPRAKASH REDDY, M.D.'S JURY DEMAND SUBJECT TO HIS
MOTION TO TRANSFER VENUE, FILED.

**05/09/02** CERTIFICATE
OF WRITTEN DISCOVERY SUBJECT TO DEFENDANT, AYAPRAKASH REDDY,
M.D.'S MOTION TO TRANSFER VENUE, FILED.

**05/13/02** MOTION
DEFENDANT SHELDON RUBENFELD, M.D.'S MOTION TO TRANSFER VENUE,
FILED.

**05/13/02** ANSWER
SHELDON RUBENFELD, M.D.'S ORIGINAL ANSWER SUBJECT TO MOTION TO
TRANSFER VENUE, FILED.

**05/13/02** OTHER
DEMAND FOR TRIAL BY JURY SUBJECT TO MOTION TO TRANSFER VENUE,
FILED.

**06/27/02** Mtn To Transfer Venue

DATE 5-14-02
A true copy I certify
PAULINE G. GONZALEZ
District Clerk  Hidalgo County Tex.

## Civil Docket

Court

**Case No. C-521-02-B**
Hidalgo County

May 14th, 2002
11:43am

### JOHN ALLISON ET AL.  WARNER LAMBERT COMPANY

Filed : 03/14/2002
Status: Filed
Type: Other Civil

Judge
RODOLFO DELGADO

Court Reporter

| Date | Events & Orders of the Court | Volume | Page |
|------|------------------------------|--------|------|
| 03/14/02 | PLAINTIFF'S ORIGINAL PETITION | | |
| 04/10/02 | CITATION ISSUED | | |
| | TO WARNER LAMBERT COMPANY, PARKE DAVIS DIVISION OF WARNER LAMBERT COMPANY, PFIZER, INC., DR. FERNANDO BUESO, DR. GLOVER JOHNSON, DR. EERIC ORZEK, DR. AYAPRAKASH REDDY, DR. RAUL RIVERA, DR. SHELDON RUBENFIELD, DR. SANDRA SCURRIA, DR. DARRELL N. STEELE, DR. JEANINE H. THOMAS, DR. JORGE TREVINO SENT TO ATTORNEY ZOE B. LITTLEPAGE BY FED EX | | |
| 04/23/02 | CITATION ISSUED | | |
| | TO DR. GERARDO BUESO SENT TO ATTORNEY LITTLEPAGE AND ASSOCIATES | | |
| 04/23/02 | FIRST AMENDED | | |
| | PETITION, FILED. | | |
| 04/23/02 | NOTICE | | |
| | PLAINTIFF AUSTIN METZ'S NOTICE OF NONSUIT OF DEFENDANT FERNANDO BUESO, M.D., FILED. | | |
| 05/02/02 | MOTION | | |
| | DEFENDANT SANDRA SCURRIA, M.D.'S MOTION TO TRANSFER VENUE, FILED. | | |
| 05/02/02 | ANSWER | | |
| | SANDRA SCURRIA, M.D.'S ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE, FILED. | | |
| 05/02/02 | OTHER | | |
| | DEMAND FOR TRAIL BY JURY SUBJECT TO MOTION TO TRANSFER VENUE, FILED. | | |
| 05/02/02 | MOTION | | |
| | DEFENDANT GLOVER JOHNSON, M.D.'S MOTION TO TRANSFER VENUE, FILED. | | |
| 05/02/02 | ANSWER | | |
| | GLOVER JOHNSON, M.D.'S ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE, FILED. | | |
| 05/02/02 | OTHER | | |
| | DEMAND FOR TRIAL BY JURY SUBJECT TO MOTION TO TRANSFER VENUE, | | |

# Civil Docket
### Court

**Case No. C-521-02-B**
**Hidalgo County**

May 14th, 2002
11:43am

| Date | | Volume | Page |
|------|---|--------|------|

### Events & Orders of the Court (cont.)

FILED.
**05/06/02 MOTION**
DEFENDANT AYAPRAKASH REDDY, M.D.'S MOTION TO TRANSFER VENUE
WITH ANSWER SUBJECT THERETO, FILED.
**05/06/02 ANSWER**
ORIGINAL ANSWER OF DEFENDANT AYAPRAKASH REDDY, M.D., SUBJECT TO
HIS MOTION TO TRANSFER VENUE, FILED.
**05/06/02 MOTION**
DEFENDANTS WARNER-LAMBERT COMPANY AND PFIZER INC.'S MOTION TO
TRANSFER VENUE, FILED.
**05/06/02 ANSWER**
ORIGINAL ANSWER OF WARNER-LAMBERT COMPANY SUBJECT TO ITS
MOTION TO TRANSFER VENUE, FILED.
**05/06/02 ANSWER**
ORIGINAL ANSWER OF PFIZER INC. SUBJECT TO ITS MOTION TO
TRANSFER VENUE, FILED.
**05/06/02 MOTION**
ERIC ORZECK, M.D.'S MOTION TO TRANSFER VENUE AND ORIGINAL
ANSWER, FILED.
**05/06/02 NOTICE**
PLAINTIFF GEARGIANNA BONNER'S NOTICE OF NONSUIT OF DEFENDANT
SHELDON RUBENFIELD, M.D., FILED.
**05/06/02 NOTICE**
PLAINTIFF KATRINA WOOD'S NOTICE OF NONSUIT, FILED.
**05/07/02 ORDER SETTING HEARING**
MTN TO TRANSFER VENUE SET FOR 6/27/02
**05/09/02 OTHER**
DEFENDANT AYAPRAKASH REDDY, M.D.'S JURY DEMAND SUBJECT TO HIS
MOTION TO TRANSFER VENUE, FILED.
**05/09/02 CERTIFICATE**
OF WRITTEN DISCOVERY SUBJECT TO DEFENDANT, AYAPRAKASH REDDY,
M.D.'S MOTION TO TRANSFER VENUE, FILED.
**05/13/02 MOTION**
DEFENDANT SHELDON RUBENFELD, M.D.'S MOTION TO TRANSFER VENUE,
FILED.
**05/13/02 ANSWER**
SHELDON RUBENFELD, M.D.'S ORIGINAL ANSWER SUBJECT TO MOTION TO
TRANSFER VENUE, FILED.
**05/13/02 OTHER**
DEMAND FOR TRIAL BY JURY SUBJECT TO MOTION TO TRANSFER VENUE,
FILED.
**06/27/02 Mtn To Transfer Venue**

DATE 5-14-02
A true copy I certify
PAULINE G. GONZALEZ
District Clerk  Hidalgo County, Tex.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JOHN ALLISON, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | **C.A. No. _____** |
| | § | |
| **vs.** | § | **(Removed from the 93rd Judicial District** |
| | § | **Court of Hidalgo County, Texas)** |
| **WARNER LAMBERT COMPANY et al.,** | § | |
| | § | **Jury Demanded** |
| **Defendants.** | § | |

## Exhibit G

### INDEX OF MATTERS BEING FILED

*Louis v. Wyeth-Ayerst Pharmaceuticals*, No. 5:00CV102LN
(W.D.Miss. Sept. 25, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit A

State Court Notification of Removal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit B

All Executed Process on File . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit C

Pleadings Asserting Causes of Action and All Answers to Such Pleadings . . . . . . . . . . Exhibit D

All Orders Signed by the State Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E

State Court Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F

Index of Matters Being Filed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit G

List of All Counsel of Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit H

Order Establishing the Judicial Panel on Multidistrict Litigation (MDL 1348) . . . . . . . Exhibit I

Dismissal filed in *Wakefield v. Warner Lambert Company,* Case No. CJ-2000-04654;
In the District Court in and for Tulsa County, Oklahoma . . . . . . . . . . . . . . . . . . . . . . Exhibit J

Excerpt from Plaintiff's Response to Defendant Michelle Orr's Motion for
Summary Judgment filed in, *Griggs et al. v. Warner-Lambert Company*,
Case No. CV100-3957CC; In the Circuit Court of Clay County, Missouri . . . . . . . . . . Exhibit K

Excerpt from Oral Hearing in *Adams et al. v. Warner-Lambert Company*,
C.A. No. 3-01CV1980-M (N.D.Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit L

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JOHN ALLISON, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | C.A. No. _____ |
| | § | |
| **vs.** | § | **(Removed from the 93rd Judicial District** |
| | § | **Court of Hidalgo County, Texas)** |
| **WARNER LAMBERT COMPANY et al.,** | § | |
| | § | **Jury Demanded** |
| **Defendants.** | § | |

## Exhibit H

## <u>LIST OF ALL COUNSEL OF RECORD</u>

1.    **Counsel for Plaintiffs:**

Zoe B. Littlepage, Esq.
SBN: 12430050
Chetna Gosain, Esq.
SBN: 24001435
Joshua H. Brockman, Esq.
SBN: 24012335
Brett Slobin, Esq.
SBN: 2402937
LITTLEPAGE & ASSOCIATES, P.C.
408 Westheimer
Houston, Texas 77006
Telephone: (713) 529-8000
Facsimile: (713) 529-8044

2.    **Counsel for Defendants Warner-Lambert Company and Pfizer Inc.:**

Jack E. Urquhart
SBN: 20415600
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

3.      **Counsel for Defendant Gerardo Bueso, M.D.**

        Unknown.

4.      **Counsel for Glover Johnson, M.D.**

        Ann P. Watson
        SBN:  20932900
        Raymond A. Neuer
        SBN: 14928350
        James W.K. Wilde
        SBN: 21458200
        SHEEHY, SERPE & WARE
        2500 Two Houston Center
        909 Fannin
        Houston, Texas 77010-1003
        Telephone: (713) 951-1103
        Facsimile: (713) 951-1199

4.      **Counsel for Defendant Eric Orzeck, M.D.**

        Michael L. Hurst
        SBN: 10316320
        Frank Alvarez
        SBN: 00796122
        HERMES SARGENT BATES L.L.P.
        1717 Main Street, Suite 3200
        Dallas, Texas 75201
        Telephone: (214) 658-6500
        Facsimile: (214) 658-6300

5.      **Counsel for Defendant Ayaprakash Reddy, M.D.**

        Jose L. Gamez
        SBN: 07607100
        MEREDITH, DONNELL & ABERNATHY
        Water Tower Centre
        612 Nolana, Suite 560
        McAllen, Texas 78504
        Telephone: (956) 618-4477
        Telecopier: (956) 618-4557

6.      **Counsel for Defendant Raul Rivera, M.D.**

        Unknown.

7.      **Counsel for Defendant Sandra Scurria, M.D.**

Ann P. Watson
SBN:  20932900
Raymond A. Neuer
SBN: 14928350
James W.K. Wilde
SBN: 21458200
SHEEHY, SERPE & WARE
2500 Two Houston Center
909 Fannin
Houston, Texas 77010-1003
Telephone: (713) 951-1103
Facsimile: (713) 951-1199

8.    **Counsel for Defendant Darrell N. Steele, M.D.**

Unknown.

9.    **Counsel for Defendant Jeanine H. Thomas, M.D.**

Unknown.

10.   **Counsel for Jorge Trevino, M.D.**

Unknown.

*DOCKET NO. 1348*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE REZULIN PRODUCTS LIABILITY LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of nineteen actions pending in the following federal districts: six actions in the Central District of California; two actions in the Southern District of Ohio; and one action each in the Northern District of Alabama, District of the District of Columbia, Northern District of Iowa, Southern District of Iowa, Eastern District of Louisiana, District of Massachusetts, District of New Jersey, Northern District of Ohio, Eastern District of Pennsylvania, Western District of Pennsylvania, and District of South Carolina.[1] Before the Panel are the following two motions: plaintiff in a Central California action seeks centralization of actions in this litigation, pursuant to 28 U.S.C. §1407, in either that district or the Southern District of Ohio; and plaintiffs in the Northern District of Ohio and Northern District of Alabama actions seek centralization in either of those two districts. Most responding plaintiffs support centralization, although they disagree regarding the most appropriate transferee district for this litigation. Defendant Warner-Lambert & Co. (Warner-Lambert) and plaintiffs in three tag-along actions oppose Section 1407 centralization. If the Panel deems centralization appropriate, Warner-Lambert suggests the Eastern District of Michigan as transferee district. In addition to these five suggested transferee

---

[1] Five of the Central California actions, one of the Southern District of Ohio actions, and the District of Columbia, Northern District of Iowa, Southern District of Iowa, Eastern District of Louisiana, District of Massachusetts, Eastern District of Pennsylvania, Western District of Pennsylvania and District of South Carolina actions were not included in the Section 1407 motions in this docket, but are now included in our transfer order, because all parties to these actions have stated in writing their respective positions and had the opportunity to present oral argument at the Panel's May 19, 2000, hearing in this matter.

The Panel has also been notified that 29 additional potentially related actions are pending as follows: nine actions in the Southern District of Mississippi; four actions in the District of New Jersey; two actions each in the Northern District of Alabama and Central District of California; and one action each in the District of Idaho, District of Kansas, Middle District of Louisiana, District of Massachusetts, Eastern District of Michigan, Western District of Missouri, Northern District of Mississippi, Eastern District of New York, Southern District of New York, Northern District of Ohio, District of Puerto Rico, and Northern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).

districts, seven others have been proposed by various plaintiffs, usually in the district where each plaintiff filed an action.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because all actions focus on alleged adverse effects of Rezulin, a drug used to treat type 2 diabetes, and the conduct of defendant Warner-Lambert (and its subsidiary Parke-Davis Corp.) concerning Rezulin's manufacture, testing and marketing. Earlier this year, Warner-Lambert withdrew Rezulin from the market because the Food and Drug Administration concluded that Rezulin posed too high a risk of severe liver toxicity. In addition, many of the actions are brought on behalf of purported nationwide classes of Rezulin users. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings (such as those regarding class certification), and conserve the resources of the parties, their counsel and the judiciary.

Warner-Lambert acknowledged during oral argument before the Panel that Section 1407 coordination would produce efficiencies. Nevertheless, Warner-Lambert worries about the potential filing of relatively weak claims. We commend Warner-Lambert's acknowledgment of the practical benefits of Section 1407 transfer. We are confident, however, that the transferee judge can streamline the entire pretrial proceedings, while concomitantly directing the appropriate resolution of all claims.

Opponents of transfer argue that the presence of individual questions of fact militate against 1407 transfer. We are unpersuaded by this argument. Indeed, we point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 181 F.R.D. 1, 11-13 (1998).

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on prudent course. By centralizing this litigation in the Southern District of New York before Judge Kevin Thomas Duffy, an experienced transferee judge for multidistrict litigation, we are assigning this litigation to a seasoned jurist with a low caseload.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the

- 3 -

attached Schedule A be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Kevin Thomas Duffy for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

John F. Nagle
Chairman

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

MARY ROSE WAKEFIELD,                 )
Individually, as Personal Representative, )
Trustee, Executor of the Estate of     )
MICHAEL HOLMES WAKEFIELD,         )
and MARY LOUISE WAKEFIELD,        )
                                     )
                    Plaintiffs,     )
                                     )
v.                                   )     No. CJ-2000-04654-Bubenik
                                     )
WARNER-LAMBERT COMPANY;         )
PARKE-DAVIS DIVISION OF          )
WARNER LAMBERT COMPANY, and    )
PFIZER, INC.; and SIMON LEVIT,      )
M.D., and his professional corporation,  )
professional association, partnership,   )
unincorporated association or other    )
business entity,                      )
                                     )
                    Defendants.    )

**DISTRICT COURT**
**F I L E D**
MAR - 4 2002
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

**DISMISSAL**

Plaintiffs hereby dismisses all causes of action against Defendant Simon Levit, M.D., with prejudice. This dismissal does not resolve any of Plaintiff's claims against any other Defendant in this action.

Rainey Booth,
Zoe Littlepage
Littlepage & Booth
240 East Intendencia Street
Pensacola, FL 32501

And

Renee Williams, OBA # 13061
125 W. Third Street
Tulsa, OK 74103
Attorneys for Plaintiffs

## CERTIFICATE OF MAILING

This is to certify that on this, the _____ day of March, 2002, a true, correct, and exact copy of the above and foregoing instrument was hand-delivered to the following:

Daniel E. Holeman
Jennifer R. Annis
525 S. Main
Suite 1500
Tulsa, OK 74103
Attorneys for Defendant Levit

Richard M. Eldridge
Tom Steichen
P. O. Box 3566
Tulsa, OK 74101-3566
Attorneys for Defendant Warner-Lambert

_____

192/74/dwop.jrs

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

SHIRLEY GRIGGS, et al.                    )
                    Plaintiffs            )
                                          )          Case No. CV100-3957CC
v.                                        )
                                          )
WARNER-LAMBERT COMPANY, et al             )
                    Defendants            )

### PLAINTIFFS' RESPONSE TO DEFENDANT MICHELLE ORR'S MOTION FOR SUMMARY JUDGEMENT OF OCTOBER 11, 2001

COMES NOW Plaintiffs and files this Response to Defendant Michelle Orr's Motion for Summary Judgment of October 11, 2001 and would state and allege unto the Court as follows:

### I.    Plaintiffs' Response

At this time, Plaintiffs cannot present an expert witness for deposition or trial testimony to support their claims against Dr. Orr.  Plaintiffs thus cannot oppose Dr. Orr's Motion for Summary Judgment and request that this Court enter an Order dismissing Dr. Orr from this case as a matter of law and prohibiting any party from asserting that Dr. Orr committed malpractice, breached the standard of care, or is responsible in any way for Plaintiffs' injuries.

### II.    Plaintiff waives oral hearing on this matter

Plaintiffs waive the necessity of an oral hearing in this matter and agree that the Court can rule on this issue based solely upon the pleadings filed.

WHEREFORE, the Plaintiffs pray that this Court grant Defendant Orr's Motion for Summary Judgment, that each party bear its own costs, and grant Plaintiffs all other relief to which Plaintiffs are hereby entitled.

Respectfully submitted,

LITTLEPAGE & ASSOCIATES, P.C.

Zoe B. Littlepage # 12430050
Chetna Gosain, # 24001438
Joshua Brockman, #24012335
408 Westheimer
Houston, Texas 77006
(713) 529-8000
(713) 529-8044 Facsimile

AND

LAW OFFICES OF G. SPENCER MILLER, L.L.C.
G. Spencer Miller, #22810
207 N.E. 72nd Street
Suite A
Gladstone, MO 64118
(816) 468-1010
(816) 468-1112 Facsimile

ATTORNEYS FOR PLAINTIFFS

<u>Certificate of Service</u>

I hereby certify that copies of the foregoing were sent via facsimile and regular mail on this 12th day of October 2001 to:

Mr. Scott Seyler
Mr. Steve Thomas
Shook, Hardy & Bacon, L.L.P.
One Kansas City Place, 1200 Main
Kansas City, MO 64105.
Facsimile: (816) 421-5547

Mr. Brian Niceswanger
McDowell, Rice, Smith & Gaar, P.C.
The Skelly Building
605 West 47th Street
Kansas City, MO 64112
Facsimile: (816) 753-9996

Joshua H. Brockman

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

SHIRLEY GRIGGS, et al.  )
       Plaintiffs  )
                      )   Case No. CV100-3967CC
                      )
v.  )
                      )
WARNER-LAMBERT COMPANY, et al  )
       Defendants  )

### ORDER GRANTING DEFENDANT DR. ORR'S MOTION FOR SUMMARY JUDGMENT

NOW on this _____ day of October, 2001, came before this Court, Defendant Michelle Orr, M.D.'s Motion for Summary Judgment. The Court, after consideration and review of the pleadings, hereby GRANTS this motion and ADJUDGES, DECREES and ORDERS that Dr. Orr is dismissed from this case as a matter of law and that no party may assert that Dr. Orr committed malpractice, breached the standard of care, or is responsible in any way for Plaintiffs' injuries. Each party will bear their own costs.

IT IS SO ORDERED.

Dated: _____            _____
                                    Honorable James Welsh

```
 1                IN THE UNITED STATES DISTRICT COURT
 2               FOR THE NORTHERN DISTRICT OF TEXAS
                           DALLAS DIVISION
 3
     JOHNNY ADAMS, et al.          (   CIVIL ACTION NUMBER
 4                                 (
                 Plaintiff,        (
 5                                 (   3:01-CV-1980-M
     VERSUS                        (
 6                                 (
     WARNER-LAMBERT COMPANY et al. (   November 20, 2001
 7                                 (
                 Defendant.        (   12:00 p.m.
 8
 9               TRANSCRIPT OF MOTION HEARING
            BEFORE THE HONORABLE BARBARA M.G. LYNN
10               UNITED STATES DISTRICT JUDGE
11   A P P E A R A N C E S:
12   FOR THE PLAINTIFF:        CHETNA GOSAIN
                               LITTLEPAGE & ASSOCIATES P.C.
13 ,                           408 Westheimer Street
                               Houston, Texas 77006
14                                  713.529.1988
15
     FOR THE DEFENDANT:        JEFFERY T. NOBELS
16                             MICHAEL LYONS
                               BEIRNE MAYNARD & PARSONS L.L.P.
17                             1300 Post Oak Boulevard
                               Suite 2500
18                             Houston, Texas 77056
                                    713.960.7340
19
20   COURT REPORTER:          P. SUE ENGLEDOW RPR/CSR NO. 1170
                              P.O. Box 50711
21                             Dallas, Texas 75250
                                    214.753.2325
22
          Proceedings reported by mechanical stenography,
23   transcript produced by computer.
24
25
```

1    pleadings which, if any of them, actually purchased from HEB.

2    And that their failure to do so certainly leads one to suspect

3    that many, if not all, save Mr. Phenix, did not in fact

4    purchase from HEB.

5         The Court concludes that there is either a misjoinder, as

6    that terminology has been used in other litigation, including

7    Tap Scott versus M.S. Dealer Service Corporation 77 F.3d 1353,

8    from the Eleventh Circuit in 1996; or alternatively, the

9    misjoinder as it is analyzed by Judge Kaplan in in re Rezulin

10   products liability litigation, the slip opinion dated

11   October 17th, 2001.  Judge Kaplan found that -- actually he

12   discussed the subject of whether he had to find egregious

13   misjoinder, concluded he did not.

14        The Court finds here that there is either a misjoinder;

15   or alternative, to the extent the Fifth Circuit were to deem

16   necessary, an egregious misjoinder.  And alternatively, the

17   Court finds that there is a fraudulent joinder of HEB since

18   the face of the pleading itself does not provide any basis for

19   the assertion of a legal cause of action against HEB, because

20   this Court concludes, without addressing the subject of

21   learned intermediary, and the other substantive arguments that

22   the defendant has asserted, that there must be at a minimum an

23   allegation of a purchase by the plaintiffs from HEB in order

24   to state a claim against HEB.  And the Court concludes that

25   that was the responsibility of the plaintiffs to plead, and

1                    C E R T I F I C A T E:

2

3        I, P. Sue Engledow RPR/CSR, certify that the foregoing is

4    a transcript from the record of the proceedings in the

5    foregoing entitled matter.

6        I further certify that the transcript fees format comply

7    with those prescribed by the Court and the Judicial Conference

8    of the United States.

9        This the 4th day of December, 2001.

10

11

12

13
                                    _____

                                    P. SUE ENGLEDOW RPR/CSR No. 1170

14                                  Official Court Reporter

                                    The Northern District of Texas

15                                       Dallas Division

16

17

18

19   My CSR license expires:  December 31, 2001

20   Business address:  P.O. Box 50711

                        Dallas, Texas 75250

21

     Telephone Number:  214.753.2325

22

23

24

25